

SAXENA WHITE

12750 High Bluff Drive  I  Suite 475  I  San Diego, CA 92130

March 30, 2020

**VIA ECF**

Honorable Gary R. Brown
United States District Judge
United States District Court for the Eastern District of New York
100 Federal Plaza, Courtroom 840
Central Islip, NY 11722-9014

> Re: *City of Hollywood Police Officers' Retirement Systems et al. v.*
> *Henry Schein, Inc. et al.*, No. 2:19-cv-5530 (GRB) (RLM) (E.D.N.Y.)

Dear Judge Brown:

We represent Lead Plaintiff City of Hollywood Police Officers' Retirement System in the above-referenced matter and, in accordance with the Court's March 20, 2020 Scheduling Order, submit this response to the Covetrus Defendants' March 19, 2020 letter brief (ECF No. 31). As set forth below, Defendants' request to dismiss the Complaint (ECF No. 23) should be denied.

The Complaint is a well-pled document that adequately alleges claims for securities fraud under the Securities Exchange Act of 1934 and the Private Securities Litigation Reform Act of 1995. Covetrus was created in February 2019 when Henry Schein spun off its Henry Schein Animal Health business ("HSAH") and combined it with Vets First Choice, Inc. ("VFC"), a relatively small private company. For Covetrus to succeed as a standalone public company, it was critical that VFC and HSAH be well integrated from the time of Covetrus's launch. The Complaint alleges in detail a series of knowing, material misstatements by Defendants claiming that a successful integration had been achieved. Defendants represented, for example, that Covetrus was operating as "one integrated organization" on "day 1" of its launch; its pharmacy software platform was "hardwired" into the supply chain and distribution software; its three sales organizations had been integrated into "a now tightly integrated, stood-up, aligned group"; and the "deep integration" had translated into rising sales and put Covetrus into "share-gaining mode." ¶¶115-51.

Defendants' own subsequent admissions (¶¶97-101) and detailed accounts by Covetrus's former employees (¶¶44-88) amply demonstrate that such statements were materially false and misleading when made. In direct contrast to Defendants' false statements (¶¶115-51), Covetrus was "absolutely not integrated" (¶60; *see generally* ¶¶44-75, 82); Covetrus did not even have plans for integration (¶¶43-69); Covetrus's lacking integration and dilapidated supply chain had lowered sales (¶¶44-54, 70-88); and Covetrus had already lost key revenue streams (¶¶83-84).

On August 13, 2019, the Company reported on its very first full quarter as a standalone entity, disclosing disastrous financial results largely due to its lack of integration. ¶¶97-101. In response, Covetrus's stock price plummeted by 47% (¶102) and securities analysts specifically questioned Defendants' integrity and credibility (¶¶103-08). Given the intentional deceit, Covetrus committed to "rebuild[ing] trust with our investors and the analyst community," and terminated Defendants Shaw and Komola in short order. ¶¶109-13.

March 30, 2020 – Page 2

In response to these well-pled facts, Defendants' letter brief distorts the Complaint to urge dismissal as a matter of law at the pleading stage. Citing just a single paragraph of the Complaint, Defendants wrongly assert that the allegations are "conclusor[y]" "fictional allegations of fraud." Defendants' main contention is that the claims are based on forward-looking statements. In truth, Defendants made concrete, affirmative misstatements of then-existing and historical fact, including that Covetrus had in fact "achieved a deep integration." *E.g.*, ¶¶139, 144, 147, 151. Defendants also misstated existing facts when, for instance, they represented that Covetrus had "a now tightly integrated, stood-up, aligned group [of salespeople] that's now representing the total scope of our capabilities," and promoted "the improved top line performance in Q2 thus far." ¶¶138, 148. Such statements intentionally concealed that Covetrus remained fragmented and thoroughly unintegrated; actual integration would take *years*; and sales were "tanking." *See generally* ¶¶44-88. Each one of Defendants' statements was false or misleading when made. ¶¶115-51.

Defendants also contend that certain "warnings" protect them from liability. But Defendants' boilerplate "cautionary language" was not meaningful and they explicitly contradicted it through strident affirmations that total integration had been "achieved." *See Freudenberg v. E\*Trade Fin. Corp.*, 712 F. Supp. 2d 171, 194 (S.D.N.Y. 2010) ("Defendants' misleading … statements are alleged to have contradicted, and thus, nullified any risk disclosures."). Defendants cannot avoid liability by "warning" of events that have already occurred. *See In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*, 763 F. Supp. 2d 423, 495 (S.D.N.Y. 2011) ("'to caution that it is only possible for … unfavorable events to happen when they have already occurred is deceit'"). Given that Defendants' statements concerned present and historical facts, their invocation of the limited "fraud by hindsight" doctrine, which regards a "'failure to predict,'" fails. *E\*Trade*, 712 F. Supp. 2d at 191; *see In re Salix Pharm., Ltd.*, 2016 WL 1629341, at \*17 (S.D.N.Y. Apr. 22, 2016) ("Courts often reject an incantation of fraud-by-hindsight when plaintiffs allege that 'the company failed to take into account information that was available to it'….").

Defendants also take a "kitchen sink" approach in urging dismissal based on a slew of other arguments. None apply here, and, indeed, Defendants do not tie them to *any* of the actual allegations. In brief, (1) the "bespeaks caution" doctrine does not apply because the vast majority of Defendants' statements concerned the past and present state of Covetrus's business, including HSAH and VFC's integration (*e.g.*, *In re MF Glob. Holdings Ltd. Sec. Litig.*, 982 F. Supp. 2d 277, 304 (S.D.N.Y. 2013) ("bespeaks caution" doctrine "does not apply where a statement 'communicate[s] present or historical fact'")); (2) far from "puffery," Defendants' misstatements were highly material (*e.g.*, *E\*Trade*, 712 F. Supp. 2d at 181 n.3, 189-91 (materiality "'is generally inappropriate for determination at the pleading stage'")); (3) Covetrus's warnings were not meaningful, as explained above; (4) the Complaint pleads a strong inference of Defendants' scienter (*e.g.*, ¶¶152-75); (5) Defendants omitted highly material facts showing that their statements were false and misleading (¶¶43-88, 97-101, 114); and (6) the Complaint amply alleges loss causation (¶¶176-80; *see Ontario Teachers' Pension Plan Bd. v. Teva Pharm. Indus. Ltd.*, 2019 WL 4674839, at \*25 (D. Conn. Sept. 25, 2019) ("The 'burden to plead loss causation is not a heavy one .…'")).

Defendants' letter brief also mentions false and misleading statements made solely by Henry Schein and Defendant Paladino. The Complaint, however, does not allege that Covetrus, Defendant Shaw, or Defendant Komola are liable for such statements.

In sum, the Complaint's detailed allegations easily meet the pleading requirements. Lead Plaintiff respectfully submits that Defendants' letter brief should be construed as the motion itself, and the motion should be denied. *In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir. 2011).

March 30, 2020 – Page 3

Respectfully Submitted,

David R. Kaplan

cc: All Counsel of Record (via ECF)