**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CITY OF HOLLYWOOD POLICE OFFICERS' RETIREMENT SYSTEM and PEMBROKE PINES PENSION FUND FOR FIREFIGHTERS AND POLICE OFFICERS, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br> v. <br><br> HENRY SCHEIN, INC., COVETRUS, INC., STEVEN PALADINO, BENJAMIN SHAW, and CHRISTINE T. KOMOLA, <br><br> Defendants. | Case No. <br> 2:19-cv-5530 (GRB)(RLM) <br><br><br> CLASS ACTION |

**LEAD PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Lead Plaintiffs hereby give notice of the court's recent decision in *In re Resideo Techs., Inc., Sec. Litig.*, 2021 WL 1195740 (D. Minn. Mar. 30, 2021) ("*Resideo*"), attached as Exhibit A, as supplemental authority in support of Lead Plaintiffs' Opposition ("Opp.," ECF No. 45-23) to Defendants' motions to dismiss ("Motions," ECF Nos. 44, 45) the Lead Plaintiffs' Amended Consolidated Class Action Complaint ("Complaint," ECF No. 41).

*Resideo* is a securities fraud class action involving similar claims, factual allegations, and disputed issues to those at issue here.  Both cases involve the launch of publicly traded spin-off companies that were comprised of disparate businesses and saddled with massive liabilities by their former parent companies.  Plaintiffs in both cases allege that defendants misrepresented and concealed from investors supply chain deficiencies and other significant issues in the operations of these ailing business units that existed and were known to, or recklessly disregarded by, defendants both before and after the spin-offs.  Plaintiffs in both cases further allege that defendants knowingly misrepresented the products and capabilities of the combined companies after the respective spin-offs, and further misled investors by issuing false earnings guidance for these newly public companies.  When the truth about these matters emerged, the stock prices of the defendant spin-off companies declined, the senior executives who made the alleged misstatements were replaced, and new management teams revealed additional adverse facts about the matters their predecessors allegedly misrepresented to investors.  *Compare* Opp. at 6-15, 45, 53 *with* Ex. A at 2-3, 9-11, 14-15.

The *Resideo* court denied defendants' motion to dismiss in its entirety and, in so doing, rejected numerous arguments similar to those made by Defendants here in their pending Motions. For example, the *Resideo* court: (i) rejected defendants' contention that certain of their statements were protected under the PSLRA's safe harbor for "forward-looking" statements, finding the safe

1

harbor inapplicable because "[d]efendants knew that material issues *existed* when [d]efendants disclosed that those material issues *might* occur" (*see* Ex. A at 11); (ii) rejected defendants' contention that plaintiffs' claims were nothing more than "fraud by hindsight," finding that "Resideo's executives knew or should have known that Resideo's statements were false" based on, *inter alia*, plaintiffs' well-pled allegations concerning the accounts of multiple confidential witnesses with relevant knowledge of the fraud that "corroborate one another" (*id.* at 12, 14 n.5); and (iii) rejected defendants' contention that plaintiffs' complaint failed to adequately allege scienter, finding a "cogent and compelling" scienter inference based on "[t]he statements of the confidential witnesses, combined with the concealment allegations and the rapid discovery of undisclosed problems" by new management. *Id.* at 15. The *Resideo* court also rejected defendants' purported non-fraudulent inference that Resideo's stock price fell because it simply "encountered challenges" often faced by new companies. *Id.*

Defendants make similar arguments here, and they should be rejected for the same reasons as in *Resideo*. *See* Opp. at 19-24, 50 (addressing Defendants' safe harbor argument), 43 (addressing Defendants' "fraud by hindsight" argument), and 32-43, 52-54 (addressing Defendants' scienter arguments). Given the many factual and legal similarities between this case and *Resideo*, Lead Plaintiffs respectfully request that this Court consider the *Resideo* decision in adjudicating Defendants' pending Motions.

Dated: April 13, 2021                                    Respectfully submitted,

                                                        */s/ David Kaplan*

                                                        **SAXENA WHITE P.A.**
                                                        David R. Kaplan (admitted *pro hac vice*)
                                                        12750 High Bluff Drive, Suite 475
                                                        San Diego, CA 92130
                                                        Telephone: (858) 997-0860
                                                        Facsimile: (858) 369-0096

2

Email: dkaplan@saxenawhite.com

Steven B. Singer
10 Bank Street, 8th Floor
White Plains, NY 10606
Telephone: (914) 437-8551
Facsimile: (888) 631-3611
Email: ssinger@saxenawhite.com

Joseph E. White, III (*pro hac vice* forthcoming)
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Telephone: (561) 394-3399
Facsimile: (561) 394-3382
Email: jwhite@saxenawhite.com

*Counsel for Lead Plaintiffs City of Hollywood Police Officers' Retirement System and Pembroke Pines Pension Fund for Firefighters and Police Officers*

**KLAUSNER KAUFMAN JENSEN & LEVINSON**
Robert D. Klausner (pro hac vice forthcoming)
7080 Northwest 4th Street
Plantation, Florida 33317
Telephone: (954) 916-1202
Facsimile: (954) 916-1232
Email: bob@robertdklausner.com

*Additional Counsel for Plaintiff City of Hollywood Police Officers' Retirement System*

3

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List via the Court's filing system.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 13th day of April 2021.

*/s/ David R. Kaplan*
**SAXENA WHITE P.A.**
David R. Kaplan
12750 High Bluff Drive, Suite 475
San Diego, CA 92130
Telephone: (858) 997-0860
Facsimile: (858) 369-0096
Email: dkaplan@saxenawhite.com

4