**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

<table>
<tr><td>

CITY OF HOLLYWOOD POLICE
OFFICERS RETIREMENT SYSTEM and
PEMBROKE PINES PENSION FUND FOR
FIREFIGHTERS AND POLICE OFFICERS,
Individually and on Behalf of All Others
Similarly Situated,

       Plaintiffs,

       v.

HENRY SCHEIN, INC., COVETRUS, INC.,
STEVEN PALADINO, BENJAMIN SHAW,
and CHRISTINE T. KOMOLA,

       Defendants.

</td><td>

C.A. No. 2:19-cv-05530 (GRB)(RLM)

</td></tr>
</table>

**COVETRUS DEFENDANTS' RESPONSE TO**
**LEAD PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants Covetrus, Inc., Benjamin Shaw, and Christine T. Komola (the "Covetrus Defendants") hereby respond to Plaintiffs' Notice of Supplemental Authority ("Notice") (ECF No. 50) regarding *In re Resideo Technologies, Inc., Securities Litigation*, 2021 WL 1195740 (D. Minn. Mar. 30, 2021). That out-of-circuit decision is of no help to Plaintiffs here because: (1) its ruling respecting the PSLRA's safe harbor for forward-looking statements is inconsistent with Second Circuit law; and (2) it is factually distinguishable.[1]

Contrary to Second Circuit law, *Resideo*'s ruling on the PSLRA safe harbor (2021 WL 1195740 at *5) entirely ignores the first prong of the PSLRA's two-prong test and incorrectly "conflate[s] the actual knowledge and meaningful cautionary language prongs" of the test. *Gray*

---

[1] Capitalized terms not otherwise defined shall have the meanings given in Covetrus Defendants' Memorandum of Law in Support of their Motion to Dismiss (the "MTD Memo") (ECF No. 45-1) and Reply in Support of their Motion to Dismiss ("MTD Reply") (ECF No. 45-24).

*v. Wesco Aircraft Holdings, Inc.*, 454 F. Supp. 3d 366, 394 (S.D.N.Y. 2020).  Under governing Second Circuit law, "[e]ither cautionary language or an absence of knowledge is alone sufficient to trigger the safe harbor." *Id.* at 395. Here, the challenged forward-looking statements are immune from liability under the PSLRA safe harbor's first prong, because they were accompanied by meaningful cautionary language.  MTD Memo 8-15; MTD Reply 4-8.  In addition, they are also not actionable under the second prong, because the Complaint fails to allege actual knowledge of falsity with the particularity that Second Circuit law requires.  MTD Memo 15-16; MTD Reply 8.

*Residio* is also distinguishable for several reasons, rendering it inapposite here.  To begin, *Residio* does not even involve the merger of two companies, let alone the central issue in this case, *i.e.*, whether the challenged statements regarding the "integration" of two companies, when read in context, can constitute actionable misrepresentations of material fact.  They cannot, as a wealth of authority makes clear.  MTD Memo 16-18 & n.17; MTD Reply 8-10 & n.17.

In addition, the *Residio* plaintiffs' factual allegations respecting scienter bear no similarity to those here.  Indeed, *Resideo* highlights what is missing from the Complaint in the instant action: particularized factual allegations supporting a strong inference of scienter.

The *Resideo* court deemed sufficient three categories of scienter allegations – all of which are absent here.  First, the *Resideo* court relied on "interview summaries" from multiple confidential witnesses, and those confidential witnesses were alleged to have *personal knowledge* of the defendants' "knowledge of the relevant information that the Defendants failed to disclose to the public." 2021 WL 1195740, at *6 & n.5.  Here, none of Plaintiffs' confidential witnesses are alleged to have any personal knowledge regarding what any Covetrus Defendant knew about the Company's financial guidance or status of integration efforts or any other matter, at any time, which is fatal under Second Circuit law.  MTD 29-35; MTD Reply 16-17.

Second, the *Resideo* court placed great weight on the plaintiffs' detailed allegations regarding "Defendants' intent to deceive based on concealment." 2021 WL 1195740, at *6. The complaint there alleged that the defendants "advised Resideo employees to discuss 'adverse news' and 'potentially damaging' information using the messaging application WhatsApp to avoid discovery, because email messages are less secure and 'easily discoverable.'" The Complaint here lacks any such concealment allegations. Third, the *Resideo* plaintiffs alleged that the company's new CFO "discover[ed] severe problems within Resideo immediately after the individual Defendants' departure." 2021 WL 1195740, at *6. Here, while Plaintiffs make allegations regarding certain post-Class Period statements by Covetrus CEO Benjamin Wolin, Plaintiffs make no allegations regarding any "rapid discovery of undisclosed problems," by Mr. Wolin or anyone else. *Id.* Moreover, when read in their entirety and in context, Mr. Wolin's actual post-Class Period statements do not conflict with any of the challenged statements. MTD Memo 4, 22-23; MTD Reply 18-20; 13-14. Likewise distinguishable is the *Resideo* court's basis for finding the inference of scienter compelling. *See* 2021 WL 1195740 at *7. The plaintiffs there alleged that "Resideo was assembled from a 'hodgepodge of random' Honeywell business units, creating an inference that the common characteristic of these business units was not their business similarities but, rather, their liabilities," which allegedly gave rise to the post-spin-off losses at issue. *Id.* By contrast, here, Henry Schein, Inc. did not spin off a "hodgepodge of random" companies, but rather all of its related animal health businesses, which then merged with another company in the animal health industry, VFC. *See* Compl. (ECF No. 41) ¶ 27. Unlike *Resideo*, nothing about the transaction at issue here supports any inference of scienter. For these many reasons, Plaintiffs' scienter allegations here bear no relation to those held sufficient in *Resideo*.[2]

---

[2] Notably, Plaintiffs here fail to cite any document, communication, conversation, or meeting to

In sum, *Resideo* provides no support for denying Defendants' Motions to Dismiss (ECF Nos. 44, 45) under controlling Second Circuit law.

Dated:  April 21, 2021                                    Respectfully submitted,

                                                          /s/ *Jordan D. Hershman*
                                                          Jordan D. Hershman
                                                          Jason D. Frank
                                                          Emily E. Renshaw
                                                          **MORGAN, LEWIS & BOCKIUS LLP**
                                                          101 Park Avenue
                                                          New York, NY 10178
                                                          Tel: (202) 309-6000
                                                          Fax: (202) 309-6001
                                                          jordan.hershman@morganlewis.com
                                                          jason.frank@morganlewis.com
                                                          emily.renshaw@morganlewis.com

                                                          *Counsel for Defendants Covetrus, Inc.,*
                                                          *Benjamin Shaw, and Christine T. Komola*

---

support the contention that any Defendant made a single statement that was knowingly or recklessly false or misleading when made, as controlling law requires.  MTD Memo 29-35; MTD Reply 16-17.