**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

CITY OF HOLLYWOOD POLICE
OFFICERS RETIREMENT SYSTEM and
PEMBROKE PINES PENSION FUND FOR
FIREFIGHTERS AND POLICE OFFICERS,
Individually and on Behalf of All Others
Similarly Situated,

        Plaintiffs,

        v.

HENRY SCHEIN, INC., COVETRUS, INC.,
STEVEN PALADINO, BENJAMIN SHAW,
and CHRISTINE T. KOMOLA,

        Defendants.

C.A. No. 2:19-cv-05530 (GRB)(RLM)

**COVETRUS DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants Covetrus, Inc., Benjamin Shaw, and Christine T. Komola (the "Covetrus Defendants") respectfully submit *In re Diebold Nixdorf, Inc., Sec. Lit.*, No. 19-6180, 2021 WL 1226627 (S.D.N.Y. Mar. 30, 2021) (Preska, J.) (attached as **Exhibit A**) and *In re Nokia Corp. Sec. Lit.*, No. 19-3982, 2021 WL 1199030 (S.D.N.Y. Mar. 29, 2021) (Carter, J.) (attached as **Exhibit B**) as supplemental authority in support of their Motion to Dismiss (ECF No. 45) the Amended Consolidated Class Action Complaint (ECF No. 41).  These two decisions dismissed highly similar securities complaints and underscore Plaintiffs' failure to satisfy the governing pleading standard.

As here, the plaintiffs in *Diebold* and *Nokia* accused company officials of "paint[ing] an unjustifiably positive picture" of the companies' post-merger integration efforts.  *Diebold*, 2021 WL 122627, at *2.  The *Diebold* defendants, for example, described the merger as enabling the company to "leverag[e] a stronger, fully aligned global sales force," and they explained that "initial sales integration issues were 'all … in the rear-view mirror' because, 'for the first time, the sales

team is fully aligned around our goals, quotas, and account plans.'" *Id.* The *Nokia* defendants likewise characterized their company as "effectively moving beyond the integration effort" and described "the integration" as being "behind us," "'complete' and 'successful,'" and having gone "beautifully." *Nokia*, 2021 WL 1199030, at *15, *17.

Following the same cases that the Covetrus Defendants have highlighted, these decisions recognize that plaintiffs "cannot leverage … general expressions of corporate optimism about [a] merger" into securities fraud claims just because the merger "proved to be more complex, and less lucrative, than its senior executives initially thought it would be." *Diebold*, 2021 WL 1226627, at *12.  Judge Preska found the challenged statements in *Diebold* to be "vague statements of corporate optimism" and non-actionable opinions—and she rejected plaintiffs' assertions that they were misleading "half-truth[s]" because there, as here, the defendants "offered cautionary statements to temper their optimism." *Diebold*, 2021 WL 1226627, at *9-10.  Judge Carter spotted the same problem: "statements touting the progress of the integration as 'complete' and 'successful'" are puffery that reasonable investors do not rely on.  *Nokia*, 2021 WL 1199030, at *17 (citing, *inter alia*, the following cases on which the Covetrus Defendants rely: *In re Adient Sec. Litig.*, 18-9116, 2020 WL 1644018, at *21 (S.D.N.Y. Apr. 2, 2020); *In re Razorfish Inc. Sec. Litig.*, No. 00-9474, 2001 WL 1111502, at *1-2 (S.D.N.Y. Sept. 21, 2001); and *In re Ferrellgas Partners, L.P., Sec. Litig.*, No. 16-7840, 2018 WL 2081859, at *12 (S.D.N.Y. Mar. 30, 2018), *aff'd*, 764 F. App'x 127 (2d Cir. 2019)).

Both courts also faulted the plaintiffs for taking the challenged statements out of their context and ignoring accompanying risk disclosures, which mirror warnings that Covetrus gave to investors.  Like Plaintiffs here, the *Nokia* plaintiffs "ignore[d] the disclosures that [the defendants] made regarding the … integration, including that their 'integration activities … [were] ongoing"

2

and that they faced risks regarding their "ability to integrate [the other company] into [their] operations and achieve the targeted business plans and benefits." *Nokia*, 2021 WL 1199030, at \*16.  Similarly, the *Diebold* court stressed that there, as here, "Plaintiff's suggestion that the Company's Merger-related reporting was all roses [was] divorced from its own pleadings and the Defendants' other public statements." *Diebold*, 2021 WL 1226627, at \*10.

Beyond finding that the challenged statements were neither false nor misleading, *Diebold* independently dismissed the complaint for failing adequately to plead scienter.  That complaint rested on many of the same defectively pled scienter allegations that Plaintiffs make here, including allegations regarding: (1) the individual defendants' motive to "personally collect millions of dollars in compensation and bonuses," their "senior management roles," their supposed "access to contrary facts" (that the Complaint failed specifically to identify, just as Plaintiffs here make generalized allegations about Defendants' receipt of daily and weekly sales reports, without identifying the actual content of any specific report that ran "counter to [Defendants'] statements at the time they were made"), and their "departures from the company"; and (2) the company's purported "core operations." *Diebold*, 2021 WL 1226627, at \*13-15 (citing, *inter alia*, *Adient*, 2021 WL 1644018, at \*27, 29).  Holding that none of these allegations, individually or collectively, supported a strong scienter inference, the court concluded: "'[Z]ero plus zero' (plus zero plus zero plus zero) 'cannot equal one.'" *Id.* at \*15.

Finally, the *Nokia* court sensibly dismissed the complaint with prejudice.  It ruled that granting the plaintiffs leave to amend would be "futile" because reasonable investors would not have been misled given the company's "numerous and continuous disclosures regarding the … integration." *Nokia*, 2021 WL 1199030, at \*21.  The same is true here and the same result is warranted.

Dated:  July 20, 2021

Respectfully submitted,

/s/ *Jordan D. Hershman*
Jordan D. Hershman
Jason D. Frank
Emily E. Renshaw
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178
Tel: (202) 309-6000
Fax: (202) 309-6001
jordan.hershman@morganlewis.com
jason.frank@morganlewis.com
emily.renshaw@morganlewis.com

*Counsel for Defendants Covetrus, Inc.,*
*Benjamin Shaw, and Christine T. Komola*