**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

CITY OF HOLLYWOOD POLICE OFFICERS'
RETIREMENT SYSTEM and PEMBROKE PINES
PENSION FUND FOR FIREFIGHTERS AND POLICE
OFFICERS, Individually and On Behalf of All Others
Similarly Situated,

                                  Plaintiffs,

    - against -

HENRY SCHEIN, INC., COVETRUS, INC., STEVEN
PALADINO, BENJAMIN SHAW, and CHRISTINE T.
KOMOLA,

                                 Defendants.

Case No. 2:19-cv-5530
(GRB)(RLM)

**JURY DEMAND**

**DEFENDANTS COVETRUS, INC.'S AND BENJAMIN SHAW'S ANSWER TO THE
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

Defendants Covetrus, Inc. ("Covetrus" or the "Company") and Benjamin Shaw (together

with Covetrus, the "Defendants") provide the following Answer, and assert the below Affirmative

Defenses, to Plaintiffs City of Hollywood Police Officers' Retirement System's ("Hollywood

Police") and Pembroke Pines Pension Fund for Firefighters and Police Officers' ("Pembroke Pines

F&P," and together with Hollywood Police, the "Plaintiffs") Amended Consolidated Class Action

Complaint (ECF No. 41) (the "Amended Complaint").[1]  Defendants' responses and allegations

herein are made upon information and belief and may change subject to further investigation.

---

[1] On August 3, 2021, the Court dismissed all of Plaintiffs' claims against Henry Schein, Inc.
("Henry Schein"), Steven Paladino, and Christine T. Komola, as well as all claims related to
Alleged Misstatements Nos. 1, 5-6, 11-19, 21, and 23-26 (collectively, the "Dismissed Claims").
*See* ECF No. 65 at 15 (the "August 3, 2021 Order"); *see also* ECF No. 59-1 (the "Alleged
Misstatements").  The only remaining claims are based on certain statements made by Mr. Shaw
and Covetrus.  ECF No. 65 at 10 (identifying Alleged Misstatements Nos. 2, 3, 4, 7-10, 20, and 22
as remaining).

Accordingly, Defendants expressly reserve the right to amend their Answer, or seek leave to amend their Answer, to modify and/or assert all claims, defenses, counterclaims and third-party claims permitted by law. Defendants deny any allegation that is not specifically responded to below. With respect to specific paragraphs of the Amended Complaint, Defendants respond as follows:

## I.    INTRODUCTION

1.    Defendants admit that Covetrus operates in the animal health industry and, among other things, offers veterinary supplies and software. Defendants admit that Covetrus was created in February 2019 as a result of a spin-off and merger transaction. Defendants otherwise deny the allegations in Paragraph 1.

2.    To the extent the allegations in Paragraph 2 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants admit that Covetrus was created in connection with the spin-off of Henry Schein Animal Health ("HSAH") and a merger of HSAH with Vets First Choice ("VFC"). Defendants otherwise deny the allegations in Paragraph 2.

3.    Paragraph 3 purports to summarize and partially quote conference call transcripts or other public statements. Those documents speak for themselves and Defendants respectfully refer the Court to those documents for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize the conference call transcripts and public statements, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 3.

4.    Paragraph 4 purports to summarize and partially quote conference call transcripts or other public statements. Those documents speak for themselves and Defendants respectfully refer the Court to those documents for a complete and accurate statement of the contents thereof.

To the extent the allegations differ from or mischaracterize the conference call transcripts and public statements, Defendants deny those allegations. To the extent the allegations in Paragraph 4 purport to make legal conclusions, no response is required. Defendants otherwise deny the allegations in Paragraph 4.

5.    Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified confidential witnesses made the statements referenced in Paragraph 5, and Defendants therefore deny the allegations based on those statements. Defendants otherwise deny the allegations in Paragraph 5.

6.    Defendants admit that Covetrus disclosed its first quarter 2019 financial results in May 2019. To the extent the allegations mischaracterize Covetrus' financial results or Defendants' statements, Defendants deny those allegations. The remaining allegations in Paragraph 6 purport to state a legal conclusion to which to response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 6.

7.    Defendants admit that Covetrus reported second quarter 2019 financial results on August 13, 2019. Paragraph 7 purports to summarize and partially quote documents containing Covetrus' public statements. Those documents speak for themselves and Defendants respectfully refer the Court to those documents for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize Covetrus' public statements, Defendants deny those allegations. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 7 regarding the market's interpretation of those statements and Defendants therefore deny those allegations. Defendants admit that the closing price of Covetrus stock was $23.19 per share on August 12, 2019 and $12.35 per share on August 14, 2019. Defendants deny any remaining allegations in Paragraph 7.

8.      Paragraph 8 purports to summarize and selectively quote from certain securities analyst reports.  Those reports speak for themselves and Defendants respectfully refer the Court to those documents for a complete and accurate statement of the contents thereof.  Paragraph 8 further purports to summarize statements that form part of the Dismissed Claims for which no response is required.  Defendants otherwise deny the allegations in Paragraph 8.

9.      Defendants admit that the Company recorded a non-tax deductible goodwill impairment charge totaling $939 million during the three-month period ended September 30, 2019.  Defendants further admit that Mr. Shaw stepped down as Chief Executive Officer ("CEO") in October 2019 and Ms. Komola departed from her role as Chief Financial Officer ("CFO") in December 2019.  Paragraph 9 purports to summarize and selectively quote from certain securities analyst reports and conference call transcripts.  Those documents speak for themselves and Defendants respectfully refer the Court to those documents for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize those analyst reports and conference call transcripts, Defendants deny those allegations.  Paragraph 9 further purports to summarize statements that form part of the Dismissed Claims for which no response is required.  Defendants admit that the closing price of Covetrus stock was $15.13 per share on May 21, 2020, the day the Amended Complaint was filed.  Defendants otherwise deny the allegations in Paragraph 9.

## II.    PARTIES

10.      Defendants admit that the Court appointed Hollywood Police as Co-Lead Plaintiff on December 23, 2019.  Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 10 regarding Hollywood Police and its business, and Defendants therefore deny the remaining allegations in the first and second sentences of

Paragraph 10.  The third sentence of Paragraph 10 purports to state a legal conclusion to which no response is required.  Defendants otherwise deny the allegations in Paragraph 10.

11.    Defendants admit that the Court appointed Pembroke Pines F&P as Co-Lead Plaintiff on December 23, 2019.  Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 11 regarding Pembroke Pines F&P and its business, and Defendants therefore deny the remaining allegations in the first and second sentences of Paragraph 11.  The third sentence of  Paragraph 11 purports to state a legal conclusion to which no response is required.  Defendants otherwise deny the allegations in Paragraph 11.

12.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the first, second, third and last sentences of Paragraph 12.  Defendants admit that certain individuals who have served as officers and directors of Covetrus do serve or previously served as officers and directors of Henry Schein, that the Board of Directors for HS Spinco, Inc. ("Spinco") was comprised of officers and directors of Henry Schein, including Mr. Paladino, that Mr. Paladino at various times acted as Spinco's President, Treasurer, and CFO, and that Spinco filed three registration statements.  The remaining allegations in Paragraph 12 relate to the Dismissed Claims and no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 12.

13.    Admitted.

14.    Defendants admit that Mr. Paladino served as Henry Schein's Executive Vice President and CFO since 2000 and served as a member of Henry Schein's Board of Directors since 1992.  Defendants further admit that Mr. Paladino served as President, Treasurer, and CFO of Spinco prior to the merger.  Defendants further admit that Mr. Paladino serves on the Covetrus Board of Directors.  The remaining allegations in Paragraph 14 relate to the Dismissed Claims and

5

no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 14.

15.    Defendants admit that Mr. Shaw served as Covetrus' CEO and President from approximately February 2019 to October 2019.  Defendants admit that Mr. Shaw served as VFC's CEO from May 2010 until approximately February 2019.  Defendants admit that Mr. Shaw was a Co-Founder of VFC.  Defendants further admit that Mr. Shaw served as a member of the Covetrus Board of Directors from approximately February 2019 to October 2019.

16.    Defendants admit that Ms. Komola served as Covetrus' CFO and Executive Vice President from February 2019 to December 2019.  Defendants admit that Ms. Komola previously served as Executive Vice President and CFO of VFC from October 2018 until she began her position at Covetrus.  Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the last sentence of Paragraph 16 regarding the reason VFC hired Ms. Komola, and Defendants therefore deny those allegations.

17.    Paragraph 17 contains no substantive allegations.  To the extent a response is required, Defendants admit that the Amended Complaint purports to refer to Messrs. Paladino and Shaw and Ms. Komola collectively as the "Individual Defendants."

18.    To the extent the allegations in Paragraph 18 relate to the Dismissed Claims, no response is required.  Defendants further answer that Paragraph 18 purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 18.

19.    To the extent the allegations in Paragraph 19 relate to the Dismissed Claims, no response is required.  Defendants further answer that Paragraph 19 purports to state legal

conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 19.

20.     To the extent the allegations in Paragraph 20 relate to the Dismissed Claims, no response is required.  Defendants further answer that Paragraph 20 purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 20.

21.     To the extent the allegations in Paragraph 21 relate to the Dismissed Claims, no response is required.  Defendants further answer that Paragraph 21 purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 21.

22.     To the extent the allegations in Paragraph 22 relate to the Dismissed Claims, no response is required.  Defendants further answer that Paragraph 22 purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 22.

## III.   JURISDICTION AND VENUE

23.     Defendants admit that Plaintiffs purport to bring claims pursuant to the Exchange Act and Rule 10b-5.  Defendants otherwise deny the allegations in Paragraph 23.

24.     Admitted.

25.     Defendants admit that venue is proper in this judicial district.  Defendants otherwise deny the allegations in Paragraph 25.

## IV.   SUMMARY OF THE ACTION

26.     Defendants admit that Covetrus is an animal-health technology and services company that provides products, services, and technology to veterinarians and animal health

7

practitioners.  Defendants admit that Covetrus was created in February 2019 as a result of the spin-off of HSAH and merger of HSAH with VFC.

27.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 27 regarding HSAH's business and on that basis deny those allegations.  Defendants admit that Covetrus supported, developed, and provided veterinary practices with veterinary software systems, including AVImark, eVetPractice, ImproMed and ImproMed Equine in North America during the Class Period.  Defendants otherwise deny the allegations in Paragraph 27.

28.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 28 regarding VFC's pre-merger business and on that basis deny those allegations.  Defendants otherwise deny the allegations in Paragraph 28.

29.     To the extent the allegations in Paragraph 29 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants admit that a wholly owned subsidiary of Covetrus entered into a term loan facility in the amount of $1.2 billion, the proceeds of which were primarily used to finance the transaction related to the merger, but deny the characterizations of that term loan facility in the sixth sentence of Paragraph 29.  Defendants otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 29 and on that basis deny those allegations.

30.     Defendants admit that Mr. Shaw received what Spinco's public filings label as a "transaction bonus" of $927,671 on December 28, 2018, but respectfully refer the Court to Amendment No. 1 to Forms S-4 and S-1, filed by Spinco on January 8, 2019, and the long-term incentive plan and "Promissory Note with Benjamin Shaw" described therein for a complete description of that transaction.  Defendants further admit that Mr. Shaw owned Covetrus common

stock after the merger.  Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in sentences two and three of Paragraph 30 and on that basis deny those allegations.  Defendants otherwise deny the allegations in Paragraph 30.

31.    Defendants admit that certain merger-related agreements were signed in April 2018 and Covetrus shares began regular-way trading on the NASDAQ stock exchange on February 8, 2019.  Paragraph 31 purports to summarize and selectively quote conference call transcripts. Those transcripts speak for themselves and Defendants respectfully refer the Court to those transcripts for a complete and accurate statement of the contents thereof.  Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 31 and on that basis deny those allegations.

32.    Paragraph 32 purports to summarize and partially quote an article published on February 20, 2020, titled "Covetrus CEO: First year was 'mixed bag'".  The article speaks for itself and Defendants respectfully refer the Court to the article for a complete and accurate statement of the contents thereof.  Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 32 regarding the market's questions about the merger and on that basis deny those allegations.  Defendants otherwise deny the allegations in Paragraph 32.

33.    The allegations in Paragraph 33 relate to the Dismissed Claims and no response is required.  To the extent a response is required, Paragraph 33 purports to summarize and selectively quote a press release issued by Henry Schein.  That press release speaks for itself and Defendants respectfully refer the Court to the press release for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize the press release, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to form

9

a belief about the truth of the allegations in Paragraph 33 regarding "investor concerns" and on that basis deny those allegations. Defendants otherwise deny the allegations in Paragraph 33.

34. Paragraph 34 purports to summarize publicly available documents. Those documents speak for themselves and Defendants respectfully refer the Court to those documents for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize the publicly available documents, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 34.

35. The allegations in Paragraph 35 relate to the Dismissed Claims and no response is required. To the extent a response is required, Paragraph 35 purports to selectively quote documents filed with the SEC, an investor conference transcript, and an article. Those documents speak for themselves and Defendants respectfully refer the Court to those documents for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize those documents, Defendants deny those allegations. Defendants further answer that the second sentence of Paragraph 35 purports to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in the second sentence of Paragraph 35.

36. Paragraph 36 purports to summarize publicly available documents. Those documents speak for themselves and Defendants respectfully refer the Court to those documents for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize the publicly available documents, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 36.

37. Paragraph 37 purports to summarize and selectively quote conference call transcripts and documents filed with the SEC. Those documents speak for themselves and

Defendants respectfully refer the Court to those documents for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize those documents, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 37.

38. Paragraph 38 purports to summarize publicly available documents. Those documents speak for themselves and Defendants respectfully refer the Court to those documents for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize those documents, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 38.

39. Paragraph 39 purports to summarize and selectively quote conference call transcripts for two conference calls that occurred on February 9 and May 15, 2019. Those documents speak for themselves and Defendants respectfully refer the Court to those transcripts for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize those transcripts, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 39.

40. Paragraph 40 purports to summarize and selectively quote conference call transcripts for three conferences calls that occurred on February 4, May 15, and May 29, 2019. Those documents speak for themselves and Defendants respectfully refer the Court to those transcripts for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize those transcripts, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 40.

41. The allegations in Paragraph 41 relate to the Dismissed Claims and no response is required. To the extent a response is required, Paragraph 41 purports to summarize and selectively

11

quote conference call transcripts and documents filed with the SEC. Those documents speak for themselves and Defendants respectfully refer the Court to those transcripts for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize those documents, Defendants deny those allegations. Defendants further answer that the fifth sentence of Paragraph 41 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in the fifth sentence of Paragraph 41, as well as the remaining allegations in this Paragraph not expressly admitted.

42. Paragraph 42 purports to summarize and selectively quote conference call transcripts for conference calls that occurred on February 4 and May 29, 2019. Those documents speak for themselves and Defendants respectfully refer the Court to those transcripts for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize those transcripts, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 42.

43. Paragraph 43 purports to summarize and selectively quote a conference call transcript for a conference call that occurred on May 29, 2019. That document speaks for itself and Defendants respectfully refer the Court to that transcript for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize that transcript, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 43.

44. The allegations in Paragraph 44 relate to the Dismissed Claims and no response is required. To the extent a response is required, Paragraph 44 purports to summarize and selectively quote a conference call transcript and public filings from February and May 2019. Those documents speak for themselves and Defendants respectfully refer the Court to those transcripts and filings for a complete and accurate statement of the contents thereof. To the extent the

allegations differ from or mischaracterize those documents, Defendants deny those allegations. Defendants further answer that the last sentence of Paragraph 44 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in the last sentence of Paragraph 44, as well as the remaining allegations in this Paragraph.

45.     To the extent the allegations in Paragraph 45 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants admit that Benjamin Wolin became the CEO of Covetrus after Mr. Shaw stepped down from that position. Defendants further admit that Mr. Shaw stepped down as CEO in October 2019 and Ms. Komola departed from her role as CFO in December 2019. Paragraph 45 purports to summarize and selectively quote a conference call transcript for a conference call that occurred in March 2020. That transcript speaks for itself and Defendants respectfully refer the Court to that transcript for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize that transcript, Defendants deny those allegations. Defendants further answer that the last sentence of Paragraph 45 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in the last sentence of Paragraph 45, as well as the remaining allegations in this Paragraph not expressly admitted.

46.     Paragraph 46 purports to summarize and selectively quote conference call transcripts for conference calls that occurred in May 2019 and March 2020. Those transcripts speak for themselves and Defendants respectfully refer the Court to those transcripts for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize those documents, Defendants deny those allegations. Defendants deny the allegation that Mr. Shaw ever said that it was "'*very* important' for investors to understand that

13

'we're not managing the business day 1 or day 2 as standalone legacy businesses.'" (Emphasis added) (*see* ECF No. 65 at 6 n. 5 noting that "[s]uch imprecision is entirely unacceptable"). Defendants otherwise deny the allegations in Paragraph 46.

47.    Paragraph 47 purports to summarize and selectively quote conference call transcripts for conference calls that occurred in May 2019 and March 2020. Those transcripts speak for themselves and Defendants respectfully refer the Court to those transcripts for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize those documents, Defendants deny those allegations.   Defendants otherwise deny the allegations in Paragraph 47.

48.    Paragraph 48 purports to summarize and selectively quote publicly available conference call transcripts for conference calls that occurred in February and May 2019 and March 2020.  Those transcripts speak for themselves and Defendants respectfully refer the Court to those transcripts for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize those documents, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 48.

49.    To the extent the allegations in Paragraph 49 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Paragraph 49 purports to summarize and selectively quote conference call transcripts for conference calls that occurred in August 2019 and May 2020.  Those transcripts speak for themselves and Defendants respectfully refer the Court to those transcripts for a complete and accurate statement of the contents thereof.  Paragraph 49 also purports to summarize and selectively quote from certain securities analyst reports.  Those reports speak for themselves and Defendants respectfully refer the Court to those documents for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from

14

or mischaracterize those documents, Defendants deny those allegations. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 49 regarding the market's interpretation of those statements and on that basis deny those allegations. Defendants otherwise deny the allegations in Paragraph 49.

50. Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified confidential witnesses made the statements referenced in Paragraph 50, and Defendants therefore deny the allegations based on those statements. Defendants otherwise deny the allegations in Paragraph 50.

51. Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified confidential witness made the statements referenced in Paragraph 51, and Defendants therefore deny the allegations based on those statements. Defendants otherwise deny the allegations in Paragraph 51.

52. Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified confidential witness made the statements referenced in Paragraph 52, and Defendants therefore deny the allegations based on those statements. Defendants otherwise deny the allegations in Paragraph 52.

53. Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified confidential witness made the statements referenced in Paragraph 53, and Defendants therefore deny the allegations based on those statements. Defendants otherwise deny the allegations in Paragraph 53.

54. Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified confidential witness made the statements referenced in Paragraph 54, and

Defendants therefore deny the allegations based on those statements. Defendants otherwise deny the allegations in Paragraph 54.

55. Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified confidential witness made the statements referenced in Paragraph 55, and Defendants therefore deny the allegations based on those statements. Defendants otherwise deny the allegations in Paragraph 55.

56. Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified confidential witness made the statements referenced in Paragraph 56, and Defendants therefore deny the allegations based on those statements. Defendants otherwise deny the allegations in Paragraph 56.

57. Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified confidential witness made the statements referenced in Paragraph 57, and Defendants therefore deny the allegations based on those statements. Defendants otherwise deny the allegations in Paragraph 57.

58. Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified confidential witness made the statements referenced in Paragraph 58, and Defendants therefore deny the allegations based on those statements. Defendants otherwise deny the allegations in Paragraph 58.

59. Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified confidential witness made the statements referenced in Paragraph 59, and Defendants therefore deny the allegations based on those statements. Defendants otherwise deny the allegations in Paragraph 59.

60.     Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified confidential witnesses made the statements referenced in Paragraph 60, and Defendants therefore deny the allegations based on those statements.  Defendants otherwise deny the allegations in Paragraph 60.

61.     Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified confidential witness made the statements referenced in Paragraph 61, and Defendants therefore deny the allegations based on those statements.  Defendants otherwise deny the allegations in Paragraph 61.

62.     Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified confidential witnesses made the statements referenced in Paragraph 62, and Defendants therefore deny the allegations based on those statements.  To the extent Paragraph 62 purports to summarize and selectively quote a conference call transcript for a conference call that occurred on May 29, 2019, that transcript speaks for itself and Defendants respectfully refer the Court to that transcript for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize that transcript, Defendants deny those allegations.  Defendants otherwise deny the allegations in Paragraph 62.

63.     Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified confidential witness made the statements referenced in Paragraph 63, and Defendants therefore deny the allegations based on those statements.  Defendants otherwise deny the allegations in Paragraph 63.

64.     Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified confidential witness made the statements referenced in Paragraph 64, and

Defendants therefore deny the allegations based on those statements.  Defendants otherwise deny the allegations in Paragraph 64.

65.     Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified confidential witness made the statements referenced in Paragraph 65, and Defendants therefore deny the allegations based on those statements.  Defendants otherwise deny the allegations in Paragraph 65.

66.     Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified confidential witness made the statements referenced in Paragraph 66, and Defendants therefore deny the allegations based on those statements.  Defendants otherwise deny the allegations in Paragraph 66.

67.     Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified confidential witness made the statements referenced in Paragraph 67, and Defendants therefore deny the allegations based on those statements.  Defendants otherwise deny the allegations in Paragraph 67.

68.     Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified confidential witnesses made the statements referenced in Paragraph 68, and Defendants therefore deny the allegations based on those statements.  To the extent Paragraph 68 purports to summarize and selectively quote conference call transcripts, those transcripts speak for themselves and Defendants respectfully refer the Court to those transcripts for a complete and accurate statement of the contents thereof.  Defendants otherwise deny the allegations in Paragraph 68.

69.     Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified confidential witness made the statements referenced in Paragraph 69, and

Defendants therefore deny the allegations based on those statements. To the extent Paragraph 69 purports to summarize and selectively quote a presentation from a February 5, 2019, that presentation speaks for itself and Defendants respectfully refer the Court to that presentation for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize that presentation, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 69.

70. Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified confidential witnesses made the statements referenced in Paragraph 70, and Defendants therefore deny the allegations based on those statements. Defendants otherwise deny the allegations in Paragraph 70.

71. Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified confidential witnesses made the statements referenced in Paragraph 71, and Defendants therefore deny the allegations based on those statements. Defendants otherwise deny the allegations in Paragraph 71.

72. Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified confidential witness made the statements referenced in Paragraph 72, and Defendants therefore deny the allegations based on those statements. Defendants otherwise deny the allegations in Paragraph 72.

73. Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified confidential witnesses made the statements referenced in Paragraph 73, and Defendants therefore deny the allegations based on those statements. Defendants otherwise deny the allegations in Paragraph 73.

74. Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified confidential witness made the statements referenced in Paragraph 74, and Defendants therefore deny the allegations based on those statements. Defendants otherwise deny the allegations in Paragraph 74.

75. Denied.

76. Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified confidential witnesses made the statements referenced in Paragraph 76, and Defendants therefore deny the allegations based on those statements. To the extent Paragraph 76 purports to summarize and selectively quote a conference call transcript for a conference call that occurred on May 29, 2019, that transcript speaks for itself and Defendants respectfully refer the Court to that transcript for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize that transcript, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 76.

77. Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified confidential witnesses made the statements referenced in Paragraph 77, and Defendants therefore deny the allegations based on those statements. Defendants otherwise deny the allegations in Paragraph 77.

78. Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified confidential witnesses made the statements referenced in Paragraph 78, and Defendants therefore deny the allegations based on those statements. Defendants otherwise deny the allegations in Paragraph 78.

79. Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified confidential witness made the statements referenced in Paragraph 79, and

Defendants therefore deny the allegations based on those statements.  Defendants otherwise deny the allegations in Paragraph 79.

80.    Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified confidential witness made the statements referenced in Paragraph 80, and Defendants therefore deny the allegations based on those statements.  Defendants otherwise deny the allegations in Paragraph 80.

81.    Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified confidential witness made the statements referenced in Paragraph 81, and Defendants therefore deny the allegations based on those statements.  Defendants otherwise deny the allegations in Paragraph 81.

82.    Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified confidential witness made the statements referenced in Paragraph 82, and Defendants therefore deny the allegations based on those statements.  Defendants otherwise deny the allegations in Paragraph 82.

83.    Denied.

84.    Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified confidential witness made the statements referenced in Paragraph 84, and Defendants therefore deny the allegations based on those statements.  Defendants otherwise deny the allegations in Paragraph 84.

85.    Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified confidential witnesses made the statements referenced in Paragraph 85, and Defendants therefore deny the allegations based on those statements.  Defendants otherwise deny the allegations in Paragraph 85.

86.     Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified confidential witnesses made the statements referenced in Paragraph 86, and Defendants therefore deny the allegations based on those statements.  Defendants otherwise deny the allegations in Paragraph 86.

87.     Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified confidential witnesses made the statements referenced in Paragraph 87, and Defendants therefore deny the allegations based on those statements.  Defendants otherwise deny the allegations in Paragraph 87.

88.     Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified confidential witnesses made the statements referenced in Paragraph 88, and Defendants therefore deny the allegations based on those statements.  Defendants otherwise deny the allegations in Paragraph 88.

89.     Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified confidential witness made the statements referenced in Paragraph 89, and Defendants therefore deny the allegations based on those statements.  Defendants otherwise deny the allegations in Paragraph 89.

90.     Defendants admit that Covetrus announced its financial results for the quarter ending March 31, 2019 on May 15, 2019 in a Form 8-K and Form 10-Q filed with the SEC.  Paragraph 90 purports to summarize the Form 8-K and/or Form 10-Q.  The Form 8-K and Form 10-Q speak for themselves and Defendants respectfully refer the Court the Form 8-K and Form 10-Q for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize those documents, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in

Paragraph 90 regarding analysts' concerns and on that basis deny those allegations. Defendants otherwise deny the allegations in Paragraph 90.

91. To the extent the allegations in Paragraph 91 relate to the Dismissed Claims, no response is required. Paragraph 91 purports to summarize and selectively quote a conference call transcript or other public filings. Those documents speak for themselves and Defendants respectfully refer the Court to those documents for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize those documents, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 91.

92. Paragraph 92 purports to summarize and selectively quote a conference call transcript for a conference call that occurred on May 29, 2019. That transcript speaks for itself and Defendants respectfully refer the Court to the transcript for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize that transcript, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 92.

93. To the extent the allegations in Paragraph 93 relate to the Dismissed Claims, no response is required. To the extent a response is required, Paragraph 93 purports to summarize and selectively quote a conference call transcript that occurred on May 15, 2019. That transcript speaks for itself and Defendants respectfully refer the Court to the transcript for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize that transcript, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 93.

94. To the extent the allegations in Paragraph 94 relate to the Dismissed Claims, no response is required. Defendants further answer that Paragraph 94 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants

admit that Covetrus announced its financial results for the quarter ending June 30, 2019 in a Form 8-K and a Form 10-Q filed with the SEC. Paragraph 94 purports to summarize the Form 8-K and/or Form 10-Q. The Form 8-K and Form 10-Q speak for themselves and Defendants respectfully refer the Court the Form 8-K and Form 10-Q for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize the Form 8-K and Form 10-Q, Defendants deny those allegations. Paragraph 94 purports to summarize information concerning Covetrus' publicly available share prices, which speak for themselves. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 94 regarding what analysts believed or the market's reaction to Covetrus' financial results, and on that basis deny those allegations. Defendants otherwise deny the allegations in Paragraph 94.

95. Defendants admit that Covetrus issued a press release on August 13, 2019 announcing its financial results for the second quarter of 2019. Paragraph 95 purports to summarize and selectively quote the press release. The press release speaks for itself and Defendants respectfully refer the Court to the press release for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize the press release, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 95.

96. Defendants admit that Covetrus issued a press release on August 13, 2019 announcing its financial results for the second quarter of 2019. Paragraph 96 purports to selectively quote the press release. The press release speaks for itself and Defendants respectfully refer the Court to the press release for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize the press release, Defendants deny

those allegations. Defendants admit that Covetrus reported in its press release that the Non-GAAP 2019 pro forma adjusted EBITDA guidance was revised to at least $200 million on certain end-market softness and the inclusion and timing of infrastructure investments. Defendants otherwise deny the allegations in Paragraph 96.

97. Defendants admit that Covetrus held its second quarter 2019 earnings conference call on August 13, 2019. Paragraph 97 purports to summarize and selectively quote the conference call transcript. That transcript speaks for itself and Defendants respectfully refer the Court to the transcript for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize the transcript, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 97.

98. Paragraph 98 purports to summarize and selectively quote a conference call transcript from a conference call on August 13, 2019. That transcript speaks for itself and Defendants respectfully refer the Court to the transcript for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize the transcript, Defendants deny those allegations. Defendants further answer that the last sentence of Paragraph 98 purports to state legal conclusions to which no response is required. Defendants otherwise deny the allegations in Paragraph 98.

99. Paragraph 99 purports to summarize and selectively quote a conference call transcript from a conference call on August 13, 2019. That transcript speaks for itself and Defendants respectfully refer the Court to the transcript for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize the transcript, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 99.

100.    Paragraph 100 purports to summarize and selectively quote a conference call transcript from a conference call on August 13, 2019.  That transcript speaks for itself and Defendants respectfully refer the Court to the transcript for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize the transcript, Defendants deny those allegations.  Defendants further answer that the last sentence of Paragraph 100 purports to state legal conclusions to which no response is required.  Defendants otherwise deny the allegations in Paragraph 100.

101.    Defendants admit that the closing price of Covetrus stock was $23.19 per share on August 12, 2019, $13.89 per share on August 13, 2019, and $12.35 per share on August 14, 2019.  Defendants admit that the opening price of Covetrus stock was $42.96 on February 8, 2019.  Defendants otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 101 regarding the market reaction to Covetrus' disclosures and on that basis deny those allegations.  Defendants otherwise deny the allegations in Paragraph 101.

102.    Paragraph 102 purports to summarize and selectively quote from certain securities analyst reports.  Those reports speak for themselves and Defendants respectfully refer the Court to those documents for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize those analyst reports, Defendants deny those allegations.  Defendants otherwise lack sufficient knowledge or information to form a belief about the allegations in Paragraph 102 regarding the analyst and/or market reactions to Covetrus' disclosures and on that basis deny the allegations.  Defendants otherwise deny the allegations in Paragraph 102.

103.    Paragraph 103 purports to summarize and selectively quote from certain securities analyst reports.  Those reports speak for themselves and Defendants respectfully refer the Court to

those documents for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize those analyst reports, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 103.

104. Paragraph 104 purports to summarize and selectively quote from certain securities analyst reports. Those reports speak for themselves and Defendants respectfully refer the Court to those documents for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize those analyst reports, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 104.

105. Paragraph 105 purports to summarize and selectively quote a news article. That news article speaks for itself and Defendants respectfully refer the Court to the news article for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize that news article, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 105.

106. Defendants admit that Mr. Shaw resigned as CEO in October 2019 and that Mr. Wolin thereafter became the CEO of Covetrus. Paragraph 106 further purports to summarize and selectively quote from certain securities analyst reports. Those reports speak for themselves and Defendants respectfully refer the Court to those documents for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize those analyst reports, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 106.

107. Defendants admit that on November 12, 2019, Covetrus announced its financial results for the third quarter ending September 30, 2019. Defendants admit that in a press release dated November 12, 2019, Covetrus provided fiscal year 2019 financial guidance for pro forma

adjusted EBITDA, which was expected to be in a range of $190 to $196 million versus the prior outlook of at least $200 million. Defendants further admit that the Company recorded a non-tax-deductible goodwill impairment charge totaling $939 million in the third quarter of 2019. Defendants further admit that Covetrus reported a net loss of $906 million for the third quarter of 2019. Paragraph 107 purports to summarize the Company's publicly available financial statements and press releases. Those documents speak for themselves and Defendants respectfully refer the Court to those documents for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize the documents, Defendants deny those allegations. Defendants further answer that the last sentence of Paragraph 107 purports to state legal conclusions to which no response is required. Defendants otherwise deny the allegations in Paragraph 107.

108.    To the extent the allegations in Paragraph 108 relate to the Dismissed Claims, no response is required. To the extent a response is required, Paragraph 108 purports to summarize and selectively quote a conference call transcript from a conference call on November 12, 2019. That transcript speaks for itself and Defendants respectfully refer the Court to that transcript for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize the transcript, Defendants deny those allegations. Defendants further answer that the third sentence of Paragraph 108 purports to state legal conclusions to which no response is required. Defendants otherwise deny the allegations in Paragraph 108.

109.    Defendants admit that on December 16, 2019, Covetrus announced that Ms. Komola would depart from her role as CFO, and on January 7, 2020, the Company announced that Matthew Leonard would transition into an advisory role and depart as the Company's global supply chain officer and executive vice president and president, North America. Defendants

28

further admit that on March 12, 2020, the Company announced that David Shaw would not stand for re-election to the Company's Board of Directors at the Company's annual meeting of stockholders.  Defendants further admit that Betsy Atkins resigned as a member of the Company's Board of Directors, effective as of September 4, 2019.  Defendants otherwise deny the allegations in Paragraph 109.

110.    Defendants admit that the Company announced on March 3, 2020 that Mr. Wolin would become the CEO of Covetrus.  Defendants admit that the Company announced on May 14, 2020 that Matthew Foulston would become the Company's global CFO, effective June 1, 2020 and that Matthew Malenfant would become the president for the Company's North American distribution business, effective May 18, 2020.  Defendants otherwise deny the allegations in Paragraph 110.

111.    To the extent the allegations in Paragraph 111 relate to the Dismissed Claims, no response is required.  Defendants further answer that the first sentence of Paragraph 111 purports to state legal conclusions to which no response is required.  Paragraph 111 purports to summarize and selectively quote a news article.  The news article speaks for itself and Defendants respectfully refer the Court to the news article for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize that news article, Defendants deny those allegations.  Defendants further lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 111 regarding the focus of industry observers and on that basis deny those allegations.  Defendants otherwise deny the allegations in Paragraph 111.

112.    Paragraph 112 purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 112.

29

113.    Defendants admit that the Company held its fourth quarter 2019 earnings conference call on March 3, 2020.  Paragraph 113 purports to summarize and selectively quote the conference call transcript.  The transcript speaks for itself and Defendants respectfully refer the Court to the transcript for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize the transcript, Defendants deny those allegations.  Defendants otherwise deny the allegations in Paragraph 113.

114.    Defendants admit that Mr. Wolin, Mr. Gleichenhaus, and Mr. Jansen attended the Company Presentation at the Raymond James Institutional Investors Conference on March 4, 2020.  Paragraph 114 purports to summarize and selectively quote that conference transcript.  That transcript speaks for itself and Defendants respectfully refer the Court to the transcript for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize the transcript, Defendants deny those allegations.  Defendants otherwise deny the allegations in Paragraph 114.

115.    Paragraph 115 purports to summarize and selectively quote a transcript of Covetrus' presentation at the March 4, 2020 Raymond James Institutional Investors Conference.  That transcript speaks for itself and Defendants respectfully refer the Court to the transcript for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize the transcript, Defendants deny those allegations.  Regarding the allegations attributed to CW 6 in the third sentence, Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified confidential witness made the statements referenced in Paragraph 115, and Defendants therefore deny the allegations based on those statements.  Defendants further answer that the last sentence of Paragraph 115 purports to state

30

legal conclusions to which no response is required. Defendants otherwise deny the allegations in Paragraph 115.

116. Paragraph 116 purports to summarize and selectively quote a transcript of Covetrus' presentation at the March 4, 2020 Raymond James Institutional Investors Conference and a presentation from May 29, 2019. Those transcripts speak for themselves and Defendants respectfully refer the Court to the transcripts for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize the transcripts, Defendants deny those allegations. Defendants further answer that the first sentence of Paragraph 116 purports to state legal conclusions to which no response is required. Defendants otherwise deny the allegations in Paragraph 116.

117. Paragraph 117 purports to summarize and selectively quote conference call transcripts for conference calls on May 29 and August 13, 2019 and a transcript of Covetrus' presentation at the March 4, 2020 Raymond James Institutional Investors Conference. Those transcripts speak for themselves and Defendants respectfully refer the Court to the transcripts for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize the transcripts, Defendants deny those allegations. Defendants further answer that the first sentence of Paragraph 117 purports to state legal conclusions to which no response is required. Defendants otherwise deny the allegations in Paragraph 117.

## V.   DEFENDANTS' FALSE AND MISLEADING STATEMENTS

118. The allegations in Paragraph 118 relate to the Dismissed Claims and no response is required. To the extent a response is required, Defendants admit that Spinco filed a registration statement on Forms S-4 and S-1 on December 26, 2018 and that Messrs. Paladino, Ettinger, Mlotek, and Sigel signed the registration statement. Portions of Paragraph 118 purport to

31

summarize and selectively quote that registration statement. That document speaks for itself, and Defendants respectfully refer the Court to that document for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize that document, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 118.

119.    To the extent the allegations in Paragraph 119 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants admit that on January 8, 2019 Spinco filed an amendment to its registration statement on Forms S-4 and S-1, and that the amendment was signed by Messrs. Paladino, Ettinger, Mlotek, and Siegel. Defendants further answer that the third sentence of Paragraph 119 purports to state legal conclusions to which no response is required. Defendants otherwise deny the allegations in Paragraph 119.

120.    To the extent the allegations in Paragraph 120 relate to the Dismissed Claims, no response is required. Defendants further answer that Paragraph 120 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants admit that on January 15, 2019 Spinco filed an amendment to its registration statement on Forms S-4 and S-1, and that the amendment was signed by Messrs. Paladino, Ettinger, Mlotek, and Siegel. Defendants otherwise deny the allegations in Paragraph 120.

121.    To the extent the allegations in Paragraph 121 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants admit that on February 7, 2019, Covetrus filed a Prospectus with the SEC on Form 424B3 in connection with the Covetrus shares registered pursuant to the registration statements filed on December 26, 2018, January 8, 2019, and January 15, 2019. That document speaks for itself and Defendants respectfully refer the Court to that document for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize that document, Defendants deny those allegations.

32

Defendants further answer that the second sentence of Paragraph 121 purports to state legal conclusions to which no response is required. Defendants otherwise deny the allegations in Paragraph 121.

122. To the extent the allegations in Paragraph 122 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants admit that on February 7, 2019, Covetrus filed a registration statement with the SEC on Form S-1 registering certain shares of Covetrus common stock for resale, and the registration statement was signed by Messrs. Paladino, Shaw, and Ms. Komola. That document speaks for itself and Defendants respectfully refer the Court to that document for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize that document, Defendants deny those allegations. Defendants further answer that the second sentence of Paragraph 122 purports to state legal conclusions to which no response is required. Defendants otherwise deny the allegations in Paragraph 122.

123. To the extent the allegations in Paragraph 123 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants admit that on February 13, 2019, Covetrus filed a Prospectus with the SEC on Form 424B3 in connection with the Covetrus shares registered pursuant to the registration statement filed on February 7, 2019. That document speaks for itself and Defendants respectfully refer the Court to that document for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize that document, Defendants deny those allegations. Defendants further answer that the second sentence of Paragraph 123 purports to state legal conclusions to which no response is required. Defendants otherwise deny the allegations in Paragraph 123.

124.     To the extent the allegations in Paragraph 124 relate to the Dismissed Claims, no response is required.  Defendants further answer that Paragraph 124 purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 124.

125.     The allegations in Paragraph 125 relate to the Dismissed Claims and no response is required.  To the extent a response is required, portions of Paragraph 125 purport to summarize and selectively quote conference call transcripts.  Those documents speak for themselves and Defendants respectfully refer the Court to those transcripts for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize those documents, Defendants deny those allegations.  Defendants otherwise deny the allegations in Paragraph 125.

126.     To the extent the allegations in Paragraph 126 relate to the Dismissed Claims, no response is required.  Defendants further answer that Paragraph 126 purports to state legal conclusions to which no response is required.  To the extent a response is required, portions of Paragraph 126 purport to summarize and selectively quote conference call transcripts.  Those documents speak for themselves and Defendants respectfully refer the Court to those transcripts for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize those transcripts, Defendants deny those allegations.  Regarding the allegations attributed to CW 1 in the third sentence, Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified confidential witness made the statements referenced in Paragraph 126, and Defendants therefore deny the allegations based on those statements.  Defendants otherwise deny the allegations in Paragraph 126.

127.    Paragraph 127 purports to summarize and selectively quote a conference call transcript.  That document speaks for itself and Defendants respectfully refer the Court to that transcript for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize that transcript, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 127.

128.    Paragraph 128 purports to state legal conclusions to which no response is required. To the extent a response is required, Paragraph 128 purports to refer to and incorporate public documents, those documents also speak for themselves and Defendants respectfully refer the Court to those documents for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize those documents, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 128.

129.    The allegations in Paragraph 129 relate to the Dismissed Claims and no response is required.  To the extent a response is required, portions of Paragraph 129 purport to summarize and selectively quote conference call transcripts.  Those documents speak for themselves and Defendants respectfully refer the Court to those transcripts for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize those documents, Defendants deny those allegations.  Defendants otherwise deny the allegations in Paragraph 129.

130.    To the extent the allegations in Paragraph 130 relate to the Dismissed Claims, no response is required.  Defendants further answer that Paragraph 130 purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 130 regarding investor, analyst, or market responses to those statements and on that

basis deny those allegations. To the extent Paragraph 130 purports to refer to and incorporate public documents, those documents also speak for themselves and Defendants respectfully refer the Court to those documents for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize those documents, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 130.

131. The allegations in Paragraph 131 relate to the Dismissed Claims and no response is required. To the extent a response is required, Defendants admit that portions of Paragraph 131 purport to summarize and selectively quote an interview transcript and Form 8-K. Those documents speak for themselves and Defendants respectfully refer the Court to those documents for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize those documents, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 131.

132. To the extent the allegations in Paragraph 132 relate to the Dismissed Claims, no response is required. Defendants further answer that Paragraph 132 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 132.

133. Defendants admit on March 29, 2019, Covetrus filed with the SEC its annual report for the fiscal year ended December 29, 2018 on Form 10-K, which was signed by Messrs. Shaw and Paladino and Ms. Komola. Paragraph 133 purports to summarize and selectively quote a public filing. That document speaks for itself and Defendants respectfully refer the Court to the document for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize the document, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 133.

134.    Paragraph 134 purports to state legal conclusions to which no response is required. To the extent a response is required, Paragraph 134 purports to refer to and incorporate public documents. Those documents speak for themselves and Defendants respectfully refer the Court to those documents for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize those documents, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 134.

135.    The allegations in Paragraph 135 relate to the Dismissed Claims and no response is required. To the extent a response is required, portions of Paragraph 135 purport to summarize and selectively quote Covetrus' 2018 Form 10-K. That document speaks for itself and Defendants respectfully refer the Court to that document for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize that document, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 135.

136.    The allegations in Paragraph 136 relate to the Dismissed Claims and no response is required. Defendants further answer that Paragraph 136 purports to state legal conclusions to which no response is required. To the extent a response is required, Paragraph 136 purports to refer to and incorporate public documents. Those documents speak for themselves and Defendants respectfully refer the Court to those documents for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize those documents, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 136.

137.    Paragraph 137 purports to summarize and selectively quote a publicly available press release and conference call transcript. Those documents speak for themselves and Defendants respectfully refer the Court to those documents for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize those

37

documents, Defendants deny those allegations.  Defendants otherwise deny the allegations in Paragraph 137.

138.    Paragraph 138 purports to state legal conclusions to which no response is required. To the extent a response is required, Paragraph 138 purports to refer to and incorporate public documents.  Those documents also speak for themselves and Defendants respectfully refer the Court to those documents for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize those documents, Defendants deny those allegations.  Defendants otherwise deny the allegations in Paragraph 138.

139.    The allegations in Paragraph 139 relate to the Dismissed Claims and no response is required.  Defendants further answer that Paragraph 139 purports to state legal conclusions to which no response is required.  To the extent a response is required, portions of Paragraph 139 purport to summarize and selectively quote conference call transcripts.  Those documents speak for themselves and Defendants respectfully refer the Court to those transcripts for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize those documents, Defendants deny those allegations.  Defendants otherwise deny the allegations in Paragraph 139.

140.    The allegations in Paragraph 140 relate to the Dismissed Claims and no response is required.  Defendants further answer that Paragraph 140 purports to state legal conclusions to which no response is required.  To the extent a response is required, Paragraph 140 purports to refer to and incorporate public documents.  Those documents speak for themselves and Defendants respectfully refer the Court to those documents for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize those documents, Defendants deny those allegations.  Defendants otherwise deny the allegations in Paragraph 140.

141. Paragraph 141 purports to summarize and selectively quote a publicly available conference call transcript. That document speaks for itself and Defendants respectfully refer the Court to that transcript for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize that transcript, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 141.

142. Paragraph 142 purports to state legal conclusions to which no response is required. To the extent a response is required, Paragraph 142 purports to refer to and incorporate public documents. Those documents speak for themselves and Defendants respectfully refer the Court to those documents for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize those documents, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 142.

143. The allegations in Paragraph 143 relate to the Dismissed Claims and no response is required. Defendants further answer that Paragraph 143 purports to state legal conclusions to which no response is required. To the extent a response is required, portions of Paragraph 143 purport to summarize and selectively quote a press release. That document speaks for itself and Defendants respectfully refer the Court to that document for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize that document, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 143.

144. The allegations in Paragraph 144 relate to the Dismissed Claims and no response is required. Defendants further answer that Paragraph 144 purports to state legal conclusions to which no response is required. To the extent Paragraph 144 purports to refer to and incorporate public documents, those documents speak for themselves and Defendants respectfully refer the Court to those documents for a complete and accurate statement of the contents thereof. To the

39

extent the allegations differ from or mischaracterize those documents, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 144.

145. Defendants admit that Mr. Shaw presented at the Stifel Dental & Veterinary Conference on May 29, 2019. The remaining allegations in Paragraph 145 purport to summarize and selectively quote a publicly available conference call transcript. That document speaks for itself and Defendants respectfully refer the Court to that transcript for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize that transcript, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 145.

146. Paragraph 146 purports to state legal conclusions to which no response is required. To the extent a response is required, Paragraph 146 purports to refer to and incorporate public documents. Those documents speak for themselves and Defendants respectfully refer the Court to those documents for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize those documents, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 146.

147. Paragraph 147 purports to summarize and selectively quote a publicly available conference call transcript. That document speaks for itself and Defendants respectfully refer the Court to that transcript for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize that transcript, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 147.

148. Paragraph 148 purports to state legal conclusions to which no response is required. To the extent a response is required, Paragraph 148 purports to refer to and incorporate public documents. Those documents speak for themselves and Defendants respectfully refer the Court

to those documents for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize those documents, Defendants deny those allegations. Regarding any allegations of confidential witnesses in Paragraph 148, Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified confidential witnesses made the statements referenced in Paragraph 148, and Defendants therefore deny the allegations based on those statements. Defendants otherwise deny the allegations in Paragraph 148.

149.    Paragraph 149 purports to summarize and selectively quote a publicly available conference call transcript. That document speaks for itself and Defendants respectfully refer the Court to that transcript for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize that transcript, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 149.

150.    Paragraph 150 purports to state legal conclusions to which no response is required. To the extent a response is required, Paragraph 150 purports to refer to and incorporate public documents. Those documents speak for themselves and Defendants respectfully refer the Court to those documents for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize those documents, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 150.

## VI.    ADDITIONAL SCIENTER ALLEGATIONS

151.    To the extent the allegations in Paragraph 151 relate to the Dismissed Claims, no response is required. Defendants further answer that Paragraph 151 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 151.

41

152.    To the extent the allegations in Paragraph 152 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 152 regarding when certain individuals or entities met regarding the potential merger and on that basis deny those allegations.  Defendants otherwise deny the allegations in Paragraph 152.

153.    To the extent the allegations in Paragraph 153 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Paragraph 153 purports to summarize and selectively quote conference transcripts.  Those documents speak for themselves and Defendants respectfully refer the Court to those transcripts for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize those transcripts, Defendants deny those allegations.  Defendants otherwise deny the allegations in Paragraph 153.

154.    To the extent the allegations in Paragraph 154 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants further answer that Paragraph 154 purports to state legal conclusions to which no response is required.  To the extent a response is required, Paragraph 154 purports to summarize and selectively quote conference transcripts.  Those documents speak for themselves and Defendants respectfully refer the Court to those transcripts for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize those transcripts, Defendants deny those allegations.  Defendants otherwise deny the allegations in Paragraph 154.

155.    To the extent the allegations in Paragraph 155 relate to the Dismissed Claims, no response is required.  Defendants further answer that Paragraph 155 purports to state legal conclusions to which no response is required.  To the extent a response is required, Paragraph 155

purports to summarize and selectively quote conference call transcripts. Those documents speak for themselves and Defendants respectfully refer the Court to those transcripts for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize those transcripts, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 155.

156. To the extent the allegations in Paragraph 156 relate to the Dismissed Claims, no response is required. Defendants further answer that Paragraph 156 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 156.

157. To the extent the allegations in Paragraph 157 relate to the Dismissed Claims, no response is required. Defendants further answer that Paragraph 157 purports to state legal conclusions to which no response is required. To the extent a response is required, portions of Paragraph 157 purport to summarize figures from Defendants' public filings. Those documents speak for themselves and Defendants respectfully refer the Court to those filings for a complete and accurate statement of the contents thereof. Defendants otherwise deny the allegations in Paragraph 157.

158. To the extent the allegations in Paragraph 158 relate to the Dismissed Claims, no response is required. Defendants further answer that Paragraph 158 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified confidential witness made the statements referenced in Paragraph 158, and Defendants therefore deny the allegations based on those statements. Defendants otherwise deny the allegations in Paragraph 158.

159. To the extent the allegations in Paragraph 159 relate to the Dismissed Claims, no response is required. Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified confidential witnesses made the statements referenced in Paragraph 159, and Defendants therefore deny the allegations based on those statements. Defendants otherwise deny the allegations in Paragraph 159.

160. To the extent the allegations in Paragraph 160 relate to the Dismissed Claims, no response is required. To the extent a response is required, Paragraph 160 purports to summarize and selectively quote conference call transcripts. Those documents speak for themselves and Defendants respectfully refer the Court to those transcripts for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize those transcripts, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 160.

161. To the extent the allegations in Paragraph 161 relate to the Dismissed Claims, no response is required. To the extent a response is required, Paragraph 161 purports to summarize and selectively quote conference call transcripts. Those documents speak for themselves and Defendants respectfully refer the Court to those transcripts for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize those transcripts, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 161.

162. To the extent the allegations in Paragraph 162 relate to the Dismissed Claims, no response is required. Defendants further answer that Paragraph 162 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 162.

163. To the extent the allegations in Paragraph 163 relate to the Dismissed Claims, no response is required. To the extent a response is required, Paragraph 163 purports to summarize and selectively quote conference call transcripts. Those documents speak for themselves and Defendants respectfully refer the Court to those transcripts for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize those transcripts, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 163.

164. To the extent the allegations in Paragraph 164 relate to the Dismissed Claims, no response is required. Defendants further answer that Paragraph 164 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 164.

165. To the extent the allegations in Paragraph 165 relate to the Dismissed Claims, no response is required. To the extent a response is required, Paragraph 165 purports to summarize and selectively quote conference call transcripts. Those documents speak for themselves and Defendants respectfully refer the Court to those transcripts for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize those transcripts, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 165.

166. Paragraph 166 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 166.

167. To the extent the allegations in Paragraph 167 relate to the Dismissed Claims, no response is required. Defendants further answer that Paragraph 167 purports to state legal conclusions to which no response is required. To the extent a response is required, Paragraph 167

purports to summarize and selectively quote from certain securities analyst reports. Those reports speak for themselves and Defendants respectfully refer the Court to those documents for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize that report, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 167.

168.   To the extent the allegations in Paragraph 168 relate to the Dismissed Claims, no response is required. To the extent a response is required, Paragraph 168 purports to summarize and selectively quote public filings and conference call transcripts. Those documents speak for themselves and Defendants respectfully refer the Court to those documents for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize those documents, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 168.

169.   To the extent the allegations in Paragraph 169 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the second, third, and final sentences of Paragraph 169 and on that basis deny those allegations. Defendants admit that Covetrus entered into a term loan facility in the amount of $1.2 billion, the proceeds of which were primarily used to finance the transaction related to the merger, but deny the characterizations of that term loan facility in Paragraph 169. Defendants admit that Mr. Shaw received what Spinco's public filings label as a "transaction bonus" of $927,671 on December 28, 2018, but respectfully refer the Court to Amendment No. 1 to Forms S-4 and S-1, filed by Spinco on January 8, 2019, and the  long-term incentive plan and "Promissory Note with Benjamin Shaw" described therein for a complete description of that transaction. Defendants deny the characterizations of the bonus

in Paragraph 169. Paragraph 169 otherwise purports to summarize figures from public filings. Those documents speak for themselves and Defendants respectfully refer the Court to those documents for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize those documents, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 169.

170. To the extent the allegations in Paragraph 170 relate to the Dismissed Claims, no response is required. Defendants admit that VFC's net revenue for the year end 2017 was less than $200 million, but otherwise lack sufficient knowledge or information about the truth of the allegations in Paragraph 170 regarding VFC and on that basis deny those allegations. Defendants admit that Mr. Shaw owned Covetrus common stock after the merger. Paragraph 170 otherwise purports to summarize and selectively quote public filings and conference call transcripts. Those documents speak for themselves and Defendants respectfully refer the Court to those documents for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize those documents, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 170.

171. To the extent the allegations in Paragraph 171 relate to the Dismissed Claims, no response is required. To the extent a response is required, Paragraph 171 purports to summarize and selectively quote a publicly available conference call transcript, certain securities analyst reports, and public filings. Those documents speak for themselves and Defendants respectfully refer the Court to those documents for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize those documents, Defendants deny those allegations. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 171 regarding the analyst and/or market reactions to Covetrus'

47

disclosures and on that basis deny those allegations. Defendants otherwise deny the allegations in Paragraph 171.

172. To the extent the allegations in Paragraph 172 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants admit that on October 22, 2019 Covetrus announced Mr. Shaw's departure as CEO. Defendants further admit that on December 16, 2019, Covetrus announced Ms. Komola's departure as CFO. Defendants further admit that on January 7, 2020, Covetrus announced that Mr. Leonard would transition into an advisory role and depart as the Company's global supply chain officer and executive vice president and president, North America. Defendants further admit that Paragraph 172 purports to summarize and selectively quote certain securities analyst reports, press releases, and conference call transcripts. Those documents speak for themselves and Defendants respectfully refer the Court to those transcripts for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize those documents, Defendants deny those allegations. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 172 regarding the analyst and/or market reactions to Covetrus' disclosures and on that basis deny those allegations. Defendants otherwise deny the allegations in Paragraph 172.

173. To the extent the allegations in Paragraph 173 relate to the Dismissed Claims, no response is required. Defendants further answer that Paragraph 173 purports to state legal conclusions to which no response is required. To the extent a response is required, Paragraph 173 purports to summarize and selectively quote a publicly available conference call transcript. That document speaks for itself and Defendants respectfully refer the Court to those transcripts for a complete and accurate statement of the contents thereof. To the extent the allegations differ from

48

or mischaracterize that transcript, Defendants deny those allegations.  Defendants otherwise deny the allegations in Paragraph 173.

## VII.   LOSS CAUSATION

174.   Paragraph 174 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 174.

175.   Paragraph 175 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 175.

176.   Paragraph 176 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Covetrus' stock price reached a daily high of $43.83 on February 8, 2019.  Defendants otherwise deny the allegations in Paragraph 176.

177.   Paragraph 177 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Covetrus' stock price closed at $23.19 on August 12, 2019, at $13.89 on August 13, 2019, and at $12.35 on August 14, 2019.  Defendants otherwise deny the allegations in Paragraph 177.

178.   Paragraph 178 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 178.

## VIII.   CLASS ACTION ALLEGATIONS

179.   Paragraph 179 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Plaintiffs purport to bring this action as a class action under Rule 23 of the Federal Rules of Civil Procedure, but deny that Plaintiffs have met the requirements to pursue their claims as a class action.  Defendants otherwise deny the allegations in Paragraph 179.

180.   Paragraph 180 purports to state legal conclusions to which no response is required. To the extent a response is required, to the extent the allegations of Paragraph 180 differ from or mischaracterize the information publicly available, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 180.

181.   Paragraph 181 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Plaintiffs purport to bring this action as a class action under Rule 23 of the Federal Rules of Civil Procedure, but deny that Plaintiffs have met the requirements to pursue their claims as a class action. Defendants otherwise deny the allegations in Paragraph 181.

182.   Paragraph 182 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Plaintiffs purport to bring this action as a class action under Rule 23 of the Federal Rules of Civil Procedure, but deny that Plaintiffs have met the requirements to pursue their claims as a class action. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 182 regarding counsel and on that basis deny those allegations. Defendants otherwise deny the allegations in Paragraph 182.

183.   Paragraph 183 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Plaintiffs purport to bring this action as a class action under Rule 23 of the Federal Rules of Civil Procedure, but deny that Plaintiffs have met the requirements to pursue their claims as a class action. Defendants otherwise deny the allegations in Paragraph 183.

184.   Paragraph 184 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Plaintiffs purport to bring this action

as a class action under Rule 23 of the Federal Rules of Civil Procedure, but deny that Plaintiffs have met the requirements to pursue their claims as a class action. Defendants otherwise deny the allegations in Paragraph 184.

## IX. UNDISCLOSED ADVERSE FACTS

185. Paragraph 185 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 185.

186. Paragraph 186 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 186.

187. Paragraph 187 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 187.

188. Paragraph 188 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 188.

## X. APPLICABILITY OF PRESUMPTION OF RELIANCE

189. Paragraph 189 purports to state a legal conclusion to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 189 and on that basis deny those allegations.

190. Paragraph 190 purports to state a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that, during the relevant period, Covetrus common stock was listed for trading on NASDAQ. Defendants otherwise deny the allegations in Paragraph 190.

191. Admitted.

192. Paragraph 192 purports to refer to certain securities analyst reports. Those documents speak for themselves and Defendants respectfully refer the Court to those documents

51

for a complete and accurate statement of the contents thereof.  Defendants otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 192 and on that basis deny those allegations.

193.   Defendants admit that Covetrus communicated with public investors through dissemination of press releases and other public disclosures.  Defendants otherwise deny the allegations of Paragraph 193.

194.   Paragraph 194 purports to state a legal conclusion to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 194 and on that basis deny those allegations. Defendants deny all remaining allegations in Paragraph 194.

195.   Paragraph 195 purports to state a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that Plaintiffs purport to bring this action as a class action under Rule 23 of the Federal Rules of Civil Procedure, but deny that Plaintiffs have met the requirements to pursue their claims as a class action.  Defendants otherwise deny the allegations in Paragraph 195.

## XI.   NO SAFE HARBOR

196.   Paragraph 196 purports to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 196.

197.   Paragraph 197 purports to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 197.

## XII.   COUNTS

### COUNT I
### For Violations of Section 10(b) Of The Exchange Act
### And SEC Rule 10b-5 Promulgated Thereunder
### (Against All Defendants)

198.   Paragraph 198 does not require a response.  To the extent it does require a response, Defendants restate and incorporate their answers to every foregoing paragraph of the Amended Complaint.

199.   To the extent the allegations in Paragraph 199 relate to the Dismissed Claims, no response is required.  Defendants further answer that Paragraph 199 purports to state a legal conclusion to which no response is required.

200.   To the extent the allegations in Paragraph 200 relate to the Dismissed Claims, no response is required.  Defendants further answer that Paragraph 200 purports to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 200.

201.   To the extent the allegations in Paragraph 201 relate to the Dismissed Claims, no response is required.  Defendants further answer that Paragraph 201 purports to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 201.

202.   To the extent the allegations in Paragraph 202 relate to the Dismissed Claims, no response is required.  Defendants further answer that Paragraph 202 purports to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 202.

203.   To the extent the allegations in Paragraph 203 relate to the Dismissed Claims, no response is required.  Defendants further answer that Paragraph 203 purports to state a legal

conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 203.

204.    To the extent the allegations in Paragraph 204 relate to the Dismissed Claims, no response is required.  Defendants further answer that Paragraph 204 purports to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 204.

205.    To the extent the allegations in Paragraph 205 relate to the Dismissed Claims, no response is required.  Defendants further answer that Paragraph 205 purports to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 205 regarding Plaintiffs actions and on that basis deny those allegations.  Defendants otherwise deny the allegations in Paragraph 205.

206.    To the extent the allegations in Paragraph 206 relate to the Dismissed Claims, no response is required.  Defendants further answer that Paragraph 206 purports to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 206 regarding Plaintiffs and on that basis deny those allegations.  Defendants otherwise deny the allegations in Paragraph 206.

**COUNT II**
**For Violations of Section 20(a) Of The Exchange Act**
**(Against the Individual Defendants)**

207.    Paragraph 207 does not require a response.  To the extent it does require a response, Defendants restate and incorporate their answers to every foregoing paragraph of the Amended Complaint.

54

208. To the extent the allegations in Paragraph 208 relate to the Dismissed Claims, no response is required. Defendants further answer that Paragraph 208 purports to state a legal conclusion to which no response is required.

209. To the extent the allegations in Paragraph 209 relate to the Dismissed Claims, no response is required. Defendants further answer that Paragraph 209 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 209.

210. To the extent the allegations in Paragraph 210 relate to the Dismissed Claims, no response is required. Defendants further answer that Paragraph 210 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 210.

211. The allegations in Paragraph 211 relate to the Dismissed Claims and no response is required. Defendants further answer that Paragraph 211 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 211.

212. The allegations in Paragraph 212 relate to the Dismissed Claims and no response is required. Defendants further answer that Paragraph 212 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 212.

213. The allegations in Paragraph 213 relate to the Dismissed Claims and no response is required. Defendants further answer that Paragraph 213 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 213.

214.    To the extent the allegations in Paragraph 214 relate to the Dismissed Claims, no response is required.  Defendants further answer that Paragraph 214 purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 214.

215.    To the extent the allegations in Paragraph 215 relate to the Dismissed Claims, no response is required.  Defendants further answer that Paragraph 215 purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 215.

216.    To the extent the allegations in Paragraph 216 relate to the Dismissed Claims, no response is required.  Defendants further answer that Paragraph 216 purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 216.

## XIII.  PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to the relief requested.

## XIV.  JURY TRIAL DEMANDED

Defendants demand a trial by jury on all facts so triable.

### AFFIRMATIVE AND OTHER DEFENSES

Except as otherwise expressly stated in Paragraphs 1 through 216 above, Defendants deny each and every allegation of wrongdoing contained in Paragraphs 1 through 216 of the Amended Complaint, including, without limitation, tables of contents, headings, subheadings, footnotes, and appendices contained in the Amended Complaint, and specifically deny liability to Plaintiffs and the putative class, or that Plaintiffs or the putative class have suffered any legally cognizable damages for which Defendants are responsible.

Defendants assert the following affirmative and other defenses in response to the

allegations set forth in the Amended Complaint.  Defendants expressly reserve the right to supplement, amend, or delete any or all of the following defenses, as warranted by discovery or other investigation or as justice may require.  The statement of any defense does not alter the elements of Plaintiffs' claims or assume the burden of proof on any issues as to which applicable law places the burden on Plaintiffs.  To the extent that any of the defenses asserted herein or to be asserted in the future is mutually exclusive with another defense asserted herein or to be asserted in the future, such defense is asserted in the alternative to the other.

## FIRST AFFIRMATIVE DEFENSE

(Res Judicata/Collateral Estoppel)

Plaintiffs' claims, and/or the issues and alleged underlying misconduct raised by Plaintiffs' claims that have been previously litigated, included before this Court through its August 3, 2021 Order, are barred, in whole or in part, from any recovery under the doctrines of res judicata and/or collateral estoppel.

## SECOND AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Plaintiffs fail to state a claim against Defendants as to which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

(Control Person Liability)

Plaintiffs' claims are barred, in whole or in part, because Defendant Benjamin Shaw was not a "controlling person" of Covetrus within the meaning of Section 20 of the Securities Exchange Act of 1934.

## FOURTH AFFIRMATIVE DEFENSE

(Good Faith)

Defendants at all times, acted in good faith, with reasonable care, and did not directly or indirectly induce any acts constituting the alleged violations and causes of action. *See, e.g.*, 15 U.S.C. § 78t.

## FIFTH AFFIRMATIVE DEFENSE

(Knowledge)

Defendants had no knowledge of or reasonable ground to believe in the existence of the facts alleged, and did not act recklessly as to any alleged misstatement or omission, on which the liability of the Defendants is based. *See, e.g.*, 15 U.S.C. § 77o.

## SIXTH AFFIRMATIVE DEFENSE

(Covered Person)

Plaintiffs' and members of the purported class' claims are barred, in whole or in part, because pursuant to Section 21D of the Exchange Act, Defendant Benjamin Shaw is a covered person who did not knowingly commit a violation of the securities laws. *See, e.g.,* 15 U.S.C. § 78u–4.

## SEVENTH AFFIRMATIVE DEFENSE

(Safe Harbor)

Plaintiffs' claims are not actionable to the extent the alleged untrue statements of material fact, omissions of material fact, misleading statements, and/or other challenged statements made by the Defendants fall within one or both of the Safe Harbor provisions of the Private Securities Litigation Reform Act of 1995 (the "Reform Act"), as codified at 15 U.S.C. § 77z-2(c), and/or the "bespeaks caution" doctrine.

## EIGHTH AFFIRMATIVE DEFENSE

### (Prior Knowledge)

At the time of their acquisition of Covetrus stock, Plaintiffs and members of the purported class had actual or constructive knowledge of the allegedly untrue statements of all or some of the alleged omissions and misstatements or other wrongful conduct upon which Defendants' purported liability rests.

## NINTH AFFIRMATIVE DEFENSE

### (Materiality)

Defendants are not liable because the alleged misrepresentations and omissions on which Plaintiffs base their claims were not material and because the challenged statements or omissions were immaterial puffery, vague and indefinite statements of optimism, matters of opinion or soft opinion.

## TENTH AFFIRMATIVE DEFENSE

### (Public Availability)

Certain matters alleged to be the subject of misrepresentations and omissions were publicly disclosed or were in the public domain, and as such were available to Plaintiffs and members of the purported class, and/or the securities markets.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Transaction/Loss Causation)

Plaintiffs' claims are barred because Plaintiffs' and members of the purported class' alleged losses were not directly or proximately caused by Defendants, and Plaintiffs are unable to establish that the alleged misstatements and omissions in the Amended Complaint were the cause of Plaintiffs' and members of the purported class' decisions to purchase or sell Covetrus securities

on the terms of Plaintiffs' and members of the purported class' investments, and/or Plaintiffs members of the purported class did not rely upon the alleged misstatements and omissions in acquiring Covetrus stock.

## TWELFTH AFFIRMATIVE DEFENSE

(Improper Class Action)

This action is not properly maintainable as a class action pursuant to Federal Rule of Civil Procedure 23.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Inadequate Representative)

On information and belief, Plaintiffs are not adequate or appropriate class representatives.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Contribution and Indemnity)

Under principles of contribution and indemnity, persons or entities other than Defendants are wholly or partially responsible for the purported damages, if any, Plaintiffs and members of the purported class have sustained.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Proportionate Liability)

Any recovery for damages allegedly incurred by Plaintiffs and members of the purported class, if any, is limited to the percentage of responsibility of Defendants in proportion to the total fault of all persons, whether or not named as parties to this action, who caused or contributed to Plaintiffs' and members of the purported class' alleged damages, if any, pursuant to the proportionate liability provisions of the Reform Act, as codified at 15 U.S.C. § 78u-4(f)(3)(A).

## SIXTEENTH AFFIRMATIVE DEFENSE

(Reduction in Damages)

Any recovery for damages allegedly incurred by Plaintiffs and members of the purported class, if any, is subject to offset based on any tax benefits actually received by Plaintiffs or each member of the putative class through its/his/her investments, proceeds received in connection with the sale of their Covetrus securities, or any other amounts received related to their alleged investments in Covetrus.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Lack of Impact on Market Price)

Plaintiffs' claims against Defendants are barred, in whole or in part, because the purported misstatements or omissions alleged in the Amended Complaint did not affect the market price of Covetrus securities.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Waiver)

On information and belief, Plaintiffs and members of the purported class, by acts, omissions and/or conduct, have waived, in whole or in part, their right to obtain relief sought in the Amended Complaint, including under the doctrines of waiver, ratification, unclean hands, laches, and/or estoppel.

## NINETEENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Plaintiffs' and members of the purported class' claims against Defendants are barred, in whole or in part, by Plaintiffs' and members of the purported class' failure to mitigate their alleged damages.

61

## TWENTIETH AFFIRMATIVE DEFENSE

(Regardless of Alleged Falsity)

Plaintiffs and members of the purported class would have acquired Covetrus common stock even if, when acquired, class members had known of the allegedly untrue statements of material fact, omissions of material fact, misleading statements, or other wrongful conduct upon which Defendants' purported liability rests.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Unjust Enrichment)

Plaintiffs' and members of the purported class' claims are barred, in whole or in part, because awarding Plaintiffs and members of the purported class' requested damages would result in unjust enrichment to Plaintiffs and members of the purported class.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Knowledge of Risks)

Plaintiffs and the members of the purported class knew or should have known the risks associated with Covetrus' business, and in failing to consider these risks, Plaintiffs and each purported class member assumed the risk that he, she, or it might be damaged by acquiring Covetrus stock.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Standing)

Plaintiffs' and members of the purported class' claims against Defendants are barred, in whole or in part, because Plaintiffs and members of the purported class lack standing to assert their claims against Defendants.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Preclusion of Fees)

Plaintiffs and members of the purported class are precluded from recovering attorneys' fees or experts' fees from Defendants under applicable provisions of law.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Other Causes of Loss)

Under any theory of liability, Plaintiffs and members of the purported class may not recover damages based on depreciation in the value of Covetrus securities that resulted from factors other than the alleged material devices, schemes, or artifices to defraud, misstatements or omissions, acts, practices, or courses of business which are cited in the Amended Complaint.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Excessive Damages)

Plaintiffs' and members of the purported class' claims are barred, in whole or in part, to the extent that the damages sought exceed those permitted under the Exchange Act, the Reform Act, common law, or any other applicable statute, rule, or regulation.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Lack of Cognizable Injury)

Plaintiffs' and members of the purported class' claims are barred, in whole or in part, because Plaintiffs and members of the purported class did not suffer any cognizable injury or damages.

Dated: October 18, 2021      Respectfully Submitted,

                **LATHAM & WATKINS LLP**

                By: /s/ Kevin M. McDonough
                    Kevin M. McDonough

                Jamie L. Wine
                Kevin M. McDonough
                Corey A. Calabrese
                1271 Avenue of the Americas
                New York, NY 10020
                Tel: (212) 906-1200
                Fax: (212) 751-4864
                jamie.wine@lw.com
                kevin.mcdonough@lw.com
                corey.calabrese@lw.com

                *Attorneys for Defendants Covetrus, Inc. and*
                *Benjamin Shaw*