**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

CITY OF HOLLYWOOD POLICE OFFICERS'
RETIREMENT SYSTEM and PEMBROKE PINES
PENSION FUND FOR FIREFIGHTERS AND
POLICE OFFICERS, Individually and On Behalf of
All Others Similarly Situated,

                         Plaintiffs,

v.

HENRY SCHEIN, INC., COVETRUS, INC.,
STEVEN PALADINO, BENJAMIN SHAW, and
CHRISTINE T. KOMOLA,

                         Defendants.

Case No. 2:19-cv-5530(GRB)(RLM)

---

**STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED, by and among Lead Plaintiffs City of

Hollywood Police Officers' Retirement System and Pembroke Pines Pension Fund for Firefighters

and Police Officers, and Defendants Covetrus, Inc. and Benjamin Shaw (each of whom

individually is referred to herein as a "Party," and collectively, the "Parties"), by and through their

undersigned counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502

of the Federal Rules of Evidence, that:

1.        <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery in this action may involve production of confidential, proprietary,

or private information for which special protection from public disclosure and from use for any

purpose other than prosecuting this litigation may be warranted.  Accordingly, the Parties hereby

stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Order").

The Parties acknowledge that this Order does not confer blanket protections on all disclosures or

1

responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section 12.3, below, that this Order does not entitle them to file Protected Material under seal.  A Party seeking to file Protected Material under seal must comply with the Court's rules and electronic docketing procedures for filing motions for leave to file under seal.

2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that contain or reflect "a trade secret or other confidential research, development, or commercial information" that is not generally available to members of the public, as provided for in  Fed. R. Civ. Pro.  26(c), any personally sensitive information, or any personally identifying information (e.g., social security numbers, personal cell phone numbers, etc.).

2.3    Counsel (without qualifier): Outside Counsel of Record and In-House Counsel, as well as their support staff.

2.4    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.5    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things,

2

testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, as well as the expert witness's or consultant's assistants, support staff, and agents.

2.7    "HIGHLY CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that the Designating Party in good faith believes should be restricted to even more limited access than "CONFIDENTIAL" information because disclosure to the opposing Party could seriously harm the competitive position of the Disclosing Party and that harm cannot be avoided by less restrictive means. Information appropriate for designation as "HIGHLY CONFIDENTIAL" shall include, but not be limited to, unpublished pending copyright and patent applications, highly sensitive technical or development source code (including source code and source code listings, object code and object code listings, executable code and similar sensitive software code, whether in printed or electronic form), competitively sensitive financial and strategic information concerning potential and actual acquisitions by any Party, and other highly sensitive proprietary data or information of extremely sensitive commercial value including but not limited to highly sensitive production, formulation, manufacturing, marketing, sales, financial, or shipment information.

2.8    In-House Counsel: attorneys and their assistants, paralegals, and any other support staff or employees, who are employees of a Party to this action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and their assistants, paralegals, and any other support staff or employees.

2.11    Party: any party to this action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staff).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    Professional Vendor: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations and processing, hosting, organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the

protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known or obtained by the Receiving Party from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

### 4.    DURATION

Even after final disposition of this litigation and subject to the procedures outlined in Section 13 below, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

### 5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies for such protection under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited. The Parties agree in good faith to use the "HIGHLY CONFIDENTIAL" designation sparingly, and only as they deem absolutely necessary to protect their most sensitive information. If it comes to a Designating Party's attention that information or items that it designated for protection do not

5

qualify for such protection, that Designating Party must promptly notify all other Parties in writing that it is withdrawing the mistaken designation and identify the de-designated information or items by production number or other individually identifiable information.  For the avoidance of doubt, the provisions in this Section 5.1 are not intended to impose any obligations on the Parties beyond what is required by the Federal Rules of Civil Procedure.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (*see, e.g.*, Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a)     For information in documentary form (*e.g.,* paper or electronic documents, interrogatory answers and responses to requests to admit, or expert reports, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to each page that contains Protected Material.  A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY

6

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" legend to each page that contains Protected Material.

(b)      For testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identifies on the record, before the close of the deposition, hearing, or other proceeding, as protected testimony. Alternatively, counsel for a deposed witness may make a confidentiality designation within 15 (fifteen)) days of receiving the final deposition transcript by identifying for the court reporter and opposing counsel those specific portions of the testimony as to which protection is sought.   Only those portions of the testimony that are designated for protection, either on the record or within the 15-day period, shall be covered by the provisions of this Order.   The Designating Party shall inform the court reporter that transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material.   Any transcript that is prepared before the expiration of the 15-day period shall be treated during that period as if it had been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in its entirety unless otherwise agreed.   After the expiration of that period, the transcript shall be treated only as actually designated; and

(c)      For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

5.3      Upward Designation of Information or Documents Produced by Other Parties or Non-Parties. A Party or Non-Party may upward designate (*i.e.,* change any Discovery Material

produced without a designation of Protected Material to Protected Material) any Discovery Material produced by another Party or Non-Party, provided that said Discovery Material contains the upward Designating Party's or Non-Party's Protected Material and that the upward Designating Party or Non-Party informs the Receiving Party of the change in designation within seven (7) days of the date that the need to upward designate first became known to the Designating Party or Non-Party.  Upward designation shall be accomplished by providing written notice to all Parties identifying (by production number or other individually identifiable information) the Discovery Material to be re-designated.  Any Party may object to the upward designation of Discovery Material pursuant to the procedures set forth in Section 6 regarding challenging designations.

5.4     Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items does not, standing alone, necessarily waive the Producing Party's right to secure protection under this Order for such material.  If  a Producing Party realizes that discovery material was inadvertently produced without designation, the Producing Party may designate by timely apprising all Parties in writing, and any designated portions of the discovery material will thereafter be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the terms of this Order.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.5     For the avoidance of doubt, this Order does not govern the use of Protected Material at trial. Prior to trial, the Parties shall meet and confer on the use of Protected Material at trial, and shall address procedures governing such use in the proposed pre-trial order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party may challenge a designation of confidentiality at any time.  A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. A Receiving Party that challenges the Producing Party's confidentiality designation will, as an initial step, and pursuant to Local Civil Rule 37.3, contact the Producing Party and attempt to confer in good faith to resolve the dispute in person or by telephone.  If the Parties are unable to resolve the dispute without court intervention, they shall apply to the Court for a determination as to whether the designation is appropriate.  In the event of such a motion, the Protected Material may be submitted to the Court for *in camera* review.  The Party that designated the material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" bears the burden of proving it was properly designated.  All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to the following recipients:

9

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record;

(b)     the officers, directors, and employees (including In-House Counsel) of the Receiving Party;

(c)     Experts (as defined in this Order) of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters and their staff, videographers and their staff, and mediators and their staff, to whom disclosure is reasonably necessary for this litigation;

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     during their depositions, witnesses in this litigation, (*but see also* section 7.4); and

(h)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to the following recipients:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record;

(b)     the Receiving Party's In-House Counsel;

(c)     Experts (as defined in this Order) of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)       the Court and its personnel;

(e)       court reporters and their staff, videographers and their staff, and mediators and their staff, to whom disclosure is reasonably necessary for this litigation;

(f)       professional jury or trial consultants, mock jurors, and Professional Vendors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)       during their depositions, witnesses in this litigation (*but see also* section 7.4);

(h)       the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(i)       any other person agreed to by the Producing Party who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) acknowledging the terms of this Order and agreeing to comply with them.

7.4       Use of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Materials During Non-Party Depositions.

(a)       If any Party intends to show information or materials designated by an opposing Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to a Non-Party deposition witness (including former employees of a Party), the Non-Party witness must first sign the "Acknowledgement and Agreement to be Bound," attached hereto as Exhibit A, prior to the disclosure of any such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material, unless the witness is the author or recipient of a document containing the information, the witness is a person who otherwise possessed or knew the information, the witness is represented, for purposes of their deposition, by Counsel for the Designating Party (including former employees of a Party), or unless otherwise ordered by the Court.

(b)      If a Non-Party deposition witness refuses to sign the "Acknowledgement and Agreement to be Bound," and the parties are otherwise unable to reach a resolution,  Defendants shall seek a determination from this Court within two (2) business days of a Non-Party's refusal to sign the "Acknowledgement and Agreement to be Bound"  in an effort to reach a mutually agreeable resolution before proceeding to show information or materials designated by an opposing Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to that witness during the deposition.

7.5      Retention of Exhibit A. Outside Counsel for the Party that obtains the signed "Acknowledgment and Agreement to Be Bound" (Exhibit A), as required above, shall retain them for six (6) months following the final termination of this Action (as defined in Section 4 above) and shall make them available to other Parties, Non-Parties, or the Court upon good cause shown.

8.      **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

8.1.      If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that Party must:

(a)      promptly within three (3) business days notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)      promptly within three (3) business days notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

(c)       cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

8.2.      If the Designating Party timely seeks a protective order and immediately notifies the other Party in writing that it has done so, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission or the Party is legally obligated to do so notwithstanding the pendency of the Designating Party's motion for a protective order. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.        A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

9.1.      The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in this provision should be construed as prohibiting a Non-Party from seeking additional protections.

9.2.      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)       promptly notify in writing the requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

13

(b)      promptly provide the Non-Party with a copy of the Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)      make the information requested available for inspection by the Non-Party.

9.3.      If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its confidential information.

9.4.      For the avoidance of doubt, the provisions of this Section 9 do not prevent all Parties from promptly providing all documents produced in this action by any Non-Party pursuant to subpoena duces tecum to all other Parties in accordance with their obligations under the Federal Rules.

10.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is

14

attached hereto as Exhibit A; and (e) request such person or persons to immediately destroy all copies of the Protected Material.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

11.1    The inadvertent, unintentional or unauthorized disclosure in this action by a Producing Party of information which is privileged, work product, or subject to any form of immunity shall not necessarily be deemed a waiver, in whole or in part, of any relevant privilege, protection, or immunity.  This Order shall be interpreted to provide the maximum protection allowed to the Producing Party by Fed. R. Evid. 502(d) as long as the Producing Party informs the Receiving Party of the inadvertent production within seven (7) days of the date the inadvertent disclosure first became known to the Producing Party.

11.2    When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege, immunity or any other form of protection within seven (7) days of the date the inadvertent disclosure first became known to the Producing Party, the Receiving Party shall use its best efforts to return or destroy it and all copies thereof within three (3) business days and destroy all notes or other work product reflecting the content of such material and delete such material from any litigation-support or other database.  This provision is not intended to waive or limit in any way either Party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except the Receiving Party may not assert as a basis for the relief it seeks the fact or circumstance that such documents previously were produced in this action unless the Producing Party fails to notify the Receiving Party of its inadvertent disclosure within seven (7) days of the date the inadvertent disclosure first

15

became known to the Producing Party.  Alleged privileged material shall remain protected against disclosure and use during the pendency of any dispute over its status.

12.    MISCELLANEOUS

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Order no Producing Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3    Filing Protected Material. A Party seeking to file Protected Material under seal must comply with the Court's rules and electronic docketing procedures for filing motions for leave to file under seal.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  To the extent that the Court requires any further act by the Parties as a precondition to the filing of documents under seal (beyond the submission of this Order), it shall be the obligation of the Producing Party of the documents to be filed with the Court to satisfy any such precondition. Where possible, only confidential portions of the filings with the Court shall be filed under seal.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

12.4    Use at Court Hearings. Subject to the Federal Rules of Evidence, Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" may be offered and received into evidence at any hearing or oral argument. A Party agreeing to the entry of this Order does not thereby waive the right to object to the admissibility of the material in any proceeding,

16

including trial. Any Party may move the Court for an order that Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" be reviewed *in camera* or under other conditions to prevent unnecessary disclosure.

12.5    Jurisdiction.  All persons receiving Protected Material agrees to subject himself or herself to the jurisdiction of the Court for the purposes of any proceedings related to the performance under, compliance with, or violation of this Order.

12.6    A Designating or Producing Party's Use of Its Own Documents.  Nothing in this Order shall be construed to limit in any way any Producing Party's, Receiving Party's, or any other person's use of its own documents, including documents obtained independently and lawfully from sources other than a Producing Party, nor shall it affect any Producing Party's, Receiving Party's, or any other person's subsequent waiver of its own prior designation with respect to its own Protected Material.

13.    FINAL DISPOSITION

Within sixty (60) days after the final disposition of this action, as defined in Section 4 above, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Upon written request of the Producing Party, the Receiving Party will certify that the Protected Material was returned or destroyed.  Notwithstanding this provision, Counsel are entitled to retain archival copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and Expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to

17

this Order as set forth in Section 4 (DURATION). Provided that the Receiving Party makes reasonable efforts to comply with this provision, failure to destroy Protected Material shall not be deemed a violation of this provision. The Parties agree that the terms of this Order shall survive and remain in effect after the termination of this action. The Court has and shall retain jurisdiction to hear disputes arising out of this Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: November 30, 2021                           Respectfully submitted,

**SAXENA WHITE P.A.**                              **LATHAM & WATKINS LLP**

/s/ Lester R. Hooker                               /s/ Jamie L. Wine
Lester R. Hooker (*pro hac vice*)                  Jamie L. Wine
Joseph E. White, III (*pro hac vice* forthcoming)  Kevin M. McDonough
7777 Glades Road, Suite 300                        Corey Calabrese
Boca Raton, FL 33434                               1271 Avenue of the Americas
Tel: (561) 394-3399                                New York, NY
jwhite@saxenawhite.com                             Tel: (212) 906-1200
lhooker@saxenawhite.com                            jamie.wine@lw.com
                                                   kevin.mcdonough@lw.com
                                                   corey.calabrese@lw.com

Steven B. Singer (*pro hac vice* forthcoming)      *Counsel for Defendants*
Kyla Grant (*pro hac vice*)
Sara DiLeo (*pro hac vice*)
10 Bank Street, 8th Floor
White Plains, NY 10606
Tel: (914) 437-8551
ssinger@saxcenawhite.com
kgrant@saxenawhite.com
sdileo@saxenawhite.com

David R. Kaplan (*pro hac vice*)
Hani Farah
2750 High Bluff Drive, Suite 475
San Diego, CA 92130
Tel: (858) 997-0860
dkaplan@saxenawhite.com
hfarah@saxenawhite.com

18

*Lead Counsel for the Class*

**KLAUSNER KAUFMAN JENSEN & LEVINSON**
Robert D. Klausner
7080 Northwest 4th Street
Plantation, Florida 33317
Tel: (954) 916-1202
bob@robertdklausner.com

*Additional Counsel for Plaintiff City of Hollywood Police Officers' Retirement System*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED:  _____, 2021          _____
                              ROANNE L. MANN
                              UNITED STATES MAGISTRATE JUDGE

19

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND
CERTIFICATION**

I, _____, a _____ of _____, hereby

certify that I have read the attached Stipulated Protective Order, dated _____.  I

hereby agree to be bound by the terms of the Stipulated Protective Order.

For purposes of enforcing the Stipulated Protective Order, I hereby agree to be subject to the

jurisdiction of the United States District Court for the Eastern District of New York.  I

understand that violation of the Stipulated Protective Order is punishable by contempt of court.


Signature:_____   Dated: _____