# EXHIBIT A

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CITY OF HOLLYWOOD POLICE OFFICERS' RETIREMENT SYSTEM and PEMBROKE PINES PENSION FUND FOR FIREFIGHTERS AND POLICE OFFICERS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>HENRY SCHEIN, INC., COVETRUS, INC., STEVEN PALADINO, BENJAMIN SHAW, and CHRISTINE T. KOMOLA,<br><br>Defendants. | No. 2:19-cv-5530 (GRB)(RLM)<br><br><br><br><u>CLASS ACTION</u> |

**DECLARATION OF DAVID WILLIAMS IN SUPPORT OF: (I) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (II) LEAD PLAINTIFFS' MOTION FOR AN AWARD OF <u>ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES</u>**

I, David Williams, hereby declare under penalty of perjury as follows:

1.　　　I am the Administrator of the City of Hollywood Police Officers' Retirement System ("Hollywood Police"), which, along with the Pembroke Pines Pension Fund for Firefighters and Police Officers ("Pembroke Pines F&P"), are the Court-appointed Lead Plaintiffs in this securities class action (the "Action").[1]  I submit this declaration on behalf of Hollywood Police and in support of (i) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation; and (ii) Lead Plaintiffs' Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses.

2.　　　I am aware of and understand the requirements and responsibilities of a lead plaintiff in a securities class action, including those set forth in the Private Securities Litigation Reform Act of 1995 ("PSLRA").  I have personal knowledge of the matters set forth in this declaration as I have been directly involved in monitoring and overseeing the prosecution of the Action during my time as Administrator of Hollywood Police, as well as the negotiations leading to the Settlement, and I could and would testify competently to those matters.

## I.　　Hollywood Police's Oversight of the Action

3.　　　Hollywood Police is a public pension system organized for the benefit of current and retired police officers of Hollywood, Florida.  As of September 30, 2021, Hollywood Police managed more than $405 million in assets on behalf of approximately 690 members and beneficiaries.

4.　　　Hollywood Police purchased Covetrus common stock during the Settlement Class Period and suffered substantial losses as a result.  Hollywood Police is accustomed to serving as a fiduciary, and believes that its active participation in appropriate litigation, such as this Action, is

---

[1] Unless otherwise indicated, capitalized terms have the meanings set forth in the Amended Stipulation and Agreement of Settlement, dated June 17, 2022 (ECF No. 91-1) (the "Settlement" or "Stipulation").

1

necessary to protect the interests of its pension fund participants. Hollywood Police's understanding of the responsibilities and fiduciary responsibilities involved in securities class action litigation and settlements is informed by Hollywood Police's experience serving as a Co-Lead Plaintiff with Pembroke Pines F&P in *In re HD Supply Holdings, Inc. Sec. Litig.*, No. 1:17-cv-02587 (N.D. Ga.) where a $50 million settlement was achieved on behalf of a class of investors.

5. One of my responsibilities as Administrator involves overseeing the litigation brought by Hollywood Police, including with respect to this Action, which included monitoring Hollywood Police's selected counsel for litigation through Hollywood Police's fiduciary counsel Klausner, Kaufman, Jensen & Levinson P.A. ("Klausner Kaufman"), coordinating my staff in the collection of documents on behalf of Hollywood Police, and participating in strategic decision making and settlement approval.

6. On behalf of Hollywood Police, I and my colleagues had regular communications with Court-appointed Lead Counsel Saxena White P.A. ("Saxena White") and Klausner Kaufman. Hollywood Police, through the active and continuous involvement by me and my colleagues, as detailed below, closely supervised and participated in all material aspects of the prosecution of the Action.

7. Hollywood Police received regular status reports from Saxena White and Klausner Kaufman on case developments and participated in regular discussions with attorneys from Saxena White and Klausner Kaufman concerning the prosecution of the Action, the strengths of and risks to the claims, and settlement.

8. In particular, throughout the course of this Action, I and others on behalf of Hollywood Police, coordinated with Lead Counsel about, and participated in, the following case events:

2

a.      **Initiating the Action**. Hollywood Police demonstrated its commitment to vigorously prosecuting this Action by investigating the claims asserted and filing the initial complaint in this Action.  In connection with filing the initial complaint, I and colleagues at Hollywood Police reviewed certain materials provided by Saxena White—including, among other documents, a draft of the initial complaint and Hollywood Police's PSLRA certification—and communicated with Saxena White and Klausner Kaufman. In total, I devoted approximately 5.5 hours in connection with commencing this Action.

b.      **Lead Plaintiff Appointment Process.**  In connection with the Court's appointment of Hollywood Police as Lead Plaintiff (along with Pembroke Pines F&P), I and Klausner Kaufman reviewed Hollywood Police's lead plaintiff application, communicated with Saxena White, Klausner Kaufman, and Pembroke Pines F&P regarding the co-lead plaintiff application, participated in a joint conference call with Saxena White, Pembroke Pines F&P, and Klausner Kaufman, and executed a joint declaration detailing Lead Plaintiffs' commitment to efficiently and effectively litigating the Class's claims under our supervision.  *See* ECF No. 17-4.  In total, I devoted approximately 7 hours in connection with the lead plaintiff appointment process.

c.      **Significant Pleadings and Briefs.**  I, my colleagues at Hollywood Police, and Klausner Kaufman reviewed and commented on drafts of Lead Plaintiffs' consolidated complaint, amended consolidated complaint, opposition to Defendants' Motion to Dismiss, and other key filings throughout the litigation.  I contributed my perspective as a representative of Hollywood Police, a Covetrus shareholder during the Class Period, to help ensure the Class's best interests were reflected in Lead Counsel's litigation strategy

3

and legal arguments.    In total, I devoted approximately 13 hours reviewing and commenting on significant pleadings and briefs.

      **d.**     **Discovery and Other Significant Litigation Developments.**  During the course of discovery in the Action, I and my colleagues conferred with Saxena White attorneys regarding Co-Lead Plaintiffs' Rule 26(a) initial disclosures and reviewed the disclosures before they were served on Defendants.  Additionally, I and other Hollywood Police representatives sought, reviewed, and addressed follow-up issues relating to potentially relevant and discoverable documents and data of Hollywood Police.  I and other Hollywood Police representatives also had regular discussions with, and received regular updates from, Saxena White regarding the overall discovery efforts in the litigation.  Those efforts included discussing discovery requests, interrogatories, discovery disputes, document production, case scheduling, and case strategy.  In total, I devoted approximately 18.5 hours in connection with Rule 26(a) initial disclosures and discovery.

      **e.**     **Settlement Negotiations.**  Hollywood Police oversaw the settlement negotiations in this Action, including calls with counsel and additional discussions between the Parties, which led to the Settlement.  Before, during, and after the mediation session, Hollywood Police representatives conferred with Saxena White at length regarding the Parties' respective positions on the facts and the law (including reviewing the Parties' respective mediation submissions).  Further, after the mediation session, Hollywood Police representatives evaluated and approved the proposed Settlement.  In total, I devoted approximately 7 hours to mediation and related efforts to settle the Action.

      **f.**     **Total.**  Throughout the prosecution of the Action, Hollywood Police was represented and supported by myself, my colleagues at Hollywood Police and Klausner

4

Kaufman.  In total, I devoted approximately 51 hours in support of Hollywood Police's efforts in furtherance of the prosecution of this Action and to achieve this recovery on behalf of Covetrus shareholders during the Class Period.[2]

## II.    **Hollywood Police Strongly Endorses Approval of the Settlement**

9.    Based on its participation throughout the prosecution and resolution of the claims in the Action, Hollywood Police believes that the proposed Settlement is fair, reasonable, and adequate to the Settlement Class.  The Settlement provides an excellent recovery for the Settlement Class, particularly in light of the risks of continued litigation.

10.    Indicative of the unique risks of the Action, Lead Plaintiffs Hollywood Police and Pembroke Pines F&P were the only institutional shareholders who sought to represent the Class at the Lead Plaintiff stage.  The fact that the Court dismissed the majority of the alleged false statements and all but two named Defendants and found that the rest of the case "narrowly" survived at the pleading stage further highlights how difficult these claims were to prosecute.  The prosecution and settlement of this Action required extensive efforts on the part of Lead Plaintiffs and Lead Counsel, particularly given the complexity of the legal and factual issues and the vigorous defense by Defendants and their counsel.  The risk of no recovery was very real here, and there was no guarantee that Lead Plaintiffs would succeed at class certification and summary judgment, much less succeed at trial.

---

[2] While Hollywood Police devoted a significant amount of time to this Action, our request for reimbursement of costs is based on a very conservative estimate of the amount of my time spent on this litigation as supported by our and Saxena White's records.  We also have not included time of other employees of Hollywood Police in this reimbursement request.  The time spent by Klausner Kaufman is not included in this request for reimbursement of costs.  Saxena White entered into a fee sharing agreement with Klausner Kaufman, which serves as fiduciary counsel to both Hollywood Police and Pembroke Pines F&P, which provided that Saxena White will compensate Klausner Kaufman for Klausner Kaufman's work in the Action from the attorneys' fees that the Court approves in an amount commensurate with Klausner Kaufman's efforts and contributions in the litigation and not to exceed 10% of the attorneys' fees awarded in this matter.

11.    Hollywood Police believes that this is an extraordinary recovery given that the $35 million settlement represents the second largest settlement of a securities class action in the last decade in this District and is among the top-ten such settlements in this District's history. Hollywood Police strongly endorses approval of the Settlement by the Court.

**III.    Approval of the Attorneys' Fees Request and Reimbursement of Litigation Expenses**

12.    Hollywood Police believes that the request for an award of attorneys' fees in the amount of one-third of the Settlement Fund is fair and reasonable in light of the exceptional work that Plaintiffs' Counsel performed on behalf of the Settlement Class.  A one-third award is particularly appropriate here because of the highly complex issues involved, the extraordinary investment of time and resources, the approval of the Settlement Class, and the significant risks in the litigation.

13.    The fee percentage requested is consistent with the retainer agreement that Hollywood Police entered into with Lead Counsel that provided that Saxena White shall seek no more than one-third of the settlement as its fee, subject to Court approval.

14.    After the agreement to settle the Action was reached, Hollywood Police again evaluated Plaintiffs' Counsel's proposed one-third fee request by considering the substantial recovery obtained for the Settlement Class in this Action and authorized the requested one-third fee award to the Court for its ultimate determination.

15.    Hollywood Police takes seriously its role as a lead plaintiff to ensure that attorneys' fees are fair in light of the result achieved for the Settlement Class and to reasonably compensate Lead Counsel for the work involved and the substantial risks Lead Counsel undertook in initiating and litigating the Action.

16.    Hollywood Police further believes that the Litigation Expenses being requested for reimbursement to Plaintiffs' Counsel are reasonable, and represent costs and expenses necessary for the initiation, prosecution, and resolution of the claims in the Action.  Based on the foregoing, Hollywood Police fully supports the motion for an award of attorneys' fees and reimbursement of Litigation Expenses.

**IV.    Hollywood Police's Representative Reimbursement**

17.    Hollywood Police understands that reimbursement of a class representative's reasonable costs and expenses is authorized under the PSLRA, 15 U.S.C. § 78u-4(a)(4), which provides for an "award of reasonable costs and expenses (including lost wages) directly relating to the representation of the class to any representative party serving on behalf of a class."  For this reason, in connection with Lead Counsel's request for reimbursement of Litigation Expenses, Hollywood Police seeks reimbursement for the costs and expenses that it incurred directly related to its representation of the Settlement Class in the Action.

18.    Hollywood Police respectfully submits that its significant oversight of this Action, its active participation in all aspects of the litigation and resolution of the case, and the time Hollywood Police's representatives devoted to pursuing claims on behalf of the Settlement Class helped to achieve this Settlement justifies this request.

19.    The time that I and other staff members of Hollywood Police devoted to pursuing the Class's interests in this Action was time we otherwise would have devoted to other work for Hollywood Police, and thus represents a direct cost to Hollywood Police.  As detailed above, I devoted approximately 51 hours to this Action.  Applying my hourly billing rate of $200, Hollywood Police has incurred costs of $10,200, for which it respectfully requests reimbursement.

## V.    Conclusion

20.    In light of the foregoing facts, Hollywood Police respectfully submits that the Court should grant Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation, grant Lead Plaintiffs' Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, and approve the request to award Hollywood Police a Representative Reimbursement of $10,200 for its costs in connection with the prosecution of this Action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 16TH day, of September 2022.

David Williams
Administrator

*On behalf of the Hollywood Police Officers' Retirement System*

8