# EXHIBIT B

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| CITY OF HOLLYWOOD POLICE OFFICERS' RETIREMENT SYSTEM and PEMBROKE PINES PENSION FUND FOR FIREFIGHTERS AND POLICE OFFICERS, Individually and On Behalf of All Others Similarly Situated, | No. 2:19-cv-5530 (GRB)(RLM) |
| Plaintiffs, |  |
| v. | CLASS ACTION |
| HENRY SCHEIN, INC., COVETRUS, INC., STEVEN PALADINO, BENJAMIN SHAW, and CHRISTINE T. KOMOLA, |  |
| Defendants. |  |

**DECLARATION OF RACHEL MALDONADO IN SUPPORT OF:
(I) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (II) LEAD PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

I, Rachel Maldonado, hereby declare under penalty of perjury as follows:

1.      I am the Assistant Plan Administrator of the Pembroke Pines Pension Fund for Firefighters and Police Officers ("Pembroke Pines F&P" or the "Plan"), which, along with the City of Hollywood Police Officers' Retirement System ("Hollywood Police"), are the Court-appointed Lead Plaintiffs in this securities class action (the "Action").[1]  I submit this declaration on behalf of Pembroke Pines F&P and in support of (i) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation; and (ii) Lead Plaintiffs' Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses.

2.      Pembroke Pines F&P is aware of and understands the requirements and responsibilities of a lead plaintiff in a securities class action, including those set forth in the Private Securities Litigation Reform Act of 1995 ("PSLRA").  Pembroke Pines F&P has knowledge of the matters set forth in this declaration as the Plan has been directly involved in monitoring and overseeing the prosecution of the Action (primarily through the work of James Fisher, Plan Administrator of Pembroke Pines F&P), as well as the negotiations leading to the Settlement, and could and would produce a representative of the Plan to testify competently to those matters.

I.      **Pembroke Pines F&P's Oversight of the Action**

3.      Pembroke Pines F&P is a public pension system organized for the benefit of current and retired firefighters and police officers and their beneficiaries in the City of Pembroke Pines, Florida.  As of September 30, 2021, Pembroke Pines F&P managed more than $848 million in assets on behalf of approximately 807 members and beneficiaries.

4.      Pembroke Pines F&P purchased Covetrus common stock during the Settlement Class Period and suffered substantial losses as a result.  Pembroke Pines F&P is accustomed to

---

[1] Unless otherwise indicated, capitalized terms have the meanings set forth in the Amended Stipulation and Agreement of Settlement, dated June 17, 2022 (ECF No. 91-1) (the "Settlement" or "Stipulation").

1

serving as a fiduciary, and believes that its active participation in appropriate litigation, such as this Action, is necessary to protect the interests of its pension fund participants. Pembroke Pines F&P's understanding of the responsibilities and fiduciary responsibilities involved in securities class action litigation and settlements is informed by Pembroke Pines F&P's experience serving as a Co-Lead Plaintiff with Hollywood Police in *In re HD Supply Holdings, Inc. Sec. Litig.*, No. 1:17-cv-02587 (N.D. Ga.) where a $50 million settlement was achieved on behalf of a class of investors.   Pembroke Pines F&P also served as a Co-Lead Plaintiff with other institutional investors in the recent securities litigation against Patterson Companies, Inc., which resulted in a $63 million settlement on behalf of the class of investors.  *See Plymouth County Retirement System v. Patterson Companies, Inc., et al.*, Civ. No. 0:18-cv-00871 (D. Minn.).

5.      One of Mr. Fisher's responsibilities as Plan Administrator involves overseeing the litigation brought by Pembroke Pines F&P, including with respect to this Action, which included monitoring Pembroke Pines F&P's selected counsel for litigation through Pembroke Pines F&P's fiduciary counsel Klausner, Kaufman, Jensen & Levinson P.A. ("Klausner Kaufman"), coordinating our staff in the collection of documents on behalf of Pembroke Pines F&P, and participating in strategic decision making and settlement approval.

6.      On behalf of Pembroke Pines F&P, Mr. Fisher and our colleagues had regular communications with Court-appointed Lead Counsel Saxena White P.A. ("Saxena White") and Klausner Kaufman.  Pembroke Pines F&P, through the active and continuous involvement by Mr. Fisher and our colleagues, as detailed below, closely supervised and participated in all material aspects of the prosecution of the Action.

7.      Pembroke Pines F&P received regular status reports from Saxena White and Klausner Kaufman on case developments and participated in regular discussions with attorneys

2

from Saxena White and Klausner Kaufman concerning the prosecution of the Action, the strengths of and risks to the claims, and settlement.

8.      In particular, throughout the course of this Action, Mr. Fisher and others on behalf of Pembroke Pines F&P, coordinated with Lead Counsel about, and participated in, the following case events:

a.      **Evaluating the Merits of the Action**. In connection with Pembroke Pines F&P's decision to move for lead plaintiff, Mr. Fisher, our colleagues at Pembroke Pines F&P, and Klausner Kaufman, reviewed certain materials provided by Saxena White—including, among other documents, the filed initial complaint—and communicated with Saxena White and Klausner Kaufman.  In total, Mr. Fisher devoted approximately 6 hours in connection with evaluating the merits of this Action.

b.      **Lead Plaintiff Appointment Process.**  In connection with the Court's appointment of Pembroke Pines F&P as Lead Plaintiff (along with Hollywood Police), Mr. Fisher and Klausner Kaufman reviewed Pembroke Pines F&P's lead plaintiff application, communicated with Saxena White, Klausner Kaufman, and Hollywood Police regarding the co-lead plaintiff application, participated in a joint conference call with Saxena White, Hollywood Police, and Klausner Kaufman, and executed a joint declaration detailing Lead Plaintiffs' commitment to efficiently and effectively litigating the Class's claims under our supervision.  *See* ECF No. 17-4.  In total, Mr. Fisher devoted approximately 7 hours in connection with the lead plaintiff appointment process.

c.      **Significant Pleadings and Briefs.**  Mr. Fisher, our colleagues at Pembroke Pines F&P, and Klausner Kaufman reviewed and commented on drafts of Lead Plaintiffs' consolidated complaint, amended consolidated complaint, opposition to Defendants'

3

Motion to Dismiss, and other key filings throughout the litigation. Mr. Fisher contributed his perspective as a representative of Pembroke Pines F&P, a Covetrus shareholder during the Class Period, to help ensure the Class's best interests were reflected in Lead Counsel's litigation strategy and legal arguments. In total, Mr. Fisher devoted approximately 12.5 hours reviewing and commenting on significant pleadings and briefs.

d.    **Discovery and Other Significant Litigation Developments.** During the course of discovery in the Action, Mr. Fisher and our colleagues conferred with Saxena White attorneys regarding Co-Lead Plaintiffs' Rule 26(a) initial disclosures and reviewed the disclosures before they were served on Defendants. Additionally, Mr. Fisher and other Pembroke Pines F&P representatives sought, reviewed, and addressed follow-up issues relating to potentially relevant and discoverable documents and data of Pembroke Pines F&P. Mr. Fisher and other Pembroke Pines F&P representatives also had regular discussions with, and received regular updates from, Saxena White regarding the overall discovery efforts in the litigation. Those efforts included discussing discovery requests, interrogatories, discovery disputes, document production, case scheduling, and case strategy. In total, Mr. Fisher devoted approximately 12.75 hours in connection with Rule 26(a) initial disclosures and discovery.

e.    **Settlement Negotiations.** Pembroke Pines F&P oversaw the settlement negotiations in this Action, including, calls with counsel and additional discussions between the Parties, which led to the Settlement. Before, during, and after the mediation session, Pembroke Pines F&P representatives conferred with Saxena White at length regarding the Parties' respective positions on the facts and the law (including reviewing the Parties' respective mediation submissions). Further, after the mediation session,

4

Pembroke Pines F&P representatives evaluated and approved the proposed Settlement. In total, Mr. Fisher devoted approximately 7 hours to mediation and related efforts to settle the Action.

f.   **Total.**  Throughout the prosecution of the Action, Pembroke Pines F&P was represented and supported by Mr. Fisher, Pembroke Pines F&P representatives, and Klausner Kaufman. In total, Mr. Fisher devoted approximately 45.25 hours in support of Pembroke Pines F&P's efforts in furtherance of the prosecution of this Action and to achieve this recovery on behalf of Covetrus shareholders during the Class Period.[2]

## II.   Pembroke Pines F&P Strongly Endorses Approval of the Settlement

9.   Based on its participation throughout the prosecution and resolution of the claims in the Action, Pembroke Pines F&P believes that the proposed Settlement is fair, reasonable, and adequate to the Settlement Class. The Settlement provides an excellent recovery for the Settlement Class, particularly in light of the risks of continued litigation.

10.   Indicative of the unique risks of the Action, Lead Plaintiffs Pembroke Pines F&P and Hollywood Police were the only institutional shareholders who sought to represent the Class at the Lead Plaintiff stage. The fact that the Court dismissed the majority of the alleged false statements and all but two named Defendants and found that the rest of the case "narrowly" survived at the pleading stage further highlights how difficult these claims were to prosecute. The prosecution and settlement of this Action required extensive efforts on the part of Lead Plaintiffs

---

[2] While Pembroke Pines F&P devoted a significant amount of time to this Action, our request for reimbursement of costs is based on a very conservative estimate of the amount of Mr. Fisher's time spent on this litigation as supported by our and Saxena White's records. We also have not included time of employees of Pembroke Pines F&P, other than Mr. Fisher, in this reimbursement request. The time spent by Klausner Kaufman is not included in this request for reimbursement of costs. Saxena White entered into a fee sharing agreement with Klausner Kaufman, which serves as fiduciary counsel to both Pembroke Pines F&P and Hollywood Police, which provided that Saxena White will compensate Klausner Kaufman for Klausner Kaufman's work in the Action from the attorneys' fees that the Court approves in an amount commensurate with Klausner Kaufman's efforts and contributions in the litigation and not to exceed 10% of the attorneys' fees awarded in this matter.

5

and Lead Counsel, particularly given the complexity of the legal and factual issues and the vigorous defense by Defendants and their counsel.  The risk of no recovery was very real here, and there was no guarantee that Lead Plaintiffs would succeed at class certification and summary judgment, much less succeed at trial.

11.    Pembroke Pines F&P believes that this is an extraordinary recovery given that the $35 million settlement represents the second largest settlement of a securities class action in the last decade in this District and is among the top-ten such settlements in this District's history. Pembroke Pines F&P strongly endorses approval of the Settlement by the Court.

**III.    <u>Approval of the Attorneys' Fees Request and Reimbursement of Litigation Expenses</u>**

12.    Pembroke Pines F&P believes that the request for an award of attorneys' fees in the amount of one-third of the Settlement Fund is fair and reasonable in light of the exceptional work that Plaintiffs' Counsel performed on behalf of the Settlement Class.  A one-third award is particularly appropriate here because of the highly complex issues involved, the extraordinary investment of time and resources, the approval of the Settlement Class, and the significant risks in the litigation.

13.    The fee percentage requested is consistent with the retainer agreement that Pembroke Pines F&P entered into with Lead Counsel that provided that Saxena White shall seek no more than one-third of the settlement as its fee, subject to Court approval.

14.    After the agreement to settle the Action was reached, Pembroke Pines F&P again evaluated Plaintiffs' Counsel's proposed one-third fee request by considering the substantial recovery obtained for the Settlement Class in this Action and authorized the requested one-third fee award to the Court for its ultimate determination.

15.     Pembroke Pines F&P takes seriously its role as a lead plaintiff to ensure that attorneys' fees are fair in light of the result achieved for the Settlement Class and to reasonably compensate Lead Counsel for the work involved and the substantial risks Lead Counsel undertook in initiating and litigating the Action.

16.     Pembroke Pines F&P further believes that the Litigation Expenses being requested for reimbursement to Plaintiffs' Counsel are reasonable, and represent costs and expenses necessary for the initiation, prosecution, and resolution of the claims in the Action.  Based on the foregoing, Pembroke Pines F&P fully supports the motion for an award of attorneys' fees and reimbursement of Litigation Expenses.

## IV.     Pembroke Pines F&P's Representative Reimbursement

17.     Pembroke Pines F&P understands that reimbursement of a class representative's reasonable costs and expenses is authorized under the PSLRA, 15 U.S.C. § 78u-4(a)(4), which provides for an "award of reasonable costs and expenses (including lost wages) directly relating to the representation of the class to any representative party serving on behalf of a class."  For this reason, in connection with Lead Counsel's request for reimbursement of Litigation Expenses, Pembroke Pines F&P seeks reimbursement for the costs and expenses that it incurred directly related to its representation of the Settlement Class in the Action.

18.     Pembroke Pines F&P respectfully submits that its significant oversight of this Action, its active participation in all aspects of the litigation and resolution of the case, and the time Pembroke Pines F&P's representatives devoted to pursuing claims on behalf of the Settlement Class helped to achieve this Settlement justifies this request.

19.     The time that Mr. Fisher and other staff members of Pembroke Pines F&P devoted to pursuing the Class's interests in this Action was time we otherwise would have devoted to other

7

work for Pembroke Pines F&P, and thus represents a direct cost to Pembroke Pines F&P. As detailed above, Mr. Fisher devoted approximately 45.25 hours to this Action. Applying his hourly billing rate of $72.58, Pembroke Pines F&P has incurred costs of $3,284.25, for which it respectfully requests reimbursement.

## V.    Conclusion

-20.    In light of the foregoing facts, Pembroke Pines F&P respectfully submits that the Court should grant Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation, grant Lead Plaintiffs' Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, and approve the request to award Pembroke Pines F&P a Representative Reimbursement of $3,284.25 for its costs in connection with the prosecution of this Action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 19th day, of September 2022.

Rachel Maldonado
Assistant Plan Administrator

*On behalf of the Pembroke Pines Pension Fund for Firefighters and Police Officers*