# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CITY OF HOLLYWOOD POLICE OFFICERS' RETIREMENT SYSTEM and PEMBROKE PINES PENSION FUND FOR FIREFIGHTERS AND POLICE OFFICERS, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> HENRY SCHEIN, INC., COVETRUS, INC., STEVEN PALADINO, BENJAMIN SHAW, and CHRISTINE T. KOMOLA, <br><br> Defendants. | No. 2:19-cv-5530 (GRB)(RLM) <br><br><br> CLASS ACTION |

**DECLARATION OF ERIC NORDSKOG REGARDING: (A) MAILING OF THE NOTICE AND CLAIM FORM; (B) PUBLICATION OF THE SUMMARY NOTICE; (C) THE SETTLEMENT WEBSITE; (D) CALL CENTER SERVICES; AND (E) REPORTS ON EXCLUSIONS AND OBJECTIONS**

I, Eric Nordskog, declare as follows:

1.      I am a Senior Project Manager of the Class Action Administration Division of A.B. Data, Ltd. ("A.B. Data"), whose corporate office is located in Milwaukee, Wisconsin. The following statements are based on my personal knowledge and information provided to me by other A.B. Data employees and if called to testify I could and would do so competently.

2.      On July 15, 2022, the Court entered its Order Adopting Report and Recommendations which granted Lead Plaintiffs' Unopposed Motion for (I) Preliminary Approval of Class Action Settlement; (II) Certification of the Proposed Settlement Class; and (III) Approval of Notice to the Settlement Class (DE #87); so-ordered the Proposed Preliminary Approval Order (DE #91-3); and approved the Notice (DE #91-4), the Claim Form (DE #91-5), and the Summary Notice (DE #91-6).[1]  Pursuant to the Preliminary Approval Order, A.B. Data is authorized to act

---

[1] All capitalized terms not defined herein shall have the same definitions as in the Amended Stipulation and Agreement of Settlement ("Stipulation" or "Settlement Agreement") filed on June 17, 2022 (ECF No. 91-1).

as the Claims Administrator in connection with the above-captioned action (the "Action"). I oversaw the notice services that A.B. Data provided in accordance with the Order.

## I.    MAILING OF THE NOTICE AND CLAIM FORM

3.    Pursuant to the Preliminary Approval Order, A.B. Data mailed the Notice and the Claim Form (collectively, the "Notice Packet") to potential Settlement Class Members.  A copy of the Notice Packet is attached hereto as Exhibit A.

4.    On July 19, 2022, A.B. Data received a data file from Defendants' Counsel containing the names and addresses of 263 unique potential Settlement Class Members.  On August 5, 2022, A.B. Data caused Notice Packets to be sent by First-Class Mail to these 263 potential Settlement Class Members.

5.    As in most class actions of this nature, the majority of potential Settlement Class Members are expected to be beneficial purchasers whose securities are held in "street name"—*i.e.*, the securities are purchased by brokerage firms, banks, institutions, and other third-party nominees in the name of the respective nominees, on behalf of the beneficial purchasers.  The names and addresses of these beneficial purchasers are known only to the nominees.  A.B. Data maintains a proprietary database with names and addresses of the largest and most common banks, brokers, and other nominees (the "Record Holder Mailing Database").  At the time of this mailing, the Record Holder Mailing Database contained 4,979 mailing records.  On August 5, 2022, A.B. Data caused Notice Packets to be sent by first-class mail to addresses for these 4,979 records.

6.    Pursuant to the Preliminary Approval Order, the Notice directed those who purchased Covetrus common stock during the Settlement Class Period for the beneficial interest of a person or organization other than themselves, to either (a) within seven (7) calendar days of receipt of the Notice, request from A.B. Data sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets

2

forward them to all such beneficial owners, or (b) within seven (7) calendar days of receipt of the Notice, provide to A.B. Data the names and addresses of all such beneficial owners. *See* Notice ¶82.

7.      On August 5, 2022, A.B. Data also delivered electronic copies of the Claim Package to 495 registered electronic filers who are qualified to submit electronic claims. These filers are primarily institutions and third-party filers who typically file numerous claims on behalf of beneficial owners for whom they act as trustees or fiduciaries.

8.      As part of the notice program for this Action, on August 5, 2022, A.B. Data also delivered electronic copies of the Claim Package via email to be published by the Depository Trust Company ("DTC") on the DTC Legal Notice System ("LENS"). LENS enables the participating bank and broker nominees to review the Claim Package and contact the Claims Administrator for copies of the Claim Package for their beneficial holders.

9.      As of September 19, 2022, A.B. Data had received an additional 21,985 names and addresses of potential Settlement Class Members from individuals or brokerage firms, banks, institutions, and other nominees.  A.B. Data has also received one request from a broker for 27,240 Notice Packets to be forwarded by the nominees to their customers.  All such requests have been, and will continue to be, fulfilled and addressed in a timely manner.

10.     As of September 19, 2022, a total of 54,467 Notice Packets have been mailed to potential Settlement Class Members and their nominees.  In addition, A.B. Data has re-mailed 54 Notice Packets to persons whose original mailings were returned by the U.S. Postal Service ("USPS") and for whom updated addresses were provided to A.B. Data by the USPS.

## II.    **PUBLICATION OF THE SUMMARY NOTICE**

11.     In accordance with Paragraph 7(d) of the Preliminary Approval Order, A.B. Data caused the Summary Notice to be published in *Investor's Business Daily* and transmitted once

over *PR Newswire* on August 8, 2022. Copies of proof of publication of the Summary Notice in *Investor's Business Daily* and over *PR Newswire* are attached hereto as Exhibits B and C, respectively.

### III.    THE SETTLEMENT WEBSITE

12.    In accordance with Paragraph 7(c) the Preliminary Approval Order, on August 5, 2022, A.B. Data established a website dedicated to the Settlement, www.CovetrusSecuritiesLitigation.com (the "Settlement Website"), to assist potential Settlement Class Members. The Settlement Website includes information regarding the proposed Settlement, including the exclusion, objection, and claim-filing deadlines and the date and time of the Settlement Hearing. In addition, copies of important documents, including, among others, the Notice, Claim Form, Settlement Agreement, Preliminary Approval Order, and Complaint are available on the Settlement Website for downloading. Settlement Class Members also may file a claim online through the Settlement Website. A.B. Data will continue operating, maintaining, and, as appropriate, updating the Settlement Website until the conclusion of its administration.

### IV.    CALL CENTER SERVICES

13.    On or around August 5, 2022, a case-specific toll-free phone number, (877) 354-3780, was established with an Interactive Voice Response system and live operators, to accommodate potential Settlement Class Members who may have questions about the Action and the Settlement. An automated attendant answers all calls initially and presents callers with a series of choices to respond to basic questions. Callers requiring further assistance have the option to be transferred to a live operator during business hours. A.B. Data continues to maintain the telephone helpline and will update the interactive voice response system as necessary through the administration of the Settlement.

4

## V.    REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS

14.    The Notice informed potential Settlement Class Members that written requests for exclusion are to be sent to the Claims Administrator such that they are received no later than October 4, 2022. A.B. Data has been monitoring all mail delivered to A.B. Data. The Notice also sets forth the information that must be included in each request for exclusion. As of September 19, 2022, A.B. Data has not received any requests for exclusion. A.B. Data will submit a supplemental declaration after the October 4, 2022 exclusion deadline addressing any requests for exclusion received.

15.    Pursuant to the Preliminary Approval Order, the Notice, Summary Notice, and Settlement Website also informed Settlement Class Members that they may object to the Settlement, the proposed Plan of Allocation or Lead Plaintiffs' motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Also, pursuant to the Preliminary Approval Order, any objections must be filed with the Court and served on Lead Counsel and Defendants' Counsel such that that are received no later than October 4, 2022. As of the date of this Declaration, A.B. Data has not received or been informed of any objection by any Settlement Class Member to any aspect of the Settlement, the Plan of Allocation, or Lead Plaintiffs' motion for an award of attorneys' fees and reimbursement of Litigation Expenses.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 19, 2022.

_____
Eric Nordskog

5

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CITY OF HOLLYWOOD POLICE OFFICERS' RETIREMENT SYSTEM and PEMBROKE PINES PENSION FUND FOR FIREFIGHTERS AND POLICE OFFICERS, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>HENRY SCHEIN, INC., COVETRUS, INC., STEVEN PALADINO, BENJAMIN SHAW, and CHRISTINE T. KOMOLA,<br><br>                    Defendants. | No. 2:19-cv-5530 (GRB)(RLM)<br><br><br>CLASS ACTION |

**NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO: All persons or entities who purchased or otherwise acquired common stock of Covetrus, Inc. ("Covetrus" or the "Company") during the time period between February 8, 2019, and August 12, 2019, inclusive, (the "Settlement Class Period") and were allegedly damaged thereby.**

_**A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.**_

**NOTICE OF SETTLEMENT:**  This notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of New York ("Court").  Please be advised that the Court-appointed Lead Plaintiffs, City of Hollywood Police Officers' Retirement System ("Hollywood Police") and Pembroke Pines Pension Fund for Firefighters and Police Officers ("Pembroke F&P") (together, "Lead Plaintiffs" or "Plaintiffs"), on behalf of themselves and the Court-certified Settlement Class (as defined in paragraph 22 below), have reached a proposed settlement of the above-captioned securities class action (the "Action") for $35 million ($35,000,000.00) in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Defendants.  All questions should be directed to Lead Counsel or the Claims Administrator (_see_ paragraph 83 below).**

1.      **Description of the Action and the Settlement Class:**  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that Defendants[1] made false and misleading statements related to the spinoff of Henry Schein Animal Health ("HSAH") from Henry Schein, Inc. ("Henry Schein"), its merger with Vets First Choice ("VFC") to form Covetrus, and the subsequent integration of these two businesses.  Defendants strongly deny this allegation.  A more detailed description of the Action is set forth in paragraphs 11-21 below.  The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 22 below.

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Amended Stipulation and Agreement of Settlement dated June 17, 2022 (the "Stipulation" or the "Settlement Agreement"), which is available at www.CovetrusSecuritiesLitigation.com.  The singular forms of nouns and pronouns include the plural and vice versa. Henry Schein, Steven Paladino ("Paladino"), and Christine T. Komola ("Komola" and, together with Henry Schein and Paladino, "Dismissed Defendants") were named as defendants in the Action, but the Court dismissed all claims against them.

QUESTIONS?  CALL (877) 354-3780 OR VISIT WWW.COVETRUSSECURITIESLITIGATION.COM.    PAGE 1 OF 16

2.   **Statement of the Settlement Class's Recovery:**   Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $35,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, (d) any attorneys' fees awarded by the Court, and (e) any other Court-approved deductions) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class.  The proposed plan of allocation (the "Plan of Allocation") is set forth in paragraphs 50-67 below.

3.   **Estimate of Average Amount of Recovery Per Share:**   Based on Lead Plaintiffs' damages expert's estimates of the number of shares of Covetrus common stock purchased during the Settlement Class Period that may have been affected by the conduct at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) per alleged damaged share (hereinafter the "damaged shares") is $0.92.  Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate.  Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired and sold their Covetrus common stock shares, and the total number and recognized loss amount of valid Claim Forms submitted.  Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* paragraphs 50-67 below) or such other plan of allocation as may be ordered by the Court.

4.   **Average Amount of Damages Per Share:**   The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action.  Among other things, Defendants deny each and all the claims and contentions alleged by Lead Plaintiffs in the Action and do not agree with the assertion that they violated the federal securities laws, made false or misleading statements with the requisite state of mind, or that any damages were suffered by Lead Plaintiffs or any members of the Settlement Class as a result of their alleged conduct.

5.   **Attorneys' Fees and Expenses Sought:**   Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception in September 2019, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action.  Court-appointed Lead Counsel Saxena White P.A. will apply to the Court for an award of attorneys' fees on behalf of all Plaintiffs' Counsel[2] in an amount not to exceed one-third (33⅓%) of the Settlement Fund.  In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution, and resolution of the claims against the Defendants, in an amount not to exceed $250,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class.  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.  Estimates of the average cost per damaged share of Covetrus common stock, if the Court approves Lead Plaintiffs' fee and expense application, is $0.31 per damaged share.

6.   **Identification of Attorneys' Representative:**   Lead Plaintiffs and the Settlement Class are represented by Lester R. Hooker, Esq. of Saxena White P.A., 7777 Glades Road, Suite 300, Boca Raton, FL 33434, (561) 206-6708, lhooker@saxenawhite.com.

7.   **Reasons for the Settlement:**   Lead Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation.  Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after further contested motions, a trial of the Action, and the likely appeals that would follow a trial.  This process could be expected to last several years.  Defendants, who deny all allegations of wrongdoing or liability or any violation of the law whatsoever, are entering into the Settlement solely to eliminate the uncertainty, distraction, time, burden, and expense of further protracted litigation.

---

[2] Plaintiffs' Counsel are Lead Counsel Saxena White P.A. ("Saxena White"), 7777 Glades Road, Suite 300, Boca Raton, FL 33434, and Lead Plaintiffs' additional counsel Klausner, Kaufman, Jensen & Levinson, P.A. ("Klausner Kaufman"), 7080 Northwest 4th Street, Plantation, Florida 33317, who, at the direction and under the supervision of Lead Counsel, performed services on behalf of the Settlement Class in the Action. Saxena White will compensate Klausner Kaufman for Klausner Kaufman's work in the Action from the attorneys' fees that the Court approves in an amount commensurate with Klausner Kaufman's efforts and contributions in the litigation and not to exceed 10% of the attorneys' fees awarded in this matter.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM ONLINE OR POSTMARKED NO LATER THAN DECEMBER 3, 2022.** | This is the only way to be potentially eligible to receive a payment from the Settlement Fund.  If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in paragraph 31 below) that you have against Defendants and the other Defendants' Releasees (defined in paragraph 32 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN OCTOBER 4, 2022.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN OCTOBER 4, 2022.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON OCTOBER 25, 2022, AT 2:00 P.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER OCTOBER 4, 2022.** | Filing a written objection and notice of intention to appear by October 4, 2022, allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

| WHAT THIS NOTICE CONTAINS | |
|---|---|

| | |
|---|---|
| Why Did I Get This Notice? | Page 4 |
| What Is This Case About? | Page 4 |
| How Do I Know If I Am Affected By The Settlement? | |
| Who Is Included In The Settlement Class? | Page 6 |
| What Are Lead Plaintiffs' Reasons For The Settlement? | Page 6 |
| What Might Happen If There Were No Settlement? | Page 7 |
| How Are Settlement Class Members Affected By The Action | |
| And The Settlement? | Page 7 |
| How Do I Participate In The Settlement?  What Do I Need To Do? | Page 9 |
| How Much Will My Payment Be? | Page 9 |
| What Payment Are The Attorneys For The Settlement Class Seeking? | |
| How Will The Lawyers Be Paid? | Page 13 |
| What If I Do Not Want To Be A Member Of The Settlement Class? | |
| How Do I Exclude Myself? | Page 14 |
| When And Where Will The Court Decide Whether To Approve The Settlement? | |
| Do I Have To Come To The Hearing?  May I Speak At The Hearing If I | |
| Don't Like The Settlement? | Page 14 |
| What If I Bought Shares On Someone Else's Behalf? | Page 15 |
| Can I See The Court File?  Whom Should I Contact If I Have Questions? | Page 16 |

| WHY DID I GET THIS NOTICE? |
|---|

8.    The Court directed that this Notice be mailed to you because you, someone in your family, or an investment account for which you serve as a custodian may have purchased or otherwise acquired Covetrus common stock during the Settlement Class Period.  The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  *See* paragraph 74 below for details about the Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

| WHAT IS THIS CASE ABOUT? |
|---|

11.    The original securities class action complaint in the Action was filed in this District by Hollywood Police on September 30, 2019, alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

12.    On December 23, 2019, the Court appointed Hollywood Police and Pembroke Pines F&P as Lead Plaintiffs pursuant to the requirements of the Private Securities Litigation Reform Act of 1995 and approved Lead Plaintiffs' selection of Lead Counsel.

13.    On February 21, 2020, Lead Plaintiffs filed their Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("Consolidated Complaint") asserting claims against Defendants and Dismissed Defendants under Section

10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, and against Shaw, Paladino, and Komola under Section 20(a) of the Exchange Act.   The Consolidated Complaint alleged, among other things, that Defendants and Dismissed Defendants made false and misleading statements on various occasions related to the spinoff of HSAH from Henry Schein, its merger with VFC to form Covetrus, and the subsequent integration of these two businesses.  The Consolidated Complaint further alleges that Covetrus' common stock price was artificially inflated as a result of Defendants' and Dismissed Defendants' false and misleading statements, and that Covetrus' common stock price declined when the truth regarding Defendants' and Dismissed Defendants' alleged misrepresentations was revealed.

14.    On May 21, 2020, Lead Plaintiffs filed their Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("Amended Complaint" or the "Complaint") on behalf of the Settlement Class, again asserting claims against Defendants and Dismissed Defendants under Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, and against Shaw, Paladino, and Komola under Section 20(a) of the Exchange Act. As in the Consolidated Complaint, these alleged false statements concerned the merger and integration of the HSAH and VFC businesses in public filings and other public statements made during the alleged class period.  The Amended Complaint also alleges that Covetrus' common stock price was artificially inflated as a result of Defendants' and Dismissed Defendants' false and misleading statements, and that Covetrus' common stock price declined when the truth regarding Defendants' and Dismissed Defendants' alleged misrepresentations was revealed.  The Amended Complaint also contained allegations that Covetrus' new CEO, Benjamin Wolin, publicly confirmed in March 2020 that Covetrus was not integrated during the Settlement Class Period.

15.    On October 21, 2020, (i) Henry Schein and Paladino, and (ii) Covetrus, Shaw, and Komola filed separate fully briefed motions to dismiss the Amended Complaint.  Among other things, these motions to dismiss argued that Lead Plaintiffs failed to adequately plead: (i) the existence of any materially misleading statement or omission; (ii) a strong inference of scienter; and (iii) loss causation.

16.    On August 3, 2021, the Court issued an Order granting the motion to dismiss filed by Henry Schein and Paladino and granting in part and denying in part the motion to dismiss filed by Covetrus, Shaw, and Komola. The Court held that Lead Plaintiffs had stated actionable claims, subject to defenses, based on eight of the challenged statements made by Shaw, and one challenged statement made by Covetrus, as well as actionable claims, subject to defenses, against Shaw under Section 20(a) of the Exchange Act. The Court dismissed all other claims and all Dismissed Defendants.  As a result, the litigation proceeded only against Defendants. The Court entered a scheduling order following the initial conference on October 26, 2021, and amended this schedule on February 16, 2022.

17.    From September 2021 through April 2022, counsel for Lead Plaintiffs and Defendants engaged in extensive fact discovery. Among other things, Lead Plaintiffs served document requests on Defendants and subpoenaed certain third parties.  Defendants thereafter produced more than 41,000 documents to Lead Plaintiffs, comprising a total of over 392,000 pages, which Plaintiffs promptly reviewed.  Defendants served document requests and interrogatories on Lead Plaintiffs and subpoenaed Lead Plaintiffs' investment advisors. Lead Plaintiffs and their investment advisors thereafter produced 215 documents, totaling over 8,700 pages, to Defendants. Defendants noticed the depositions of Lead Plaintiffs, and Lead Plaintiffs noticed the depositions of nine current or former Covetrus employees. Coordinating and conducting discovery in this Action required a monumental effort in a limited amount of time.

18.    On April 6, 2022, the Parties participated in a full-day, in-person mediation session at JAMS in New York City with Jed D. Melnick, Esq. serving as a mediator. After the mediation, the Parties reached an agreement in principle to settle the Action for a cash payment of $35,000,000 (thirty-five million dollars) for the benefit of the Settlement Class, subject to final approval of the appropriate board or management of the respective parties, and the execution of the Stipulation and related documents.

19.    Based on their investigation, discovery, prosecution, and mediation of the case, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of the Stipulation are fair, reasonable, and adequate to Lead Plaintiffs and the other members of the Settlement Class, and in their best interests.  Based on Lead Plaintiffs' oversight of the prosecution of this matter and with the advice of its counsel, Lead Plaintiffs have agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things, (a) the substantial financial benefit that Lead Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; (b) the significant risks and costs of continued litigation and trial; and (c) the desirability of permitting the proposed Settlement to be consummated as provided by the terms of the Stipulation.

20.    The Stipulation and the Settlement constitute a compromise of matters that are in dispute among the Parties. Defendants have entered into the Stipulation solely to eliminate the uncertainty, distraction, time, burden, and expense of further protracted litigation.  Each of the Defendants (and the Dismissed Defendants) has denied and continues to deny any

wrongdoing, and the Settlement and Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that the Defendants (and the Dismissed Defendants) have, or could have, asserted. Defendants (and the Dismissed Defendants) expressly deny that Lead Plaintiffs or any members of the Settlement Class possess or have asserted any valid claims as to any of them, that any of them have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever in the Action. The Stipulation and the Settlement also shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Lead Plaintiff of an infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

21.    On July 15, 2022, the Court preliminarily approved the Settlement, certified the Settlement Class, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider, among other things, whether to grant final approval to the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?

22.    If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> All persons and entities who or which purchased or otherwise acquired Covetrus common stock during the period from February 8, 2019 through August 12, 2019, inclusive, and who were allegedly damaged thereby.

Excluded from the Settlement Class are (1) Defendants and Dismissed Defendants; (2) the Officers or directors of Covetrus or Henry Schein at all relevant times; (3) members of the Immediate Family of each person noted above; (4) the legal representatives, heirs, agents, affiliates, successors, or assigns of any such excluded party; (5) Defendants' and Dismissed Defendants' liability insurance carriers and any affiliates or subsidiaries thereof; (6) any entity in which Defendants and Dismissed Defendants or their Immediate Families have or had a controlling interest; and (7) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such, or members of the Immediate Family of any excluded person. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?" on page 14 below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE POTENTIALLY ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN SUBMITTED ONLINE OR POSTMARKED NO LATER THAN DECEMBER 3, 2022.**

## WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?

23.    Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through further motion practice, trial, and appeals, as well as the very substantial risks they would face in establishing liability and damages. Lead Plaintiffs and Lead Counsel recognized that Defendants had numerous avenues of attack that could preclude a recovery. For example, among other things, Defendants would assert that the statements were not materially false and misleading because they conveyed the true state of Covetrus' integration at the time and never claimed that the Company was fully integrated. Defendants further would have argued that, even if some or all of their statements were false and misleading, they were not intentionally or recklessly false, and thus would not support a securities fraud claim. Defendants further would have argued that there was no loss causation, because, according to Defendants, the corrective disclosure at the end of the Settlement Class Period did not relate to claims about the Company's integration. Further, even if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to the allegedly false statements would be hotly contested. Lead Plaintiffs would have to prevail at several stages – including, without limitation, class certification, summary judgment, trial, and if they prevailed on those, on the appeals that were likely to follow. Thus, there were very significant risks attendant to the continued prosecution of the Action.

24.     In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.  Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $35,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no, recovery after resolution of class certification, summary judgment, trial, and appeals, possibly years in the future.

25.     Defendants (and Dismissed Defendants) have denied and continue to expressly deny each and all of the claims and contentions asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever.  Defendants (and Dismissed Defendants) have asserted and continue to assert that their conduct was at all times proper and in compliance with all applicable provisions of law, and believe that the evidence developed to date supports their position that they acted properly at all times and that the Action is without merit.  In addition, Defendants (and Dismissed Defendants) maintain that they have meritorious defenses to all claims alleged in the Action. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  Accordingly, as noted above, the Settlement may not be construed as an admission of any wrongdoing by Defendants (and Dismissed Defendants).

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

26.     If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, either at class certification, at summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED
## BY THE ACTION AND THE SETTLEMENT?

27.     As a Settlement Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

28.     If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?" below.

29.     If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Plaintiffs' application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

30.     If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against the Defendants' Releasees (as defined in paragraph 32 below) and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs, the Settlement Class, and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Stipulation, of law, and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (including Unknown Claims) against the Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees, whether or not a Settlement Class Member executes and delivers the Proof of Claim Form or shares in the Net Settlement Fund.  Any Proof of Claim Form that has been or will be executed by a Settlement Class Member shall be deemed to include a release that permanently bars and enjoins such Settlement Class Member from bringing any action asserting any of the Released Plaintiffs' Claims (as defined in paragraph 31 below) against any and all Defendants' Releasees.

31.     "Released Plaintiffs' Claims" means all actions, suits, claims, demands, losses, rights, duties, controversies, obligations, debts, sums of money, contracts, agreements, promises, damages, costs, judgments, liabilities, allegations,

arguments, causes of action, restitution, rescission, interest, attorneys' fees, expert or consulting fees, expenses, matters, and issues of any nature and description whatsoever, whether known or Unknown Claims, that have been or could have been asserted in this Action or could in the future be asserted in any forum, whether foreign or domestic, whether arising under federal, state, common, local, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, by Lead Plaintiffs, any member of the Settlement Class, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, whether brought directly, indirectly, or representatively against any of the Defendants or against the Dismissed Defendants, which: (a) arise out of, are based upon, or relate to in any way any of the allegations, acts, transactions, facts, claims, events, matters, occurrences, disclosures, statements, representations, omissions, or asserted damages involved, set forth, alleged, or referred to in the Complaint or any complaint filed in this Action, or which could have been alleged in this Action, and (b) arise out of, are based upon, or relate to in any way to the purchase, acquisition, holding, sale, or disposition of any Covetrus common stock during the Settlement Class Period.  Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person or entity who or which submitted a request for exclusion from the Settlement Class that was accepted by the Court ("Excluded Plaintiffs' Claims").

32.    "Defendants' Releasees" means Defendants and Dismissed Defendants in the Action and (i) their respective current, former, and future parents, affiliates, subsidiaries, and divisions; (ii) their respective current, former, and future employees, members, principals, Officers, directors, controlling shareholders, partnerships, partners, trustees, trusts, attorneys, advisors, consultants, accountants, auditors, agents, insurers (including the Defendants' and Dismissed Defendants' director and officer liability insurance carriers) and reinsurers of each of them, in their capacities as such; (iii) the successors, predecessors, estates, Immediate Family, heirs, executors, assigns, assignees, administrators, agents, and legal or personal representatives of each of them, and each of the predecessors, successors, and assigns of the foregoing, in their capacities as such; and (iv) any person or entity which is or was related to or affiliated with any Defendant or Dismissed Defendants or in which any Defendant or Dismissed Defendant has or had a controlling interest.

33.    "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Plaintiffs' Releasees and Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

34.    Lead Plaintiffs, Defendants, and Dismissed Defendants acknowledge that they may hereafter discover facts in addition to or different from those which they or their counsel now know or believe to be true with respect to the subject matter of the Released Claims, but Lead Plaintiffs, Defendants, and Dismissed Defendants shall expressly settle and release, and the Settlement Class and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including but not limited to conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiffs, Defendants, and Dismissed Defendants acknowledge, and each of the Settlement Class and the other Settlement Class Members and each of the other Plaintiffs' Releasees and Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and constitutes a key element of the Settlement.

35.    The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective current and former heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Stipulation, of law, and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in paragraph 36 below) against any of the Plaintiff Releasees (as defined in

paragraph 37 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff Releasees.

36.    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against the Defendants.  Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court; or (iii) any claims by Covetrus or any of its current, former, or future directors, officers, or employees under their insurance policies ("Excluded Defendants' Claims").

37.    "Plaintiffs' Releasees" means Lead Plaintiffs, all other plaintiffs in the Action, their respective attorneys, and all other Settlement Class Members, as well as each of their respective current and former Officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

38.    The Judgment will also provide that, upon the Effective Date, to the extent allowed by law, the Stipulation shall operate conclusively as an estoppel and full defense in the event, and to the extent of, any claim, demand, action, or proceeding brought by a Settlement Class Member against any of the Defendants' Releasees with respect to any of the Released Plaintiffs' Claims, or brought by a Defendant against any of the Plaintiffs' Releasees with respect to any of the Released Defendants' Claims.

39.    The Judgment shall, among other things, provide for the dismissal with prejudice of the Action against the Defendants' Releasees, without costs to any Party or the D&O Insurers, except for the payments expressly provided for in the Stipulation.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

40.    To be potentially eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation submitted online or postmarked no later than December 3, 2022.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.CovetrusSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (877) 354-3780.  Please retain all records of your ownership of and transactions in Covetrus common stock, as they may be needed to document your Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

41.    At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

42.    Pursuant to the Settlement, Covetrus shall pay or cause to pay $35 million ($35,000,000.00) in cash.  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any and all interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other Court-approved deductions) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

43.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

44.    No Defendant Releasee or any person or entity that paid any portion of the Settlement Amount on Defendants' behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the Plan of Allocation.  In no instance shall any of the Defendants' Releasees be required to pay any amount other than as expressly provided for in the Stipulation.

45.    Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

46.    Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form submitted online or postmarked on or before December 3, 2022, shall be fully and forever barred from receiving payments pursuant to the Settlement, but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in paragraph 31 above) against the Defendants' Releasees (as defined in paragraph 32 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

47.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

48.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

49.    Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired Covetrus common stock during the Settlement Class Period and were allegedly damaged as a result of such purchases or acquisitions, will be potentially eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.  **The only security that is included in the Settlement is Covetrus common stock.**

## PROPOSED PLAN OF ALLOCATION

50.    The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants who suffered economic losses as a proximate result of the alleged wrongdoing.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

51.    The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption that Defendants' alleged false and misleading statements and material omissions proximately caused the price of Covetrus common stock to be artificially inflated throughout the Settlement Class Period.  In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiffs' damages expert considered price changes in Covetrus common stock in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and material omissions, adjusting for price changes that were attributable to market or industry forces.

52.    In order to have recoverable damages, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of Covetrus common stock.  In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts during the period between February 4, 2019, and August 12, 2019, inclusive, which had the effect of artificially inflating the price of Covetrus common stock between February 8, 2019, and August 12, 2019.  Lead Plaintiffs further allege that corrective information was released to the market on August 13, 2019 (prior to market open), which removed the artificial inflation from the price of Covetrus common stock on August 13, 2019.

53.    Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation in the prices of Covetrus common stock at the time of purchase or acquisition and at the time of sale, or the difference between the actual purchase price and sale price.  Accordingly, in order to have a Recognized Loss under the Plan of Allocation, a Settlement Class Member who or which purchased or otherwise acquired Covetrus common stock during the Settlement Class Period must have held those shares through at least August 12, 2019.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

54.    Based on the formula stated below, a Recognized Loss Amount will be calculated for each purchase or acquisition of publicly traded Covetrus common stock made in the United States that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that number will be zero.

55.    For each share of publicly traded Covetrus common stock purchased or otherwise acquired in the United States during the Settlement Class Period (*i.e.*, during the period from February 8, 2019 through and including the close of trading

on August 12, 2019), and:

  i. sold before August 13, 2019, the Recognized Loss Amount will be $0.00.

  ii. sold from August 13, 2019 through and including the close of trading on November 8, 2019, the Recognized Loss Amount will be *the least of:* (i) $9.61, the amount of artificial inflation per share on the date of purchase/acquisition; (ii) the purchase/acquisition price minus the average closing price between August 13, 2019, and the date of sale as stated in Table A below; or (iii) the purchase/acquisition price minus the sale price.

  iii. held as of the close of trading on November 8, 2019, the Recognized Loss Amount will be *the lesser of:* (i) $9.61, the amount of artificial inflation per share on the date of purchase/acquisition; or (ii) the purchase/acquisition price minus $12.03.[3]

## ADDITIONAL PROVISIONS

56. **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above with respect to Covetrus common stock.

57. **FIFO Matching:** If a Settlement Class Member made more than one purchase/acquisition or sale of Covetrus common stock during the Settlement Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis.  Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

58. **"Purchase/Sale" Dates:** Purchases or acquisitions and sales of Covetrus common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  Shares of Covetrus common stock received either as a share dividend attendant to shares of Henry Schein or in exchange for shares of Vets First Choice are not considered Covetrus shares purchased/acquired during the Settlement Class Period, and the associated Recognized Loss Amounts for those shares is zero. Further, the receipt or grant by gift, inheritance, or operation of law of Covetrus common stock during the Settlement Class Period shall not be deemed a purchase, acquisition, or sale of Covetrus common stock for the calculation of a Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of Covetrus common stock unless (i) the donor or decedent purchased or otherwise acquired or sold Covetrus common stock during the Settlement Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Covetrus common stock.

59. **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Covetrus common stock.  The date of a "short sale" is deemed to be the date of sale of the Covetrus common stock.  In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

60. In the event that a Claimant has an opening short position in Covetrus common stock, the earliest purchases or acquisitions of Covetrus common stock during the Settlement Class Period will be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

61. **Common Stock Purchased/Sold Through the Exercise of Options:** With respect to Covetrus common stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option, and the purchase/sale price is the exercise price of the option.

62. **Determination of Distribution Amount:** If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share will be the Authorized

---

[3] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Covetrus common stock during the "90-day look-back period," August 13, 2019 through and including November 8, 2019.  The mean (average) closing price for Covetrus common stock during this 90-day look-back period was $12.03.

Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

63.    If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

64.    If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

65.    After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, unless Lead Counsel in consultation with the Claims Administrator elects to distribute such balances to late but otherwise eligible Claimants who or which would receive at least $10.00 on such distributions but have yet to receive any distribution, the remaining balance shall be contributed to an appropriate non-sectarian, non-profit charitable organization(s) unaffiliated with any party or their counsel serving the public interest selected by Lead Counsel, or as otherwise ordered by the Court.

66.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, Lead Plaintiffs' damages expert, Lead Plaintiffs' consulting experts, Defendants, Defendants' Counsel, or any of the other Plaintiffs' Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Lead Plaintiffs, the Defendants and their respective counsel, and all other Defendants' Releasees shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes, or any losses incurred in connection therewith.

67.    The Plan of Allocation stated herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the case website, www.CovetrusSecuritiesLitigation.com.

**TABLE A**

| | | | | | |
|---|---|---|---|---|---|
| **90-Day Look-back Table for Covetrus Common Stock Closing Price and Average Closing Price August 13, 2019 through November 8, 2019** | | | | | |
| **Date** | **Closing Price** | **Average Closing Price between August 13, 2019, and Date Shown** | **Date** | **Closing Price** | **Average Closing Price between August 13, 2019, and Date Shown** |
| 8/13/2019 | $13.89 | $13.89 | 9/27/2019 | $11.76 | $13.52 |
| 8/14/2019 | $12.35 | $13.12 | 9/30/2019 | $11.89 | $13.47 |
| 8/15/2019 | $15.12 | $13.79 | 10/1/2019 | $11.88 | $13.43 |
| 8/16/2019 | $14.85 | $14.05 | 10/2/2019 | $11.49 | $13.37 |
| 8/19/2019 | $15.02 | $14.25 | 10/3/2019 | $11.47 | $13.32 |
| 8/20/2019 | $14.84 | $14.35 | 10/4/2019 | $11.00 | $13.26 |
| 8/21/2019 | $13.80 | $14.27 | 10/7/2019 | $11.19 | $13.21 |
| 8/22/2019 | $14.51 | $14.30 | 10/8/2019 | $10.89 | $13.15 |
| 8/23/2019 | $14.05 | $14.27 | 10/9/2019 | $11.10 | $13.10 |
| 8/26/2019 | $14.03 | $14.25 | 10/10/2019 | $11.25 | $13.05 |
| 8/27/2019 | $13.01 | $14.13 | 10/11/2019 | $11.32 | $13.01 |
| 8/28/2019 | $13.03 | $14.04 | 10/14/2019 | $10.84 | $12.96 |
| 8/29/2019 | $13.19 | $13.98 | 10/15/2019 | $11.10 | $12.92 |
| 8/30/2019 | $13.29 | $13.93 | 10/16/2019 | $10.88 | $12.88 |
| 9/3/2019 | $13.46 | $13.90 | 10/17/2019 | $10.65 | $12.83 |
| 9/4/2019 | $13.50 | $13.87 | 10/18/2019 | $10.14 | $12.78 |
| 9/5/2019 | $13.70 | $13.86 | 10/21/2019 | $10.12 | $12.72 |
| 9/6/2019 | $13.36 | $13.83 | 10/22/2019 | $9.46 | $12.66 |
| 9/9/2019 | $13.20 | $13.80 | 10/23/2019 | $9.01 | $12.58 |
| 9/10/2019 | $14.91 | $13.86 | 10/24/2019 | $8.80 | $12.51 |
| 9/11/2019 | $14.98 | $13.91 | 10/25/2019 | $8.84 | $12.44 |
| 9/12/2019 | $14.44 | $13.93 | 10/28/2019 | $8.86 | $12.38 |
| 9/13/2019 | $13.89 | $13.93 | 10/29/2019 | $8.84 | $12.31 |
| 9/16/2019 | $13.78 | $13.93 | 10/30/2019 | $9.29 | $12.26 |
| 9/17/2019 | $13.28 | $13.90 | 10/31/2019 | $9.92 | $12.22 |
| 9/18/2019 | $12.81 | $13.86 | 11/1/2019 | $10.10 | $12.18 |
| 9/19/2019 | $12.75 | $13.82 | 11/4/2019 | $10.46 | $12.15 |
| 9/20/2019 | $12.27 | $13.76 | 11/5/2019 | $10.43 | $12.12 |
| 9/23/2019 | $12.85 | $13.73 | 11/6/2019 | $10.16 | $12.09 |
| 9/24/2019 | $12.51 | $13.69 | 11/7/2019 | $10.08 | $12.06 |
| 9/25/2019 | $11.90 | $13.63 | 11/8/2019 | $10.20 | $12.03 |
| 9/26/2019 | $11.80 | $13.57 | | | |

**WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?**

68.    Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed one-third (33 and 1/3%) of the Settlement Fund. Lead Counsel Saxena White, 7777 Glades Road, Suite 300, Boca Raton, FL 33434, also has retention agreements with Hollywood Police and Pembroke Pines F&P, which provide that Klausner Kaufman, 7080 Northwest 4th Street, Plantation, Florida 33317, additional fiduciary counsel for Hollywood Police and Pembroke Pines F&P, will work together with Lead Counsel Saxena White on this Action, and Saxena White will compensate Klausner Kaufman for that work from the attorneys' fees that the Court approves in an amount commensurate with Klausner Kaufman's efforts and contributions in the litigation and not to exceed 10% of the

attorneys' fees awarded in this matter.  At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $250,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class.  The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

### WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

69.    Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written request for exclusion from the Settlement Class, addressed to *Covetrus Securities Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217.  The exclusion request must be received no later than October 4, 2022.  You will not be able to exclude yourself from the Settlement Class after that date.  Each request for exclusion must (a) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *City of Hollywood Police Officers' Retirement System, et al. v. Henry Schein, Inc., et al.,* Case No. 2:19-cv-5530 (GRB)(RLM) (E.D.N.Y.)"; (c) state the number of Covetrus common stock shares that the person or entity requesting exclusion purchased/acquired and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of shares held at the beginning of the Settlement Class Period; and (d) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

70.    If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any of the Released Plaintiffs' Claims against any of the Defendant Releasees.

71.    If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

72.    Covetrus has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and Covetrus as set forth in a confidential Supplemental Agreement.

### WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

73.    Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing.

74.    The Settlement Hearing will be held on October 25, 2022, at 2:00 p.m., before the Honorable Roanne L. Mann at the United States Court for the Eastern District of New York, United States Courthouse, Courtroom 13C-S, 225 Cadman Plaza East, Brooklyn, NY 11201.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Plaintiffs' motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing with such modification(s) as may be consented to by the Parties to the Stipulation and without further notice to the members of the Settlement Class.

75.    Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Plaintiffs' motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Eastern District of New York at the address set forth below on or before October 4, 2022.  You must also mail the papers to Lead Counsel and Defendants' Counsel at the addresses set forth below so that the papers are received on or before October 4, 2022.

| Clerk's Office | Lead Counsel | Defendants' Counsel |
|---|---|---|
| U.S. District Court | Saxena White P.A. | Latham & Watkins LLP |
| Eastern District of New York | Lester R. Hooker, Esq. | Kevin M. McDonough, Esq. |
| 100 Federal Plaza | 7777 Glades Road | 1271 Avenue of the Americas |
| Central Islip, NY 11722 | Suite 300 | New York, NY 10020 |
| | Boca Raton, FL 33434 | |

76.    Any objection (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Covetrus common stock that the objecting Settlement Class Member purchased/acquired and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of shares held at the beginning of the Settlement Class Period.  You may not object to the Settlement, the Plan of Allocation, or Lead Plaintiffs' motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

77.    You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

78.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Plaintiffs' motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in Paragraph 75 above so that it is received on or before October 4, 2022. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

79.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in Paragraph 75 above so that the notice is received on or before October 4, 2022.

80.    The Court may adjourn the Settlement Hearing or any adjournment thereof without further written notice of any kind to the Settlement Class.  Settlement Class Members should check the settlement website at www.CovetrusSecuritiesLitigation.com, the Court's PACER site (defined in Paragraph 83 below), or contact the Claims Administrator or Lead Counsel at the addresses in Paragraph 83 below.

81.    Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Plaintiffs' motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

82.    If you purchased or otherwise acquired Covetrus common stock during the Settlement Class Period for the beneficial interest of persons or organizations other than yourself, you must either (a) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of *receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to Covetrus Securities Litigation,* c/o A.B. Data, Ltd., P.O. Box 173059, Milwaukee, WI 53217.  If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners.  Upon full compliance with these directions, such nominees may obtain reimbursement of their reasonable expenses incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.CovetrusSecuritiesLitigation.com, or by calling the Claims Administrator toll-free at (877)-354-3780.

## CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

83.     This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which are available by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.nyed.uscourts.gov, or by the Office of the Clerk, United States District Court for the Eastern District of New York, United States Courthouse, 100 Federal Plaza, Central Islip, NY 11722 which may be inspected during regular office hours.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, **www.CovetrusSecuritiesLitigation.com**.

Inquiries, other than requests for the Notice and Claim Form, should be directed to:

Covetrus Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173059
Milwaukee, WI 53217
(877) 354-3780
www.CovetrusSecuritiesLitigation.com
info@CovetrusSecuritiesLitigation.com


or


SAXENA WHITE P.A.
Lester R. Hooker, Esq.
7777 Glades Rd., Suite 300
Boca Raton, FL 33434
(561) 206-6708
lhooker@saxenawhite.com


**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**


Dated: July 15, 2022                                    By Order of the Court
                                                         United States District Court
                                                         Eastern District of New York

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CITY OF HOLLYWOOD POLICE OFFICERS' RETIREMENT SYSTEM and PEMBROKE PINES PENSION FUND FOR FIREFIGHTERS AND POLICE OFFICERS, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>HENRY SCHEIN, INC., COVETRUS, INC., STEVEN PALADINO, BENJAMIN SHAW, and CHRISTINE T. KOMOLA,<br><br>                    Defendants. | No. 2:19-cv-5530 (GRB)(RLM) |

**PROOF OF CLAIM AND RELEASE**

**I.   GENERAL INSTRUCTIONS**

1.    To recover as a member of the Settlement Class based on your claims in the action entitled *City of Hollywood Police Officers' Retirement System, et al. v. Henry Schein, Inc., Covetrus, Inc., et al.,* Case No. 2:19-cv-5530 (GRB)(RLM) (E.D.N.Y) (the "Action"), you must complete and, on page 5 below, sign this Proof of Claim and Release form ("Claim Form"). If you fail to submit a timely and properly addressed (as explained in paragraph 3 of this section) Claim Form, your claim may be rejected, and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.    Submission of this Claim Form, however, does not ensure that you will share in the proceeds of the Settlement of the Action.

3.    **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW.COVETRUSSECURITIESLITIGATION.COM NO LATER THAN DECEMBER 3, 2022, OR, IF MAILED, BE POSTMARKED NO LATER THAN DECEMBER 3, 2022, ADDRESSED AS FOLLOWS**:

Covetrus Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173059
Milwaukee, WI 53217
www.CovetrusSecuritiesLitigation.com

4.    If you are a member of the Settlement Class, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

**II.   CLAIMANT IDENTIFICATION**

1.    If you purchased or otherwise acquired common stock of Covetrus, Inc. ("Covetrus") from February 8, 2019, through August 12, 2019, inclusive (the "Settlement Class Period"), and were allegedly damaged thereby, and held the common stock in your name, you are the beneficial owner as well as the record owner. If, however, you purchased or otherwise acquired Covetrus common stock during the Class Period through a third party, such as a brokerage firm, you are the beneficial owner, and the third party is the record owner.

2.    Use **Part I** of this form entitled "Claimant Information" to identify each beneficial owner of Covetrus common stock that forms the basis of this claim, as well as the owner of record if different. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS.

3.    All joint owners must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or Taxpayer Identification) Number and telephone number of

the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

### III. IDENTIFICATION OF TRANSACTIONS

1.    Use **Part II** of this form entitled "Schedule of Transactions in Covetrus Common Stock" to supply all required details of your transaction(s) in Covetrus common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2.    On the schedules, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Covetrus common stock, whether the transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

3.    Losses incurred solely from shares of Covetrus acquired either as a share dividend by Henry Schein or by tendering shares of Direct Vet Marketing, Inc., d/b/a Vets First Choice, are NOT eligible for a potential share of the distribution of the Net Settlement Fund.

4.    The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Covetrus common stock. The date of a "short sale" is deemed to be the date of sale of the Covetrus common stock.

5.    Copies of broker confirmations or other documentation of your transactions must be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim. **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN COVETRUS COMMON STOCK.**

6.    NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All claimants with large numbers of transactions, utilizing the electronic filing format, MUST submit a manually signed paper Claim Form whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at (877) 354-3780 to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

**PART I:  CLAIMANT INFORMATION**

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's Name:

Co-Beneficial Owner's Name:

Entity Name (if claimant is not an individual):

Representative or Custodian Name (if different from Benefical Owner(s) listed above):

Address 1 (street name and number):

Address 2 (apartment, unit, or box number):

City                                    State            Zip Code/Province Code                    Country

Social Security Number or Taxpayer Identification Number:

Telephone Number (day):                    Telephone Number (evening):

Email Address:

Account Number (if filing for multiple accounts, file a separate Claim Form for each account):

Claimant Account Type (check appropriate box):

Individual (includes joint owner accounts) ☐    Pension Plan ☐
Corporation ☐    Estate ☐
IRA/401k ☐    Trust ☐

Other_____ (please specify)

**PART II: <u>SCHEDULE OF TRANSACTIONS IN COVETRUS COMMON STOCK</u>**

**Please Note - Losses incurred solely from shares of Covetrus acquired either as a share dividend by Henry Schein or by tendering shares of Direct Vet Marketing, Inc., d/b/a Vets First Choice, are NOT eligible for a potential share of the distribution of the Net Settlement Fund.**

**1. PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD** – Separately list each and every purchase/acquisition of Covetrus common stock from after the opening of trading on February 8, 2019, through and including August 12, 2019. (Must be documented.)

| Date of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding taxes, commissions, and fees) | Acquired through Share Dividend or Merger (Yes/No) |
|---|---|---|---|---|
| / / | | $ | $ | |
| / / | | $ | $ | |
| / / | | $ | $ | |
| / / | | $ | $ | |

**2. PURCHASES/ACQUISITIONS DURING 90-DAY LOOKBACK PERIOD** – State the total number of shares of Covetrus common stock purchased/acquired between August 13, 2019, and November 8, 2019, inclusive. (Must be documented.)

**3. SALES DURING THE CLASS PERIOD AND DURING THE 90-DAY LOOKBACK PERIOD** – Separately list each sale/disposition of Covetrus common stock from after the opening of trading on February 8, 2019, through and including the close of trading on November 8, 2019. (Must be documented.)

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |

**4. END HOLDINGS** – State the total number of shares of Covetrus common stock held as of the close of trading on November 8, 2019. If none, write "zero" or "0." (Must be documented.)

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF THEIR SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.**

## III.  SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

By signing and submitting this Claim Form, the claimant(s), or the person(s) acting on behalf of the claimant(s), certify(ies) that: I (We) submit this Claim Form under the terms of the Plan of Allocation of the Net Settlement Fund described in the accompanying Notice. I (We) also submit to the jurisdiction of the United States District Court for the Eastern District of New York (the "Court") with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that I (we) will be bound by the terms of any judgment entered in connection with the Settlement in the Action, including the releases set forth therein. I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in eligible Covetrus common stock, if required to do so. I (We) have not submitted any other claim covering the same transactions in Covetrus common stock during the Class Period and know of no other person having done so on my (our) behalf.

## IV. RELEASES, WARRANTIES, AND CERTIFICATION

1.    I (We) hereby warrant and represent that I am (we are) a Settlement Class Member as defined in the Notice, that I am (we are) not excluded from the Settlement Class, and that I am (we are) not one of the "Defendants' Releasees" as defined in the accompanying Notice.

2.    As a Class Member, I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, and discharge with prejudice the Released Plaintiffs' Claims as to each and all of the Defendants' Releasees (as these terms are defined in the accompanying Notice). This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

3.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

4.    I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions, and sales of Covetrus common stock that occurred during the Settlement Class Period and the number of shares held by me (us), to the extent requested.

5.    I (We) certify that I am (we are) NOT subject to backup tax withholding. (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Claim Form by the undersigned is true and correct.

Executed this _____ day of _____ in _____, _____.
                                         (Month / Year)                              (City)                        (State/Country)


_____        _____
Signature of Claimant                                            Signature of Joint Claimant, if any


_____        _____
Print Name of Claimant                                          Print Name of Joint Claimant, if any


_____
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor, or Administrator)


ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.

**REMINDER CHECKLIST:**

1.    Please sign this Claim Form.

2.    DO NOT HIGHLIGHT THE CLAIM FORM OR YOUR SUPPORTING DOCUMENTATION.

3.    Attach only copies of supporting documentation as these documents will not be returned to you.

4.    Keep a copy of your Claim Form for your records.

5.    If you move after submitting this Claim Form, please notify the Claims Administrator of the change in your address; otherwise, you may not receive additional notices or payment.

Covetrus Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173059
Milwaukee, WI 53217

**COURT APPROVED NOTICE REGARDING**
*Covetrus Securities Litigation*

# EXHIBIT B

# MUTUAL FUND PERFORMANCE

*[Mutual fund performance tables — dense columnar financial data listing fund families and their 36 Mo Performance Rating, Fund, YTD % Chg, 12Wk % Chg, 5 Yr % Chg, After Tax Rtnl, Net Asset Value, and NAV Chg.]*

---

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

CITY OF HOLLYWOOD POLICE OFFICERS' RETIREMENT SYSTEM and PEMBROKE PINES PENSION FUND FOR FIREFIGHTERS AND POLICE OFFICERS, Individually and On Behalf of All Others Similarly Situated,

Plaintiffs,

v.

HENRY SCHEIN, INC., COVETRUS, INC., STEVEN PALADINO, BENJAMIN SHAW, and CHRISTINE T. KOMOLA,

Defendants.

No. 2:19-cv-5530 (GRB)(RLM)

CLASS ACTION

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO:** All persons and entities who or which purchased or otherwise acquired Covetrus, Inc. ("Covetrus" or the "Company") common stock during the period from February 8, 2019, through August 12, 2019, inclusive, (the "Settlement Class Period") and were allegedly damaged thereby (the "Settlement Class").

**PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of New York, that the above-captioned litigation (the "Action") has been certified as a class action for settlement purposes only on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full printed Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Court-Appointed Lead Plaintiffs, City of Hollywood Police Officers' Retirement System and Pembroke Pines Pension Fund for Firefighters and Police Officers, on behalf of themselves and the Court-certified Settlement Class in the above-captioned securities class action (the "Action"), have reached a proposed settlement for $35,000,000.00 (the "Settlement"), that, if approved by the Court, will resolve all claims in the Action.

A hearing will be held on October 25, 2022, at 2:00 p.m., before the Honorable Roanne L. Mann at the United States District Court for the Eastern District of New York, United States Courthouse, Courtroom 13C-S, 225 Cadman Plaza East, Brooklyn, NY 11201. The hearing will determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Amended Stipulation and Agreement of Settlement dated June 17, 2022 (and in the Notice), should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Plaintiffs' application for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Net Settlement Fund.** If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at Covetrus Securities Litigation, c/o A.B. Data, Ltd., P.O. Box 173059, Milwaukee, WI 53217, by telephone at (877) 354-3780, or by email at info@covetrussecuritieslitigation.com. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.CovetrusSecuritiesLitigation.com.

If you are a Settlement Class Member, in order to potentially be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form online at the Settlement website or by mail. The Claim Form must be *submitted online through the case website, www.CovetrusSecuritiesLitigation.com, or postmarked no later than December 3, 2022.* If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received no later than October 4, 2022,* in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Plaintiffs' motion for attorneys' fees and reimbursement of Litigation Expenses, must be filed with the Court *by October 4, 2022,* and served to representatives of Lead Counsel and Defendants' Counsel such that they are *received no later than October 4, 2022,* in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Covetrus, Benjamin Shaw, or Defendants' Counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel. Or you may visit www.CovetrusSecuritiesLitigation.com or call toll-free at (877) 354-3780.**

Requests for the Notice or Claim Form should be made to:

Covetrus Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173059
Milwaukee, WI 53217
(877) 354-3780
www.CovetrusSecuritiesLitigation.com
info@covetrussecuritieslitigation.com

Inquiries, other than requests for the Notice or Claim Form, may be made to the Claims Administrator or to Lead Counsel:

Covetrus Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173059
Milwaukee, WI 53217
(877) 354-3780
www.CovetrusSecuritiesLitigation.com
info@covetrussecuritieslitigation.com

or

SAXENA WHITE P.A.
Lester R. Hooker, Esq.
7777 Glades Rd., Suite 300
Boca Raton, FL 33434
(561) 206-6708
lhooker@saxenawhite.com

Dated: July 15, 2022

By Order of the Court
United States District Court
Eastern District of New York

---

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

GILBERTO FERREIRA, Individually and On Behalf of All Others Similarly Situated, Plaintiff,

v.

FUNKO, INC., et al., Defendants.

Case No. 2:20-cv-02319-VAP-(MAAx)
Judge: Hon. Virginia A. Phillips
Courtroom 8A- 8th Floor

CLASS ACTION

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, MOTION FOR ATTORNEYS' FEES AND EXPENSES, AND SETTLEMENT FAIRNESS HEARING**

**To:** All persons and entities who or which purchased the common stock of Funko, Inc. ("Funko") on the open market during the period from August 8, 2019 to March 5, 2020, inclusive, and who were damaged thereby ("Settlement Class").

Certain persons and entities are excluded from the Settlement Class as set forth in the Stipulation and Agreement of Settlement, dated June 3, 2022 ("Stipulation") and the Internet Notice described below.

**PLEASE READ THIS NOTICE CAREFULLY! YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

ADDITIONAL INFORMATION ABOUT THE SETTLEMENT IS AVAILABLE ON THE SETTLEMENT WEBSITE, www.strategicclaims.net/Funko/.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Central District of California (the "Court"), that the Court-appointed Lead Plaintiffs, on behalf of themselves and the proposed Settlement Class, and defendants Funko, Inc. ("Funko"), Brian Mariotti, Jennifer Fall Jung, Andrew Perlmutter, Ken Brotman, Gino Dellomo, Adam Kriger, ACON Investments, LLC, ACON Funko Manager, LLC, ACON Funko Investors, LLC, ACON Funko Investors Holdings 1, LLC, ACON Funko Investors Holdings 2, LLC, ACON Funko Investors Holdings 3, LLC, and ACON Equity GenPar, LLC (collectively, the "Defendants") have reached a proposed settlement of the claims in the above-captioned class action (the "Action") in the amount of $7,000,000 (the "Settlement").

A hearing will be held before the Honorable Virginia A. Phillips, on November 7, 2022, at 2:00 p.m., in the United States District Court for the Central District of California, First Street U.S. Courthouse, 350 W. 1st Street, Courtroom 8A, 8th Floor, Los Angeles, CA 90012 (the "Settlement Hearing") to, among other things, to determine whether to: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation; (iii) certify the Action as a class action on behalf of the Settlement Class, certify Lead Plaintiffs as Class Representatives for the Settlement Class, and appoint Lead Counsel as Class Counsel for the Settlement Class; (iv) approve the proposed Plan of Allocation for distribution of the settlement funds to Settlement Class Members (the "Net Settlement Fund"); (v) approve Lead Counsel's application for an award of attorneys' fees of up to 25% of the Settlement Fund and reimbursement of Litigation Expenses of up to $275,000, which includes costs and expenses to Lead Plaintiffs of up to $18,000 each; and (vi) to consider any other matters that may properly be brought before the Court in connection with the Settlement. The Court may change the date of the Settlement Hearing, or hold it telephonically, without providing another notice. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT, AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.** You may obtain a Proof of Claim and Release Form ("Claim Form") and review the Internet Notice of Pendency and Proposed Settlement of Class Action ("Internet Notice") on the website www.strategicclaims.net/Funko/ or by contacting the Claims Administrator at: Funko, Inc. Securities Litigation

c/o Strategic Claims Services
600 N. Jackson St., Suite 205, P.O. Box 230, Media, PA 19063
Toll-Free: (866) 274-4004, Fax: (610) 565-7985
info@strategicclaims.net, https://www.strategicclaims.net/Funko/

Inquiries, other than requests for the Internet Notice and Claim Form or for information about the status of a claim, may also be made to Lead Counsel:

| BERNSTEIN LIEBHARD LLP | POMERANTZ LLP |
|---|---|
| Stephanie M. Beige, Esq. | Attn: Michael J. Wernke |
| 10 East 40th Street, 28th Floor, New York, NY 10016 | 600 Third Avenue, 20th Floor, New York, NY 10016 |
| 212-779-1414 | 212-661-1100 |
| funkoinfo@bernlieb.com | mjwernke@pomlaw.com |

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form *postmarked (if mailed) or submitted online at www.strategicclaims.net/Funko/ ("Case Website") no later than October 17, 2022 to the Claims Administrator at the address above.* Read the instructions carefully, fill out the Claim Form in accordance with the instructions set forth in the Claim Form, and sign it in the location indicated. The Case Website also includes instructions on downloading your transaction data directly from your brokerage so that you do not have to manually enter each transaction. If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion in accordance with the instructions set forth in the Internet Notice such that it is *received no later than October 17, 2022.* If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses or awards to Lead Plaintiffs must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the instructions in the Internet Notice, such that they are *received no later than October 17, 2022.*

SO ORDERED this 19th day of July, 2022.      The Honorable Virginia A. Phillips, United States District Judge

# EXHIBIT C

# Saxena White P.A. Announces Settlement of Class Action on Behalf of Purchasers of Covetrus, Inc. Common Stock

NEWS PROVIDED BY
**Saxena White P.A. →**
Aug 08, 2022, 10:00 ET

BOCA RATON, Fla., Aug. 8, 2022 /PRNewswire/ --

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CITY OF HOLLYWOOD POLICE OFFICERS' RETIREMENT SYSTEM and PEMBROKE PINES PENSION FUND FOR FIREFIGHTERS AND POLICE OFFICERS, Individually and On Behalf of All Others Similarly Situated, Plaintiffs, v. HENRY SCHEIN, INC.,COVETRUS, INC., STEVEN PALADINO, BENJAMIN SHAW, and CHRISTINE T. KOMOLA, Defendants | No. 2:19-cv-5530 (GRB)(RLM) CLASS ACTION |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO: All persons and entities who or which purchased or otherwise acquired Covetrus, Inc. ("Covetrus" or the "Company") common stock during the period from February 8, 2019, through August 12, 2019, inclusive, (the "Settlement Class Period") and were allegedly damaged thereby (the "Settlement Class")**

**PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of New York, that the above-captioned litigation (the "Action") has been certified as a class action for settlement purposes only on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full printed Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Court-Appointed Lead Plaintiffs, City of Hollywood Police Officers' Retirement System and Pembroke Pines Pension Fund for Firefighters and Police Officers, on behalf of themselves and the Court-certified Settlement Class in the above-captioned securities class action (the "Action"), have reached a proposed settlement for $35,000,000.00 (the "Settlement"), that, if approved by the Court, will resolve all claims in the Action.

A hearing will be held on October 25, 2022, at 2:00 p.m., before the Honorable Roanne L. Mann at the United States District Court for the Eastern District of New York, United States Courthouse, Courtroom 13C-S, 225 Cadman Plaza East, Brooklyn, NY 11201.  The hearing will determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Amended Stipulation and Agreement of Settlement dated June 17, 2022 (and in the Notice), should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Plaintiffs' application for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Net Settlement Fund**.  If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at Covetrus Securities Litigation, c/o A.B. Data, Ltd., P.O. Box 173059, Milwaukee, WI 53217, by telephone at (877) 354-3780, or by email at info@covetrussecuritieslitigation.com. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.CovetrusSecuritiesLitigation.com.

If you are a Settlement Class Member, in order to be potentially eligible to receive a payment under the proposed Settlement, you must submit a Claim Form online at the Settlement website or by mail. The Claim Form must be ***submitted online through the case website, www.CovetrusSecuritiesLitigation.com, or postmarked no later than December 3, 2022***.  If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is ***received no later than October 4, 2022***, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Plaintiffs' motion for attorneys' fees and reimbursement of Litigation Expenses, must be filed with the Court ***by October 4, 2022***, and served to representatives of Lead Counsel and Defendants' Counsel such that they are ***received no later than October 4, 2022***, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Covetrus, Benjamin Shaw, or Defendants' Counsel regarding this notice.  All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims**

Administrator or Lead Counsel.  Or you may visit www.CovetrusSecuritiesLitigation.com or call toll-free at (877) 354-3780.

Requests for the Notice or Claim Form should be made to:

Covetrus Securities Litigation

c/o A.B. Data, Ltd.

P.O. Box 173059

Milwaukee, WI 53217

(877) 354-3780

www.CovetrusSecuritiesLitigation.com

info@covetrussecuritieslitigation.com

Inquiries, other than requests for the Notice or Claim Form, may be made to the Claims Administrator or to Lead Counsel:

Covetrus Securities Litigation

c/o A.B. Data, Ltd.

P.O. Box 173059

Milwaukee, WI 53217

(877) 354-3780

www.CovetrusSecuritiesLitigation.com

info@covetrussecuritieslitigation.com

or

SAXENA WHITE P.A.

Lester R. Hooker, Esq.

7777 Glades Rd., Suite 300

Boca Raton, FL 33434

(561) 206-6708

lhooker@saxenawhite.com

Dated: July 15, 2022

By Order of the Court

United States District Court

Eastern District of New York

SOURCE Saxena White P.A.