**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CITY OF HOLLYWOOD POLICE OFFICERS' RETIREMENT SYSTEM and PEMBROKE PINES PENSION FUND FOR FIREFIGHTERS AND POLICE OFFICERS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>HENRY SCHEIN, INC., COVETRUS, INC., STEVEN PALADINO, BENJAMIN SHAW, and CHRISTINE T. KOMOLA,<br><br>Defendants. | No. 2:19-cv-5530 (GRB)(RLM)<br><br><br><br>CLASS ACTION |

**LEAD PLAINTIFFS' NOTICE OF NON-OPPOSITION AND REPLY IN FURTHER SUPPORT OF (I) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

Lead Plaintiffs respectfully submit this notice of non-opposition and reply in further support of their: (1) Motion for Final Approval of Class Action Settlement and Plan of Allocation; and (2) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses.[1]

## I.    THE UNANIMOUS POSITIVE REACTION OF THE SETTLEMENT CLASS SUPPORTS FINAL APPROVAL OF THE SETTLEMENT AND THE REQUESTED FEE AND EXPENSE AWARD

As set forth in Lead Plaintiffs' opening papers, the $35 million cash settlement in this Action represents an outstanding recovery for the Settlement Class that is supported by each of the factors that courts in the Second Circuit consider in the settlement approval process.  Since the filing of Lead Plaintiffs' opening motions—and after Lead Plaintiffs completed a robust, multi-pronged Notice program that fully complied with the Court's Preliminary Approval Order (*see* ECF No. 101-4; Suppl. Nordskog Decl.)—the October 4, 2022 deadline for objections and exclusions has now passed.  Lead Plaintiffs are pleased to report that ***not a single Settlement Class Member objected to any aspect of the Settlement, the Plan of Allocation, or the Fee Motion***, nor has any Settlement Class Member requested exclusion from the Settlement.

As this Court and numerous others in the Second Circuit have repeatedly held, this compelling endorsement from the Settlement Class constitutes "a strong indication of fairness" and supports approval of the Settlement and the requested fee award. *See e.g.*, *Toure v. Amerigroup Corp.*, 2012 WL 3240461, at *3 (E.D.N.Y Aug. 6, 2012) (Mann, J.) ("[t]he fact that the vast majority of class members neither objected nor opted out is a strong indication of fairness"); *In re Facebook, Inc. IPO Sec. & Deriv. Litig.*, 2015 WL 6971424, at *4 (S.D.N.Y. Nov. 9, 2015) ("[i]t

---

[1] Unless otherwise indicated, capitalized terms have the same meaning as in the Amended Stipulation and Agreement of Settlement (ECF No. 91-1); Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation and Memorandum of Law in Support (ECF Nos. 97 and 98, "Final Approval Motion"); Lead Plaintiffs' Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses and Memorandum of Law in Support (ECF Nos. 99 and 100, "Fee Motion"); and the Declaration of Lester R. Hooker in Support thereof (ECF No. 101, "Hooker Declaration").  The Supplemental Declaration of Eric Nordskog ("Suppl. Nordskog Decl.") is submitted herewith as Exhibit D.  All citations and internal quotations are omitted; and all emphasis is added.

is well settled that the reaction of the class to the settlement is perhaps the most significant factor to be weighed in considering its adequacy"); *In re J.P. Morgan Stable Value Fund ERISA Litig.*, 2019 WL 4734396, at *4 (S.D.N.Y. Sept. 23, 2019) (awarding a one-third fee in a $75 million settlement, as "the [c]lass's lack of objection should be taken to mean that the [c]lass consents to [c]lass [c]ounsel's request and finds it reasonable"); *Landmen Partners, Inc. v. Blackstone Grp.*, 2013 WL 11330936, at **2-3 (S.D.N.Y. Dec. 18, 2013) (approving settlement, plan of allocation and one-third fee (2.06 multiplier) of $85 million settlement, as "[t]here are no objections").

The Settlement Class's endorsement is particularly meaningful here because the vast majority of Covetrus shares—approximately 88%—were owned by sophisticated institutional investors who have the resources and financial motivation to object to or opt-out of the Settlement if warranted. *See e.g., In re Signet Jewelers Limited Sec. Litig.*, 2020 WL 4196468, at *6 (S.D.N.Y. July 21, 2020) ("the absence of objections" by institutional investors was "significant" and "further evidence of the fairness of the Settlement"); *Plymouth Cty. Ret. Sys. v. GTT Commc'ns, Inc.*, 2021 WL 1659848, at *5 (E.D. Va. Apr. 23, 2021) (same, and approving one-third fee of $25 million settlement). Moreover, Lead Plaintiffs are sophisticated institutional investors who actively supervised the Action, who "strongly endorse[] approval of the Settlement" and "believe[] that the request for an award of attorneys' fees in the amount of one-third of the Settlement Fund is fair and reasonable in light of the exceptional work that Plaintiffs' Counsel performed on behalf of the Settlement Class." *See* ECF Nos. 101-1 and 101-2 at ¶¶9-16; *City of Providence v. Aeropostale, Inc.*, 2014 WL 1883494, at *4 (S.D.N.Y. May 9, 2014) ("[a] settlement reached 'under the supervision and with the endorsement of a sophisticated institutional investor…is entitled to an even greater presumption of reasonableness'"). Accordingly, Lead Plaintiffs respectfully submit that the unanimous endorsement of the Settlement Class strongly supports final approval.

## II.   THE SETTLEMENT AND THE PLAN OF ALLOCATION ARE FAIR, REASONABLE AND ADEQUATE

In addition to the endorsement of the Settlement Class, Lead Plaintiffs' opening papers set forth the numerous reasons why the Settlement is fair, reasonable, and adequate.  Indeed, the Settlement is the result of extensive, arm's length negotiations overseen by a well-respected and experienced mediator, Jed D. Melnick, Esq., who "believe[s] this Settlement represents a recovery and outcome that is reasonable and fair for the Settlement Class and all parties involved."  ECF No. 101-3 at ¶11.   Moreover, each of the factors that courts in the Second Circuit consider in evaluating a class action settlement fully supports final approval.  *See* Final Approval Motion at 5-17 (applying the factors of Rule 23 and *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974)).

Furthermore, the Plan of Allocation, which is substantially similar to plans approved in securities class actions nationwide and was formulated in consultation with Lead Plaintiffs' damages expert, is similarly fair and reasonable. *See* Final Approval Motion at 17-18.

## III.   THE REQUESTED FEES AND EXPENSES ARE FAIR AND REASONABLE

Lead Plaintiffs' request for an attorneys' fee award of one-third of the Settlement Fund and reimbursement of Litigation Expenses in the amount of $159,480.05 is also eminently reasonable. Each of the factors applied by courts in the Second Circuit fully supports the requested award, including: (i) the extensive time and labor devoted by Lead Counsel; (ii) the magnitude and complexities of the Action; (iii) the considerable risks in proving liability and damages in this case; (iv) the contingent nature of the representation; (v) the quality of the representation against three highly-qualified defense firms; (vi) the size of the Settlement—representing approximately 15% of the Settlement Class's likely maximum recoverable damages, and ranking as the second largest securities class action recovery in this District since 2010 and among the top-ten such recoveries

3

ever in this District; (vii) Lead Plaintiffs' full endorsements; and (viii) the fact that ***not a single Settlement Class Member has objected to the fee request***.  *See* Fee Motion at 6-18 (applying the factors from *Goldberger v. Integrated Resources, Inc*., 209 F.3d 43 (2d Cir. 2000)).  Awards in other securities and complex class actions, both in this Circuit and nationwide, confirm that the requested fee award is fair and reasonable (*see* Fee Motion at 15-16 (collecting cases)), as does a lodestar cross-check, which at 2.0 is on the very low end of the range of multipliers typically awarded in class action settlements within the Second Circuit.  *See id*. at 16-17.

Moreover, the expenses set forth in Lead Counsel's declaration are typical for complex actions and are routinely approved by courts for reimbursement.  Importantly, the expenses here are significantly less than the $250,000 maximum as set forth in the Notice, and no objections have been lodged thereto.  *Id*. at 19-20.  Finally, Lead Plaintiffs Hollywood Police and Pembroke Pines F&P seek reimbursements of $10,200 and $3,284.25, respectively, pursuant to the PSLRA for their prosecution of the Action (*id*. at 20). These reimbursement awards are particularly appropriate given Plaintiffs' extensive participation and the lack of opposition to this request.

## IV.    CONCLUSION

For all of the foregoing reasons and those set forth in Plaintiffs' opening papers, Plaintiffs respectfully request that the Court grant final approval of the Settlement, the Plan of Allocation, and Lead Plaintiffs' Fee Motion.[2]  For the Court's convenience, the Parties' agreed-upon proposed Judgment Approving Class Action Settlement is attached hereto as Exhibit A; the proposed Order Approving Plan of Allocation is attached hereto as Exhibit B; and the proposed Order Awarding Attorneys' Fees and Reimbursing Litigation Expenses is attached hereto as Exhibit C.

---

[2] Pursuant to the Court's October 17, 2022 Order, Lead Plaintiffs will separately file copies of their retainer agreements with Saxena White P.A. *ex parte* by October 19, 2022.

Dated: October 18, 2022

Respectfully submitted,

/s/ Lester R. Hooker

**SAXENA WHITE P.A.**
Maya Saxena
Joseph E. White, III
Lester R. Hooker
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Tel: (561) 394-3399
Fax: (561) 394-3382
msaxena@saxenawhite.com
jwhite@saxenawhite.com
lhooker@saxenawhite.com

**SAXENA WHITE P.A.**
Steven B. Singer
Kyla Grant
Joshua H. Saltzman
10 Bank Street, Suite 882
White Plains, NY 10606
Tel: (914) 437-8551
Fax: (888) 216-2220
ssinger@saxenawhite.com
kgrant@saxenawhite.com
jsaltzman@saxenawhite.com

*Lead Counsel for Lead Plaintiffs and the Settlement Class*

**KLAUSNER KAUFMAN JENSEN & LEVINSON**
Robert D. Klausner
7800 Northwest 4th Street
Plantation, FL 33317
Tel: (954) 916-1202
Fax: (954) 916-1232
bob@robertdklausner.com

*Additional Counsel for Lead Plaintiffs*

5

## CERTIFICATE OF SERVICE

I, Lester R. Hooker, hereby certify that on October 18, 2022, I caused a true and correct copy of the foregoing to be served on all parties of record by filing through CM/ECF.

*/s/ Lester R. Hooker*
Lester R. Hooker