UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF HOLLYWOOD POLICE OFFICERS' RETIREMENT SYSTEM and PEMBROKE PINES PENSION FUND FOR FIREFIGHTERS AND POLICE OFFICERS, Individually and On Behalf of All Others Similarly Situated,<br><br>                      Plaintiffs,<br>    v.<br><br>HENRY SCHEIN, INC., COVETRUS, INC., STEVEN PALADINO, BENJAMIN SHAW, and CHRISTIME T. KOMOLA,<br><br>                      Defendants. | No. 2:19-cv-5530 (RLM)<br><br>CLASS ACTION |

**ORDER AND FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT**

WHEREAS, a class action is pending in this Court entitled *City of Hollywood Police Officers' Retirement System and Pembroke Pines Pension Fund for Firefighters and Police Officers v. Henry Schein, Inc., et al.*, Case No. 2:19-cv-5530 (GRB)(RLM) (the "Action");

WHEREAS, (a) Lead Plaintiffs City of Hollywood Police Officers' Retirement System and Pembroke Pines Pension Fund for Firefighters and Police Officers (collectively, "Lead Plaintiffs" or "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), and (b) defendants Covetrus, Inc. ("Covetrus") and Benjamin Shaw (the "Individual Defendant" and, together with Covetrus, "Defendants"; and together with Plaintiffs, the "Parties"), have entered into an Amended Stipulation and Agreement of Settlement dated June 17, 2022 (the "Stipulation" or the "Settlement Agreement"), that provides for a complete dismissal with prejudice of the claims

1

asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, by Order dated July 15, 2022 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement as being fair, reasonable, and adequate under Rule 23(e)(2); (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; and (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on October 25, 2022 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice against the Defendants, and the Releases specified and described in the Stipulation (and in the Notice) should be granted;

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor; and

WHEREAS, unless otherwise defined herein, all capitalized terms contained herein shall have the same meaning as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **<u>Jurisdiction</u>** – The Court has jurisdiction to enter this Order and Judgment. The Court has jurisdiction over the subject matter of the Action, and all matters relating to the

Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation and (b) the Notice and the Summary Notice, both of which were previously filed with the Court.

3. **Class Certification for Settlement Purposes** - The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities who or which purchased or otherwise acquired Covetrus common stock during the period from February 8, 2019 through August 12, 2019, inclusive, and who were allegedly damaged thereby. Excluded from the Settlement Class are: (1) Defendants and Dismissed Defendants; (2) the Officers or directors of Covetrus or Henry Schein at all relevant times; (3) members of the Immediate Family of each person noted above; (4) the legal representatives, heirs, agents, affiliates, successors or assigns of any such excluded party; (5) Defendants' and Dismissed Defendants' liability insurance carriers and any affiliates or subsidiaries thereof; (6) any entity in which Defendants and Dismissed Defendants or their Immediate Families have or had a controlling interest; and (7) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such, or members of the Immediate Family of any excluded person.

4. **Adequacy of Representation** - Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Lead Plaintiffs as Class Representatives for the

Settlement Class and appointing Lead Counsel as Class Counsel. Lead Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the effect of the proposed Settlement (including the Releases to be provided thereunder); (ii) Lead Plaintiffs' motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iii) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Plaintiffs' motion for attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to exclude themselves from the Settlement Class; and (v) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

6. **Compliance with CAFA** - Defendants have filed a Declaration Regarding Compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. Defendants timely mailed notice of the Stipulation pursuant to 28 U.S.C. § 1715(b) including notices to the Attorney General of the United States of America, and the Attorneys General of all states in which members of the Settlement Class reside. The notice contains the documents and information

required by 28 U.S.C. § 1715(b)(1)-(8).  The Court finds that Defendants have complied in all respects with the requirements of 28 U.S.C. § 1715.

7. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class.  Specifically, the Court finds that (a) Lead Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Settlement Class; and the proposed attorneys' fee award; and (d) the Settlement treats members of the Settlement Class equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

8. The Action and all of the claims asserted against Defendants and Dismissed Defendants in the Action by Lead Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided for in the Stipulation.

9. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Dismissed Defendants, Lead Plaintiffs and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim

Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

10. **Releases** – The Releases set forth in paragraphs 3-7 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiffs, the Settlement Class, and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Stipulation, of law, and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (including Unknown Claims) against the Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees, whether or not a Settlement Class Member executes and delivers the Proof of Claim Form or shares in the Net Settlement Fund. Any Proof of Claim Form that has been or will be executed by a Settlement Class Member shall be deemed to include a release that permanently bars and enjoins such Settlement Class Member from bringing any action asserting any of the Released Plaintiffs' Claims against any and all Defendant Releasees. This Release shall not apply to any of the Excluded Plaintiffs' Claims.

(b) Without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by

operation of the Stipulation, of law, and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (including Unknown Claims) against the Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. This Release shall not apply to any of the Excluded Defendants' Claims.

(c) Upon the Effective Date, Lead Plaintiffs, the Settlement Class, and each of the other Settlement Class Members are forever barred and enjoined from prosecuting any Released Plaintiffs' Claims against any of the Defendants' Releasees.

(d) Upon the Effective Date, to the extent allowed by law, the Stipulation shall operate conclusively as an estoppel and full defense in the event, and to the extent, of any claim, demand, action, or proceeding brought by a Settlement Class Member against any of the Defendants' Releasees with respect to any Released Plaintiffs' Claims, or brought by a Defendant against any of the Plaintiffs' Releasees with respect to any Released Defendants' Claim.

11. Notwithstanding paragraphs 10(a) through 10(d) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

12. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

13. **No Admissions** – Neither the Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation

that may be approved by the Court), this Judgment, the Supplemental Agreement, the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation or approval of the Settlement (including any arguments proffered in connection therewith):

    a.    shall be (i) offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to (aa) the truth of any fact alleged by Lead Plaintiffs; (bb) the validity of any claim that was or could have been asserted in this Action or in any other litigation; (cc) the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation; or (dd) any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees; or (ii) in any way referred to for any other reason against any of the Defendants' Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration) other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

    b.    shall be (i) offered against any of the Plaintiffs' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees (aa) that any of their claims are without merit, that any of the Defendants had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount; or (bb) with respect to any liability, negligence, fault or wrongdoing of any kind; or (ii) in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration) other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

8

  c. shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

  14. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Plaintiffs in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

  15. Separate orders shall be entered regarding approval of a Plan of Allocation and the motion of Lead Plaintiffs for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

  16. **Reasonable Extensions of Time** – Without further order of the Court, Lead Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

  17. **Modification of the Agreement of Settlement:** Without further approval from the Court, the Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that are approved of in writing and signed by or on behalf of all the Parties acting by and through their respective

counsel of record in the Action so long as they: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.

18.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of April 7, 2022, as provided in the Stipulation.

19.     **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this   25th   day of  October 25 , 2022.

/s/ Roanne L. Mann
The Honorable Roanne L. Mann
United States Magistrate Judge